## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERESA GONCALVES and DINA KETCHAM, on behalf of themselves and all others similarly situated<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>KRISTIN SHEELER DESIGNS, LLC, KRISTIN SHEELER, and JAMES "JIM" BRINNEN,<br><br>　　　　　　　　Defendants. | Case No.: 2:25-cv-04264<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs Teresa Goncalves (hereinafter "Goncalves") and Dina Ketcham (hereinafter "Ketcham") (Goncalves and Ketcham collectively hereinafter the "Plaintiffs"), by and through her attorneys, Consumer Attorneys PLLC, on behalf of themselves and all others similarly situated, upon personal knowledge as to themselves and upon information and belief as to other matters, respectfully brings this Complaint against Defendants Kristin Sheeler Designs, LLC (hereinafter the "Corporate Defendant"), Kristin Sheeler ("Sheeler"), and James "Jim" Brinnen ("Brinnen") (Sheeler and Brinnen collectively hereinafter the "Individual Defendants") (the Corporate Defendant and the Individual Defendants collectively hereinafter the "Defendants") and alleges as follows:

### INTRODUCTION

1. Plaintiffs bring this lawsuit seeking recovery against Defendants for their various willful violations of the Fair Labor Standards Act, as amended (hereinafter the "FLSA") 29 U.S.C. §201 *et seq.* and the New York Labor Law §§ 190 *et seq.* and §§ 650 *et seq.* (hereinafter the "NYLL").

2.      Upon information and belief, over the last six (6) years, Defendants carried out an unlawful payroll policy and practice by failing to pay Plaintiffs for all worked hours as required by law, including non-payment of overtime compensation, and failing to remit payroll taxes to the federal, state, and local taxing authorities despite deducting said taxes from Plaintiffs' and other employees' paychecks.

3.      Plaintiffs have therefore commenced this action to recover unpaid wages that they have been deprived of as well as the unlawful deductions taken from their pay, plus interest (pre-judgment and post-judgment), liquidated damages, attorneys' fees, and costs on behalf of themselves and all others similarly situated.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it involves federal questions regarding the deprivation of Plaintiffs' rights under the FLSA.

5.      The Court also has supplemental jurisdiction over Plaintiffs' related NYLL and/or common law claims arising under State and/or local laws pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, i.e., Plaintiffs performed the work for Defendants in the Hamptons and Montauk within Suffolk County, New York.

7.      At all times material hereto, Plaintiffs performed non-exempt duties for the benefit of Defendants in New York including within the State of New York.

8.      At all times relevant, Defendant engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s), and had revenues exceeding $500,000.00 per year over the last three (3) years.

9.      Plaintiffs fall within the protections of the FLSA and satisfies the individual coverage requirements because Plaintiffs engaged in interstate commerce by selling goods made in interstate commerce such as the clothing that Defendants sold at their stores.

## PARTIES

10.     Plaintiff Goncalves is an adult individual who resides in Suffolk County within the State of New York.

11.     Plaintiff Ketcham is an adult individual who resides in Suffolk County within the State of New York.

12.     Plaintiff Goncalves was employed by the Defendants in the State of New York during the period of May 2021 to April 2023.

13.     Plaintiff Ketcham was likewise employed by the Defendants in the State of New York during the period of September 2022 to December 31, 2024.

14.     The Corporate Defendant is a business entity organized under the laws of the State of New York.

15.     Sheeler is an adult individual residing within the State of New York, County of Suffolk, and is a principal of the Corporate Defendant.

16.     Brinnen is an adult individual residing within the State of New York, County of Suffolk, and is a principal of the Corporate Defendant.

17.     At all times relevant, Defendants employed Plaintiffs to perform work on behalf of Defendants within the State of New York.

## STATEMENT OF FACTS

18.     Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiffs for all hours worked for every workweek.

19.     Plaintiff Goncalves began working for Defendants in or around May 2021, as a Store Branch Manager and worked approximately sixty (60) to seventy (70) hours per week.

20.     Plaintiff Goncalves' first day in work was strange because she observed that the stockroom of Defendants looked like a sweatshop with seventeen (17) girls, more or less, in steaming dresses working inside Defendants' premises without any air-conditioning unit.

