Bowles & Johnson

November 19, 2025

**VIA ECF**

Hon. Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   Goncalves, et al. v. Kristin Sheeler Designs, LLC, et al.
   Docket No. 2:25-cv-04264 (GRB/ST)

Dear Judge Brown:

We represent defendants Kristin Sheeler Designs LLC ("KSD"), Kristin Sheeler ("Sheeler"), and James "Jim" Brinnen ("Brinnen," and collectively, "Defendants"). This letter is submitted pursuant to the Court's Individual Practice Rules to request a pre-motion conference seeking leave to file a motion to dismiss all claims against Sheeler and Brinnen pursuant to Fed. Rule Civ. P. 12(b)(6), and all claims brought by Plaintiff Teresa Goncalves ("Goncalves"), or brought by or on behalf of any member of the "Class" whose employment by KSD terminated on or prior to July 30, 2023, under Fed. Rule Civ. P. 12(b)(1) and (6). This letter summarizes the bases for such a motion.

The Complaint seeks to assert collective action and class action claims against Defendants under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Specifically, plaintiffs Goncalves and Dina Ketcham ("Ketcham")[1] allege on behalf of themselves and "others similarly situated" that Defendants failed to pay them and certain "Collective Action Members" their wages and overtime compensation, and seek damages pursuant to 29 U.S.C. §206(a)(1). Goncalves and Ketcham also allege, on behalf of themselves and the members of the "Class," certain additional violations of the NYLL: (i) failure to pay overtime, (ii) failure to pay all wages and wage supplements owed, (iii) failing to provide Notices of Pay Rate, and (iv) failing to furnish accurate wage statements.

The Complaint is faulty, and Defendants seek dismissal, on the following bases:

   1.   The Court does not have subject matter jurisdiction over the claims of any plaintiff or proposed member of the Class whose purported claim under FLSA is beyond the two-year statute of limitations for FLSA claims. Plaintiffs allege one claim under FLSA, upon which Plaintiffs base the Court's subject matter jurisdiction. The remaining NYLL claims are brought

---

[1] Goncalves, Ketcham, the Collective Action Members and the Class are collectively referred to herein as "Plaintiffs."

David K. Bowles

T: 212-390-8842
F: 866-844-8305
David@BoJo.law

14 Wall Street, 20th Floor
New York, NY 10005
www.BoJo.law

before the Court based on supplemental jurisdiction. Complaint ¶¶4-5. But here, the FLSA claim is subject to a two-year statute of limitations and the NYLL claims are subject to a six-year statute of limitations.  Any plaintiff or purported member of the Class whose FLSA claim arises more than two years prior to July 31, 2025, the date upon which the Complaint was filed, has no federal claim before the Court upon which to base supplemental jurisdiction over that party's NYLL claims.

The statute of limitations for a claim under FLSA is two years, unless arising out of a willful violation, in which case the statute of limitations is three years.  29 U.S.C. §225. Although Plaintiffs attempt to circumvent the two-year statute of limitations by repeatedly stating that Defendants acted willfully, "FLSA plaintiffs must plausibly allege willfulness to secure the benefit of the three-year exception at the pleadings stage." Whiteside v. Hover-Davis, Inc., 995 F.3d 315, 321 (2d Cir. 2021). In the context of a willful violation, "[w]here a plaintiff pleads facts that are 'merely consistent with' a defendant's liability, [her complaint] 'stops short of the line between possibility and plausibility,' " and she fails to demonstrate an entitlement to relief. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955)." Whiteside, 995 F.3d at 223-24.  Here, Plaintiffs fail to properly plead willfulness, and as a result their FLSA claim is subject to the two-year statute of limitations.

Plaintiff Goncalves ceased to be employed by KSD in April 2023, more than two years before the Complaint was filed. Thus, Goncalves' FLSA claim is stale and must be dismissed under Rule 12(b)(6), and in the absence of a federal question, Goncalves' remaining NYLL claims must be dismissed under Rule 12(b)(1) for want of subject matter jurisdiction.[2]

Likewise, this Court lacks subject matter jurisdiction to hear the NYLL claims attributable to any purported member of the Class, defined by Plaintiffs by reference to the 6-year NYLL statute of limitations, who has a time barred FLSA claim. Thus, with respect to any Class member who ceased to be an employee on or before July 30, 2023, the FLSA claim must be dismissed under Rule 12(b)(6), and the remaining claims under NYLL must be dismissed under Rule 12(b)(1).

