**BoJo**  Bowles&Johnson

March 26, 2026

**VIA ECF**

Hon. Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:   **Goncalves, et al. v. Kristin Sheeler Designs, LLC, et al.**
      **Docket No. 2:25-cv-04264 (GRB/ST)**

Dear Judge Brown:

We represent defendants Kristin Sheeler Designs LLC ("KSD"), Kristin Sheeler ("Sheeler"), and James "Jim" Brinnen ("Brinnen," and collectively, "Defendants"). Defendants respectfully submit this pre-motion letter seeking leave to move to dismiss the above-captioned matter.

Defendants previously filed a pre-motion letter, which the Court denied without prejudice to renew following mandatory mediation. ECF No. 16 and related order. The parties subsequently engaged in mediation, which was unfortunately unsuccessful, as the mediator reported to the Court on March 19, 2026. Defendants therefore submit this pre-motion letter seeking a pre-motion conference.  Defendants seek leave to file a motion to dismiss the Complaint in its entirety, and alternatively, to dismiss all claims against Sheeler and Brinnen pursuant to Fed. Rule Civ. P. 12(b)(6), and all claims brought by Plaintiff Teresa Goncalves ("Goncalves"), or brought by or on behalf of any member of the "Collective" whose employment by KSD terminated March 26, 2024, or such other later date as may apply to each specific potential party pursuant to 29 U.S.C. §255 and §256, under Fed. Rule Civ. P. 12(b)(1) and (6). This letter summarizes the bases for such a motion.

The complaint asserts collective and class action claims against Defendants under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). ECF No. 1 (the "Complaint").[1] Specifically, plaintiffs Goncalves and Dina Ketcham ("Ketcham")[2] allege on behalf of themselves and "others similarly situated" that Defendants failed to pay them and certain "Collective Action Members" their wages and overtime compensation, and seek damages pursuant to 29 U.S.C. §206(a)(1). Plaintiffs also allege, on behalf of themselves and the members of the "Class," certain additional violations of the NYLL: (i) failure to pay overtime, (ii) failure to pay all wages and wage supplements owed, (iii) failing to provide Notices of Pay Rate, and

---

[1] Pursuant to the Civil Minute Entry entered in this matter on December 5, 2025, the March 5, 2026 deadline to join new parties or amend pleadings has passed. ECF No. 17.

[2] Goncalves and Ketcham are collectively referred to herein as "Plaintiffs."

David K. **Bowles**

T: 212-990-8842
F: 866-844-8305
David@BoJo.law

14 Wall Street, 20th Floor
New York, NY 10005
www.BoJo.law

(iv) failing to furnish accurate wage statements. The Complaint is faulty, and Defendants seek dismissal, on the following bases:

1.   The entirety of the Complaint must be dismissed because the Court does not have a federal question before it, as the Complaint fails to allege a plausible claim for FLSA unpaid wages and overtime. Plaintiffs allege one claim under FLSA, upon which Plaintiffs base the Court's subject matter jurisdiction. The remaining NYLL claims are brought before the Court based on supplemental jurisdiction. Complaint ¶¶4-5. However, the FLSA claim fails. Plaintiffs' claim for unpaid wages under FLSA relates to the federal minimum wage provision. Complaint, ¶101. Under 29 U.S.C. §206(a)(1) an employer must pay his employee $7.25 per hour. Plaintiffs fail to allege that Defendants paid Plaintiffs less than $7.25 per hour. To support a claim for failure to pay overtime, a plaintiff must allege forty hours of work *in a given workweek* as well as uncompensated time in excess of forty hours. Lundy v Catholic Health Sys. of Long Is. Inc., 711 F3d 106, 114 [2d Cir 2013]. Plaintiffs fail to make any allegations relating to any given workweek. Complaint, generally. As such, the FLSA claim must be dismissed under Rule 12(b)(6). Without the FLSA claim, no federal subject matter exists for this action and the Complaint must be dismissed in its entirety.

2.   Further, certain claims under the FLSA are barred by the two-year statute of limitations. The Court does not have subject matter jurisdiction over these claims.

The statute of limitations for a claim under FLSA is two years, unless arising out of a willful violation, in which case the statute of limitations is three years. 29 U.S.C. §255. "FLSA plaintiffs must plausibly allege willfulness to secure the benefit of the three-year exception at the pleadings stage." Whiteside v. Hover-Davis, Inc., 995 F.3d 315, 321 (2d Cir. 2021). In the context of a willful violation, "[w]here a plaintiff pleads facts that are 'merely consistent with' a defendant's liability, [her complaint] 'stops short of the line between possibility and plausibility,' " and she fails to demonstrate an entitlement to relief. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955)." Whiteside, 995 F.3d at 223-24. Here, Plaintiffs fail to plausibly plead willfulness, and as a result their FLSA claim is subject to the two-year statute of limitations.

Further, the FLSA statute of limitations runs for each plaintiff until she affirmatively opts in to the lawsuit. Jie Zhang v Wen Mei, Inc., 14-CV-1647 (JS)(SIL), 2017 WL 8813132, at *12 [EDNY Dec. 28, 2017], report and recommendation adopted, 14-CV-1647(JS)(SIL), 2018 WL 878988 [EDNY Feb. 14, 2018]. A collective action under FLSA is considered to be commenced as to an individual claimant on the date the complaint is filed, but only if the claimant is individually named *and* her written consent to become a party plaintiff is also filed on such date. 29 U.S.C. §256. If the claimant is not individually named, or the written consent was not timely filed, the action is considered commenced on the subsequent date on which each individual claimant actually files her written consent. 29 U.S.C. §256. Here no individual claimant has filed a written consent. Thus, assuming Plaintiffs were to file their written consents today, the applicable statute of limitations would exclude claims and damages arising prior to March 26, 2024. Id. Likewise, the potential collective will necessarily be comprised of only those

David K. Bowles
Bowles & Johnson
Page 2 of 4

individuals whose FLSA claims arises no more than 2 years before their opt-in date. Id. Any plaintiff or purported member of the Class whose FLSA claim arises more than two years prior to their FLSA opt-in date is barred, and such individual has no federal claim before the Court upon which to base supplemental jurisdiction over that party's NYLL claims.