21.     During the winter season in 2022, Plaintiff Goncalves observed that there was no heater in Defendants' store and she had no choice but to simply wear extra layer of clothes to keep herself warm.

22.     Plaintiff Goncalves later learned that Defendants did not pay their bills, which is the reason no heater was operating during the winter season.

23.     In the summer of 2022, Defendants asked the Plaintiff Goncalves to buy a driftwood table for Defendants' fitting room with a promise to reimburse her.

24.     However, it took several months before Defendants actually reimbursed Plaintiff Goncalves despite the timely submission of the receipt to the Defendants.

25.     During the course of her employment, Plaintiff Goncalves was directed and controlled by the Defendants.

26.     According to an agreement between Plaintiff Goncalves and Defendants, Plaintiff Goncalves was to be paid in the amount of $23.00 per hour.

27.     During the relevant period, Plaintiff Goncalves worked approximately sixty (60) hours per week but she was not paid for all the hours worked she rendered for the benefit of the Defendants.

28.     On the other hand, Plaintiff Ketcham began working for Defendants in or around September 2022, as an Associate, and later on designated as the Acting Manager at the Westhampton Beach location,[1] and worked approximately fifty (50) hours per week.

29.     Plaintiff Ketcham was assigned by Defendants to their stores in Montauk and Bridgehampton, with an agreed upon initial wage rate of $20.00 per hour.

30.     During her interview, Plaintiff Ketcham was informed by Defendants that she would receive a commission, but she did not begin receiving it until Plaintiff Ketcham brought it to the Defendants' attention.

31.     In the course of her employment, Plaintiff Ketcham was using her vehicle on numerous occasions for the benefit of the Defendants, transporting merchandise to and from work during off hours without getting paid.

32.     Although Plaintiff Ketcham was performing duties for the benefit of the Defendants, she was not being properly compensated.

33.     Plaintiff Ketcham, observing that her overtime pay was not being accurately computed, took screen shots of her clock-ins.

34.     In the Summer of 2023, Plaintiff Ketcham complained to Defendants for not getting paid for several weeks.

---

[1] Defendants offered Plaintiff Ketcham a $3.00 per hour raise in fear that she would quit.

35.     Plaintiff Ketcham was not the only employee who complained; Cathy, Natalie, and a couple of seasonal employees similarly complained directly to Plaintiff Ketcham that they were similarly not getting paid.

36.     In 2024, Plaintiff Ketcham interviewed applicants for the Defendants, but despite such activities, Defendants did not pay Plaintiff Ketcham for her time spent interviewing applicants.

37.     Plaintiff Ketcham approached Sheeler to inquire about her being directed to perform additional duties without being paid and giving her additional compensation for the added duties.

38.     Sheeler proceeded to tell the Plaintiff Ketcham that she was responsible for the aforesaid duties the entire time, although Defendants did not pay her wages for those duties in any event.

39.     Like Plaintiff Goncalves, Plaintiff Ketcham was frequently required to perform work before the start of her shift and after the end of her shift without being paid; a few examples follow.

40.     On December 6, 2024, Plaintiff Ketcham picked up holiday decorations from Bridgehampton to bring to Montauk on her way, but she was not paid by Defendants for that time.

41.     On December 13, 2024, Plaintiff Ketcham picked up merchandise from Bridge Hampton to go to Montauk on her way to work, but similarly, Plaintiff Ketcham was not paid by Defendants for that time.

42.     At all times relevant, Defendants had actual or constructive knowledge and otherwise suffered or permitted Plaintiffs to perform compensable work duties.

43.    At all times relevant, Defendants had actual knowledge that they were obligated under the FLSA to track and record Plaintiffs' compensable hours accurately and with precision.

44.    Plaintiffs, by reason of the non-payment of her wages, were then forced to stop reporting for work with Defendants after having their complaints concerning the same fell on deaf ears.

45.    At all times during their employment with the Defendants, Plaintiffs were exemplary employees who never received any citation or negative feedback regarding their work performance.

46.    Upon information and belief, Defendant at all times during the relevant time period willfully failed to keep accurate payroll records as required by the FLSA.

47.    As a result of Defendants' violation and failure to pay proper wages, Plaintiffs suffered concrete harm resulting from Plaintiffs' lack of pay that they should have received for their hours worked in compliance with the FLSA.