   2.  Rule 23 claims require class members to opt out, while FLSA claims require participants to opt in. Thus, a Rule 23 Class member who fails to opt in to the FLSA claim must be dismissed from the proceeding for lack of subject matter jurisdiction.

   3.  All of the claims against Sheeler and Brinnen must be dismissed because Plaintiffs fail to allege claims against Sheeler or Brinnen. While it is possible for an individual within a company

---

[2] A District Court's discretion to exercise supplemental jurisdiction over state law claims following dismissal of the claim over which the Court had original jurisdiction requires that there was a proper basis for original jurisdiction. Nowak v. Ironworkers Loc. 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996).

to be held personally liable under FLSA as an "employer," such a person must have acted "directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203. In the Second Circuit the determination of whether an individual is an employer for purposes of FLSA looks to the "economic reality rather than technical concepts." Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 141 (2d Cir. 2008). There are different sets of factors relevant to the economic reality inquiry. "In its narrowest form, this analysis evaluates whether an alleged employer exercised formal control, and at its broadest it evaluates functional control." Hsieh Liang Yeh v. Han Dynasty, Inc., No. 18 CIV. 6018 (PAE), 2019 WL 633355, at *5 (S.D.N.Y. Feb. 14, 2019). In the case of formal control, the courts consider (1) the power to hire and fire, (2) supervision and control of employee work schedules or conditions of employment, (3) determination of rate and method of payment, and (4) maintenance of employment records. Id. at *6. Here, Plaintiffs describe Brinnen as "a principal of" KSD, and then never mention him on an individual basis again. This is insufficient to support a claim against Brinnen as an "employer" under FLSA. Likewise, Plaintiffs describe Sheeler as a "principal of" KSD, and thereafter mention her twice, in Paragraphs 37-38, in which Sheeler confirmed that Ketcham was responsible for interviewing applicants. This too is insufficient to support a claim against Sheeler as an "employer" under FLSA.

 4. Plaintiffs' class action claims (2-5) must be dismissed for failure to meet the Rule 23 requirement of numerosity. Rule 23(a)(1) requires a showing that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[N]umerosity is presumed at a level of 40 members." Consol. Rail Corp. v Town of Hyde Park, 47 F3d 473, 483 [2d Cir 1995]. Here, Plaintiffs allege that the Class is made up of individuals employed by KSD during the NYLL statute of limitations period, and believe the Class to be comprised of approximately twenty (20) members. Complaint, ¶¶62, 70. This is insufficient to meet the level of 40 members. Consol. Rail Corp., 47 F3d at 483. Moreover, for the reasons discussed in Paragraph 1, the Class must necessarily be limited to those members who were employed during the shorter two-year FLSA statute of limitations.

 5. Plaintiffs' class action claims (2-5) must be dismissed for failure to meet the Rule 23 requirement of that the representative plaintiffs will fairly and adequately protect the interests of the class. Gonclaves is not an appropriate representative plaintiff because, as discussed above in Paragraph 2, this Court does not have subject matter jurisdiction over her NYLL claims. As an additional matter, neither Goncalves nor Ketchum are appropriate representative plaintiffs because both acted as managers for KSD and as such, may fall within the definition of "employer" under FLSA. Specifically, Plaintiffs allege that Ketcham interviewed employees and served as the Acting Manager at the Westhampton Beach location, while Goncalves worked as a Store Branch Manager. Complaint, ¶¶19, 28, 36. While it is not clear how much formal control either might have had over the employees, these allegations raise concerns that Goncalves and Ketcham may qualify as employers within the meaning of FLSA and be subject to personal liability under FLSA. This potential conflict makes clear that Ketcham and Goncalves are not appropriate Class representatives.

David K. Bowles
Bowles & Johnson
Page 3 of 4

      For the foregoing reasons, it is respectfully submitted that Defendants should be permitted to proceed with a motion to dismiss.

                                      Yours very truly,

                                      David K. Bowles