Plaintiff Goncalves alleges that she ceased to be employed by KSD in April 2023. Complaint, ¶12. This is more than two years before Goncalves' opt-in date, whenever that may be. Goncalves' FLSA claim is stale and must be dismissed under Rule 12(b)(6), and in the absence of a federal question, Goncalves' remaining NYLL claims must be dismissed under Rule 12(b)(1) for want of subject matter jurisdiction.[3] Likewise, this Court lacks subject matter jurisdiction to hear the NYLL claims attributable to any purported member of the Class who has a time barred FLSA claim. As to such individuals, their FLSA claim is barred and must be dismissed under Rule 12(b)(6), and their remaining claims under NYLL must be dismissed under Rule 12(b)(1).

3.   This action is improperly styled as an FLSA collective action, as the named plaintiffs and the opt-in plaintiffs are not similarly situated. The Complaint seeks to bring a collective action on behalf of "others similarly situated who have been employed by Defendants during the full statute of limitations period." Complaint, ¶53. The named plaintiffs, Goncalves and Ketcham, both worked for KSD as managers, and are not similarly situated with non-managerial staff. Complaint, ¶¶19, 28.

4.   Rule 23 claims require class members to opt out, while FLSA claims require participants to opt in. Therefore, a Class member who fails to opt in to the FLSA claim must be dismissed from the proceeding for lack of subject matter jurisdiction.

5.   All of the claims against Sheeler and Brinnen must be dismissed because Plaintiffs fail to allege claims against Sheeler or Brinnen. While it is possible for an individual within a company to be held personally liable under FLSA as an "employer," such a person must have acted "directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §203. In the Second Circuit the determination of whether an individual is an employer for purposes of FLSA looks to the "economic reality rather than technical concepts." Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 141 (2d Cir. 2008). There are different sets of factors relevant to the economic reality inquiry. "In its narrowest form, this analysis evaluates whether an alleged employer exercised formal control, and at its broadest it evaluates functional control." Hsieh Liang Yeh v. Han Dynasty, Inc., No. 18 CIV. 6018 (PAE), 2019 WL 633355, at *5 (S.D.N.Y. Feb. 14, 2019). In the case of formal control, the courts consider (1) the power to hire and fire, (2) supervision and control of employee work schedules or conditions of employment, (3) determination of rate and method of payment, and (4) maintenance of employment records.

---

[3] A District Court's discretion to exercise supplemental jurisdiction over state law claims following dismissal of the claim over which the Court had original jurisdiction requires that there was a proper basis for original jurisdiction. Nowak v. Ironworkers Loc. 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996).

David K. Bowles
Bowles & Johnson
Page 3 of 4

Id. at *6. Here, Plaintiffs describe Brinnen as "a principal of" KSD, and then never mention him on an individual basis again. This is insufficient to support a claim against Brinnen as an "employer" under FLSA. Likewise, Plaintiffs describe Sheeler as a "principal of" KSD, and thereafter mention her twice, in Paragraphs 37-38, in which Sheeler confirmed that Ketcham was responsible for interviewing applicants. This insufficient to support a claim against Sheeler as an "employer" under FLSA.

6.    Plaintiffs' class action claims (2-5) must be dismissed for failure to meet the Rule 23 requirement of numerosity. Rule 23(a)(1) requires a showing that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[N]umerosity is presumed at a level of 40 members." Consol. Rail Corp. v Town of Hyde Park, 47 F3d 473, 483 [2d Cir 1995]. Here, Plaintiffs allege that the Class is made up of individuals employed by KSD during the NYLL statute of limitations period, and believe the Class to be comprised of approximately twenty (20) members. Complaint, ¶¶62, 70. This is insufficient to meet the level of 40 members. Consol. Rail Corp., 47 F3d at 483. Moreover, for the reasons discussed in Paragraph 1, the Class must necessarily be limited to those members with FLSA claims.

7.    Plaintiffs' class action claims (2-5) must be dismissed for failure to meet the Rule 23 requirement that the representative plaintiffs will fairly and adequately protect the interests of the class. Goncalves is not an appropriate representative plaintiff because, as discussed above in Paragraph 2, this Court does not have subject matter jurisdiction over her NYLL claims. Goncalves is also not an appropriate representative plaintiff because her pursuit of this action is in retribution for a prior lawsuit brought against her by KSD in Suffolk County, New York, in 2024, in the matter of Kristin Sheeler Designs LLC dba NIBI-MTK/NIBI v. Teresa Sullivan, Index No. 602096/2024. As an additional matter, neither Goncalves nor Ketchum are appropriate representative plaintiffs because both acted as managers for KSD and as such, may fall within the definition of "employer" under FLSA. Specifically, Plaintiffs allege that Ketcham interviewed employees and served as the Acting Manager at the Westhampton Beach location, while Goncalves worked as a Store Branch Manager. Complaint, ¶¶19, 28, 36. These allegations raise concerns that Plaintiffs may qualify as employers within the meaning of FLSA and be subject to personal liability under FLSA. This potential conflict makes clear that Plaintiffs are not appropriate Class representatives.

For the foregoing reasons, it is respectfully submitted that Defendants should be permitted to proceed with a motion to dismiss.

Yours very truly,

David K. Bowles

David K. Bowles
Bowles & Johnson
Page 4 of 4