48.    Furthermore, Defendants' willful failure to keep accurate records of Plaintiffs' hours worked prevented Plaintiffs from being able to calculate their total hours worked and determine if they were being paid in accordance with the FLSA.

49.    In retaliation for Plaintiff Ketcham's complaints concerning wages, Defendants reduced her hours of work, resulting in her constructive discharge.

50.    Further, when Plaintiff Ketcham applied for unemployment, Defendants lied to the State of New York concerning her actual compensation paid in order to reduce her unemployment benefits.

51.    As a result of these violations of labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount to be determined at trial.

52.     Plaintiffs also seek interest (pre-judgment and post-judgment), attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FLSA COLLECTIVE ACTION ALLEGATIONS

53.     Plaintiffs bring this FLSA claim as a collective action on behalf of themselves and others similarly situated who have been employed by Defendants during the full statute of limitations period (hereinafter the "FLSA Collective Members").

54.     At all relevant times, Plaintiffs and the FLSA Collective Members were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, and were subject to Defendants' practices of: (i) failing to compensate Plaintiffs and the FLSA Collective Members at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek; and (ii) failing to timely pay all wages owed.

55.     At all relevant times, Defendants have been fully aware of the duties performed by Plaintiffs and the FLSA Collective Members, and that those duties were not exempt from the provisions of the FLSA.

56.     Defendants' violations of the FLSA have been willful, repeated, knowing, intentional, and without a good faith basis, and have significantly damaged Plaintiffs and the FLSA Collective Members.

57.     As a result of their unlawful conduct, Defendants are liable to Plaintiffs and the FLSA Collective Members for the full amount of their unpaid wages and late wages, with interest (pre-judgment and post-judgment), plus an equal amount as liquidated damages, plus reasonable attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective Members.

58.     While the exact number of the FLSA Collective is unknown to Plaintiffs at this time, upon information and belief, there are approximately twenty (20) individuals of the FLSA Collective Members.

59.     Plaintiffs are currently unaware of the identities of the individual members of the FLSA Collective Members.

60.     Accordingly, the Court should require Defendants to provide Plaintiffs with a list of all individuals of the proposed FLSA Collective Members, along with their last known addresses, telephone numbers, and email addresses, so Plaintiffs may provide the members of the FLSA Collective Action notice of this action and an opportunity to make an informed decision about whether to participate in it.

<u>**CLASS ACTION ALLEGATIONS**</u>

61.     Plaintiffs bring this action, in part, as a class action under the NYLL as well as all applicable regulations thereunder.

**A.     Class Definition**

62.     Plaintiffs seek to maintain claims, pursuant to Rule 23, on behalf of themselves and a class of all other employees who have been employed by Defendants at any time during the full statute of limitations period (hereinafter the "Class").

63.     Additionally, Plaintiffs seek to maintain claims, pursuant to Rule 23, on behalf of themselves and a subclass of all individuals who have been employed by Defendants at any time during the full statute of limitations period (hereinafter the "Subclass").

64.     Plaintiffs allege, on behalf of themselves and the Class, that Defendants violated the NYLL by, *inter alia*: (i) failing to compensate Plaintiffs  and the Class for all hours worked at their established regular rates of pay in accordance with their agreed terms of employment; (ii)

failing to compensate Plaintiffs  and the Class at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek; (iii) failing to timely pay all wages owed; (iv) failing to provide Plaintiffs  and the Class with Notices of Pay Rate; and (v) failing to furnish accurate wage statements to Plaintiffs  and the Class.

65.     Plaintiffs further allege, on behalf of themselves and the Subclass, that Defendants violated the NYLL by, *inter alia*, failing to compensate them and the Subclass at the State minimum wage for all hours worked.

66.     Plaintiffs, the Class, and the Subclass have standing to seek such relief because of the adverse effects that Defendants' wage practices have had on them individually and as a group.

67.     The wage practices described herein are part of Defendants' normal course of conduct.

68.     Pursuant to Rule 23, Plaintiffs' NYLL claims may be pursued by all similarly situated persons who do not opt out of the Class or Subclass.

**B. Numerosity and Impracticability of Joinder**

69.     The members of the Class and Subclass are so numerous that joinder is impracticable.

70.     While the exact number of the members of the Class is unknown to Plaintiffs at this time, upon information and belief, there are approximately twenty (20) members of the Class.

71.     While the exact number of the members of the Subclass is unknown to Plaintiffs at this time, upon information and belief, there are approximately twenty (20) members of the Subclass.

72.     Therefore, the numerosity requirement of Rule 23(a) is satisfied.

**C. Common Questions of Law and Fact**

73.     Common questions of law and fact, the answers to which will meaningfully advance this litigation, exist as to the Class and Subclass and predominate over any questions only affecting the members of the Class or Subclass individually.

74.     Indeed, there are few, if any, purely individual issues in this action.

75.     The questions of law and fact that are common to Plaintiffs, the Class, and the Subclass include, without limitation:

(a) Whether Defendants failed to pay Plaintiffs and the Subclass at the State minimum wage rate;

(b) Whether Defendants failed to pay Plaintiffs and the Class for all hours worked at their regular rates of pay and in accordance with their agreed terms of employment;

(c) Whether Defendants failed to pay Plaintiffs and the Class all overtime wages owed to them;

(d) Whether Defendants failed to timely pay Plaintiffs and the Class their wages;

(e) Whether Defendants failed to provide Plaintiffs and the Class with Notices of Pay Rate;

(f) Whether Defendants failed to furnish accurate wage statements to Plaintiffs and the Class; and

(g) Whether Plaintiffs, the Class, and the Subclass are entitled to liquidated damages and injunctive relief.

76.     Therefore, the common question requirement of Rule 23(a) is satisfied.

**D. Typicality of Claims and Relief Sought**

77.     Plaintiffs' claims are typical of the claims of the members of the Class and Subclass they seek to represent.

78.     Plaintiffs, the Class, and the Subclass work or have worked for Defendants, and are or were subject to the same compensation policies and practices.

79.     The wage violations suffered by Plaintiffs, and the damages resulting therefrom, are typical of Defendants' treatment of their Employees, generally, and of the Class and Subclass, specifically.

80.     Therefore, the typicality requirement of Rule 23(a) is satisfied.

**E. Adequacy of Representation**

81.     Plaintiffs will fairly and adequately protect the interests of the Class and Subclass because Plaintiffs 's interests are coextensive and aligned with those of the members of the Class and Subclass.

82.     Plaintiffs have no interests adverse to the Class and Subclass they seek to represent.

83.     Plaintiffs are willing and able to represent the Class and Subclass fairly and vigorously, in part because they do not assert any individual claims separate and apart from the Class and Subclass she seeks to represent.

84.     Plaintiffs have retained competent counsel who is qualified and experienced in employment class action litigation and able to meet the demands necessary to litigate a class action of this size and complexity.

85.     The combined interests, experience, and resources of Plaintiffs and their counsel to competently litigate the individual and Class claims at issue in the instant action satisfy the adequacy of representation requirement of Rule 23(a).

**F. Requirements of Rule 23(b)(1)**

86.    Without certification of the Class and Subclass, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

87.    Accordingly, certification of the Class and Subclass is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiffs, the Class, the Subclass, and Defendants.

88.    By filing this Complaint, Plaintiffs preserve the rights of the members of the Class and Subclass with respect to the statute of limitations on their claims.

89.    Therefore, failing to certify the Class and Subclass would substantially impair and/or impede the ability of the members of the Class and Subclass to protect their interests.

**G. Requirements of Rule 23(b)(2)**

90.    Defendants acted on grounds, as described herein, generally applicable to Plaintiffs, the Class, and the Subclass by denying Plaintiffs  and the Subclass minimum wages, and denying Plaintiffs and the Class overtime wages, failing to pay them for all hours worked at their established rates of pay in accordance with their agreed terms of employment, failing to pay wages on time, and failing to provide Notices of Pay Rate and furnish accurate wage statements.

91.    These acts are not sporadic or isolated and support the request for final injunctive and declaratory relief with respect to Plaintiffs, the Class, and the Subclass as a whole.

92.    Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the entitlement to, and denial of, minimum and overtime wages, wages paid at their regular rates of pay, timely payment of wages, Notices of Pay Rate and accurate wage statements.

93.     Declaratory and injunctive relief are the factual and legal predicates for Plaintiffs' and the Class's and Subclass's entitlement to monetary and non-monetary remedies for such wage violations.

94.     Accordingly, injunctive and declaratory relief are among the predominant forms of relief sought in this case.

**H. Requirements of Rule 23(b)(3)**

95.     The common issues of fact and law affecting Plaintiffs' claims and those of the Class and Subclass — including, without limitation, the common issues identified in the paragraphs above — predominate over issues affecting only individual claims.

96.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and those of the Class and Subclass.

97.     The cost of proving Defendants' pattern and practice of denying minimum, overtime, and other wages makes it impractical for the members of the Class and Subclass to pursue their claims individually.

98.     This class action will not be difficult to manage for reasons including, without limitation, the discrete organizational nature of all members of the Class and Subclass (they must have worked for Defendants as Employees during the statutory period), as well as the common questions of law and fact described herein.

<u>**CAUSES OF ACTION**</u>

**COUNT I**
**VIOLATION OF THE FLSA: UNPAID WAGES AND OVERTIME PAY**
**(*on behalf of the Plaintiffs and the Collective Action Members*)**

99.     Plaintiffs re-allege, and incorporate here by reference, all allegations contained in the paragraphs above.

100.    Defendants knowingly and willfully failed to pay Plaintiffs and the Collective Action Members their wages and overtime compensation for the actual hours that they worked.

101.    Similarly, Defendants are liable to the Plaintiffs and the Collective Action Members for associated damages pursuant to 29 U.S.C. § 206(a)(1) and under the NYLL.

102.    By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiffs have suffered damages and have incurred costs as well as reasonable attorneys' fees.

103.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

104.    Because Defendants' violations of the FLSA and NYLL were not the product of objective good faith or otherwise objectively excusable, Plaintiffs are entitled to liquidated damages.

105.    As a result of Defendants' unlawful acts, Plaintiffs have been deprived of her wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and interest (pre-judgment and post-judgment).

## COUNT TWO
### VIOLATION OF THE NYLL: FAILURE TO PAY OVERTIME
#### (*on behalf of the Plaintiffs and the Class*)

106.    Plaintiffs re-allege, and incorporate here by reference, all allegations contained in the paragraphs above.

107.    Plaintiffs, on behalf of themselves and the Class, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

108.    During the full statutory period, Plaintiffs and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 1, et seq., as well as all applicable regulations thereunder.

109.    The NYLL requires covered employers, including Defendants, to compensate employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek and at a rate not less than one and one-half times the applicable State minimum wage for all hours worked in excess of 40 hours in a workweek.

110.    Plaintiffs and the Class were not exempt from the requirement that Defendants pay them overtime under the NYLL, and they are entitled to be paid overtime by Defendants for all hours worked in excess of forty (40) hours in a workweek during the full statute of limitations period.

111.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Plaintiffs and the Class at a rate not less than one and one-half times their regular rate of pay for time spent performing off-the-clock work in excess of 40 hours in a workweek.

112.    As a result of Defendants' failure to compensate Plaintiffs and the Class at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, Defendants have violated the NYLL and/or applicable regulations thereunder.

113.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs and the Class in accordance with the NYLL.

114.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**COUNT THREE**
**VIOLATION OF THE NYLL: FAILURE TO PAY ALL WAGES & WAGE SUPPLEMENTS OWED**
(*on behalf of the Plaintiffs and the Class*)

115.     Plaintiffs, on behalf of themselves and the Class, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

116.     During the full statutory period, Plaintiffs and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 1, *et seq*., as well as all applicable regulations thereunder.

117.     The NYLL requires covered employers, including Defendants, to compensate Plaintiffs and the Class at their established regular rates of pay for all hours worked in a workweek and to pay wage supplements such as holiday pay set forth in Defendants' employment policies.

118.     Plaintiffs and the Class were not exempt from the requirement and are entitled to be paid by Defendants at their established regular rates of pay for all hours worked in a workweek plus any wage supplements as set forth in Defendants' policies, during the full statute of limitations period.

119.     Throughout the full statute of limitations period, Defendants have engaged in a common policy and practice of failing to pay Plaintiffs and the Class at their established regular rates of pay for all hours worked.

120.     As a result of Defendants' failure to compensate Plaintiffs and the Class at their established regular rates of pay (or one and one-half times their established regular rates) for all hours worked, Defendants have violated the NYLL and/or applicable regulations thereunder.

121.     Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs and the Class in accordance with the NYLL.

122.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages and wage supplements, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

## COUNT FOUR
## VIOLATIONS OF THE NYLL: NOTICES OF PAY RATE
### (*on behalf of the Plaintiffs and the Class*)

123.    Plaintiffs, on behalf of themselves and the Class, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

124.    During the full statutory period, Plaintiffs and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq*., as well as all applicable regulations thereunder.

125.    The NYLL requires covered employers, including Defendants, to provide employees, "at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances . . . ; the regular pay day designated by the employer [ ]; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary," which is commonly referred to as a Notice of Pay Rate.

126.    Plaintiffs and the Class were not exempt from the requirement that Defendants provide them with Notices of Pay Rate.

127.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to provide Notices of Pay Rate to Plaintiffs and the Class.

128.    As a result of Defendants' failure to provide Notices of Pay Rate to Plaintiffs and the Class, Defendants have violated, *inter alia*, NYLL § 195.

129.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to provide proper notices to Plaintiffs and the Class in accordance with the NYLL.

130.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, $50.00 for each workday the violation occurred, not to exceed $5,000.00, plus attorneys' fees and costs.

## COUNT FIVE
## VIOLATIONS OF THE NYLL: INACCURATE WAGE STATEMENTS
### (*on Behalf of Plaintiffs and the Class*)

131.    Plaintiffs, on behalf of themselves and the Class, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

132.    During the full statutory period, Plaintiffs and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq*., as well as all applicable regulations thereunder.

133.    The NYLL requires covered employers, including Defendants, to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day,

week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage . . . ; and net wages."

134.    Plaintiffs and the Class were not exempt from the requirement that Defendants provide them with accurate wage statements.

135.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to furnish accurate wage statements to Plaintiffs and the Class.

136.    As a result of Defendants' failure to furnish accurate wage statements to Plaintiffs and the Class, Defendants have violated, *inter alia*, NYLL § 195.

137.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to furnish proper wage statements to Plaintiffs and the Class in accordance with the NYLL.

138.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, $250.00 for each workday the violation occurred, not to exceed $5,000.00, plus attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective Members, the Class, and the Subclass, respectfully request that the Court:

A.  Declare that the practices complained of herein are unlawful under applicable federal and State laws;

B.  Grant an injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.   Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiffs with a list of all members of the FLSA Collective Members, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

D.   Designate Plaintiffs as the representatives of the FLSA Collective Members, and their counsel of record as class counsel;

E.   Determine the damages sustained by Plaintiffs and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiffs and the FLSA Collective Members, plus such pre-judgment and post-judgment interest as may be allowed by law;

F.   Declare this action to be maintainable as a class action pursuant to Rule 23, and direct Defendants to provide Plaintiffs with a list of all members of the Class and Subclass, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

G.   Designate Plaintiffs as the representatives of the Class, and their counsel of record as class counsel;

H.   Designate Plaintiffs as the representatives of the Subclass, and their counsel of record as class counsel;

I.   Determine the damages sustained by Plaintiffs, the Class, and the Subclass as a result of Defendants' violations of the NYLL, and award those damages against Defendants and in

favor of Plaintiffs, the Class, and the Subclass, plus such pre-judgment and post-judgment interest as may be allowed by law;

J.   Award Plaintiffs, the FLSA Collective, the Class, and the Subclass an additional equal amount as liquidated damages because Defendants' violations were without a good faith basis;

K.   Award Plaintiffs, the FLSA Collective, the Class, and the Subclass their reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees; and

L.   Grant Plaintiffs, the FLSA Collective, the Class, and the Subclass such other and further relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York
      July 31, 2025

**CONSUMER ATTORNEYS, PLLC**

By:/s/ *Emanuel Kataev*
Emanuel Kataev, Esq.
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiffs*
*Teresa Goncalves,*
*Dina Ketcham, and*
*all others similarly situated*

22