# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

April 16, 2026

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Gary R. Brown, U.S.D.J.
100 Federal Plaza
Courtroom 940
Central Islip, NY 11722-4438

> Re:   **Goncalves, *et ano*. v. Kristin Sheeler Designs, LLC, *et al.***
>       <u>**Case No.: 2:25-cv-4264 (GRB) (ST)**</u>

Dear Judge Brown:

This firm represents Plaintiffs Teresa Goncalves ("Goncalves") and Dina Ketcham ("Ketcham") (Goncalves and Ketcham collectively hereinafter the "Plaintiffs") in the above-referenced case.  Plaintiffs respectfully submits this letter response in opposition to Defendants' letter motion for a pre-motion conference in anticipation of their motion to dismiss for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction pursuant to Rule 12 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") consistent with this Court's Order dated March 31, 2026 and Rule II(g)[1] of this Court's Individual Practice Rules ("Individual Rules").  For the reasons set forth below, Defendants' anticipated motion is destined for doom.

Defendants first argue that Plaintiffs' claim under the Fair Labor Standards Act ("FLSA") fails as a matter of law because the complaint fails to allege Defendants paid Plaintiffs less than $7.25 per hour.  <u>See</u> ECF Docket Entry <u>21</u> at 2 ¶ 1.  Defendants' argument is meritless.  As an initial matter, the complaint pleads violations of both minimum wage *and overtime* violations.  <u>See</u> ECF Docket Entry <u>1</u> ¶¶ 99-105 ("Defendants knowingly and willfully failed to pay Plaintiffs and the Collective Action Members their wages *and overtime compensation* for the actual hours that they worked") (emphasis added).  The complaint pleads that Plaintiffs performed off-the-clock work for which they were not compensated.  <u>Id.</u> ¶¶ 34 ("Ketcham complained to Defendants for not getting paid for several weeks") and 37-41 ("Like … Goncalves, … Ketcham was frequently required to perform work before the start of her shift and after the end of her shift without being paid …").  Therefore, Plaintiffs adequately plead a minimum wage claim, in that the complaint makes it abundantly evident they were paid <u>nothing</u> for off-the-clock work.

As to the overtime claim under the FLSA, Defendants cite to the Second Circuit's decision in <u>Lundy v. Catholic Health Sys. Of Long Is. Inc.</u>, 711 F.3d 106, 114 (2d Cir. 2013), but fail to address the Second Circuit's more recent decision in <u>Herrera v. Comme de Garcons, Ltd.</u>, 84 F.4th 110 (2d Cir. 2023).

---

[1] This Court's March 31, 2026 Order references Individual Rule II(h), which concerns default judgments and unopposed petitions to confirm arbitration awards.  Plaintiffs therefore rely on Individual Rule II(g).

Hon. Gary R. Brown, U.S.D.J.
United States District Court
Eastern District of New York
April 16, 2026
P a g e | 2

There, the Second Circuit held that to satisfy the standard of specificity required to plead an FLSA overtime claim is to "sufficiently allege '40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours.'" Id. at 5. It noted, further, that it has taken care not to foreclose relief to plaintiffs who neglected to keep "careful records" of the hours they worked. Id. (citing Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 90 (2d Cir. 2013)). "Thus, none of the [Second Circuit's trilogy[2] of] decisions requires plaintiffs who plausibly allege that they worked in excess of forty hours for multiple weeks without overtime pay to provide a week-by-week recounting of the hours they worked." Id.

Tellingly, in Herrera, the Second Circuit analyzed the pleadings and found they stated a claim under the FLSA as follows:

> The Complaint alleges that the Plaintiffs' regularly scheduled work hours consisted of five shifts each week, and that each shift lasted between eight and three-quarter hours and nine hours, amounting to between 43.75 hours and 45 hours of work per regular week. That allegation itself gets us "beyond forty hours in any given [work]week, and therefore to a plausible claim of overtime."

See Id., 84 F.4th at 115. The same analysis applies here. In this case, Goncalves alleges she worked sixty to seventy (60-70) hours per week without being paid for all the hours she worked, while Ketcham pled that she worked fifty (50) hours per week without being paid anything at all for some weeks. See ECF Docket Entry 1 ¶¶ 19, 27-28, 32, 34. In this context, Plaintiffs more-than-adequately pled FLSA minimum wage and overtime claims.

Defendants' second argument based on the statute of limitations fares no better, and is principally pointless in light of the New York Labor Law's ("NYLL") six (6) year statute of limitations. Nonetheless, Plaintiffs point out the following. First, Plaintiffs adequately plead that Defendants' conduct was willful. The word "willful" or its variant appears in the complaint almost a dozen times, and the pleadings provide that Defendants willfully failed to keep accurate payroll records to avoid paying Plaintiffs' and others their lawful wages. See ECF Docket Entry 1 ¶¶ 1, 46-48, 56, 100, 102, 103, 113, 121, 129, and 137.   To bring an FLSA claim beyond the two-year limitation period, "a plaintiff must allege facts at the pleadings stage that give rie to a plausible inference that a defendant willfully violated the FLSA." See Whiteside v. Hover-Davis, Inc., 995 F.3d 315, 320 (2d Cir. 2021).

Here, Plaintiffs plead that employees worked in awful conditions at Defendants' premises, at which their bills were not paid, and asked Ketcham to buy furniture with an empty promise to reimburse her. See ECF Docket Entry 1 ¶¶ 21-23. Defendants also failed to pay Ketcham for several weeks. Id. ¶ 34. Others complained about not being paid. Id. ¶ 35.

---

[2] This trilogy refers to Lundy, Dejesus, and Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192 (2d Cir. 2013).

Hon. Gary R. Brown, U.S.D.J.
United States District Court
Eastern District of New York
April 16, 2026
P a g e | 3

They also required Plaintiffs to perform off-the-clock work. Id. ¶¶ 37-41. The complaint specifically pleads Defendants knew of their obligations to keep track and record Plaintiffs' compensable hours accurately and with precision, but failed to do so. Id. ¶ 43, 46-47. What more need be pled to establish willfulness in such circumstances?

Defendants further posit that Plaintiffs – who are not opt-ins but direct parties – are required to file written consents. This argument misses the mark, as it applies to employees who wish to opt in to an FLSA collective action, *not the party plaintiffs*. See Mota v. Inter Connection Electric, Inc., No. 20 CIV. 7530 (GBD), 2021 WL 3188336, at *1 (S.D.N.Y. July 28, 2021) ("Under § 216(b) of the FLSA, an employee is allowed to "assert claims *on behalf of other 'similarly situated' employees*. … *Similarly situated employees* are required to "opt-in" by filing a written consent, to become part of the FLSA collective action and to be bound by the judgment") (emphasis added) (citing Myers v. Hertz Corp., 624 F.3d 537, 542 (2d Cir. 2010)). As party Plaintiffs who have already submitted to the jurisdiction of this Court, there is no need to file an opt-in written consent; the complaint is sufficient to meet this standard.

Defendants' third, fourth, sixth, and seventh arguments seeks to preemptively but inappropriately challenge Plaintiffs' anticipated motions to conditionally certify a collective action pursuant to 29 U.S.C. § 216(b) and certify a class action under Rule 23. This is inappropriate, and Defendants cite no authority in support of their contentions. Accordingly, this argument is meritless.

Defendants' fifth argument challenges Plaintiffs' assertion of liability against the individual defendants as employers. In doing so, they misstate the standard[3] upon which such claims are reviewed. The allegations make clear that Plaintiffs were directed and controlled by the Defendants, were paid by Defendants, had their hours set by Defendants, and the terms and conditions of their employment controlled by Defendants. See ECF Docket Entry 1 ¶¶ 20, 23-26, 29-32, 34, 37-38, 42-43, 49. There is therefore no question as to individual liability.

---

[3] With respect to the Individual Defendants, "[t]he underlying inquiry in determining 'employer' status is whether the individual possessed operational control over employees: 'control over a company's actual "operations" in a manner that relates to a plaintiff's employment.'" See Tapia v. BLCH 3rd Ave. LLC, 906 F.3d 58, 61 (2d Cir. 2018) (quoting Irizarry v. Catsimatidis, 722 F.3d 99, 109 (2d Cir. 2013)). Courts also consider the "economic reality" of the employment relationship by analyzing "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." See Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 142 (2d Cir. 2008) (quoting Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984)); see also Tapia, 906 F.3d at 61–62 (applying the Carter factors to determine individual liability under the FLSA). "The test looks at the totality of the circumstances, and no individual factor is dispositive." See Brito v. Marina's Bakery Corp., No. 19-CV-828 (KAM)(MMH), 2022 WL 875099, at *8 (E.D.N.Y. Mar. 24, 2022) (citing Irizarry, 722 F.3d at 105).

Hon. Gary R. Brown, U.S.D.J.
United States District Court
Eastern District of New York
April 16, 2026
P a g e | 4

      In the unlikely event that this Court is inclined to grant any relief pursuant to Individual Rule II(g) by constructing Defendants' meritless letter motion as a motion or otherwise set a briefing schedule for formal motion practice, Plaintiffs respectfully request leave to amend, which shall be freely given when justice so requires. See Fed. R. Civ. P. 15(a). Indeed, "'[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead.'" See Cruz v. TD Bank, N.A., 742 F.3d 520, 523 (2d Cir. 2013); see also Vacold LLC v. Cerami, No. 00-CIV.-4024 (AGS), 2002 WL 193157, at *6 (S.D.N.Y. Feb. 6, 2002) (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991)); Elliot-Leach v. New York City Dep't of Educ., 201 F. Supp. 3d 238, 243 (E.D.N.Y. 2016), aff'd, 710 Fed. Appx. 449 (2d Cir. 2017).

      Moreover, "[w]ithout the benefit of a ruling [from the Court], many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies." See McKenzie-Morris v. V.P. Records Retail Outlet, Inc., No. 1:22-CIV.-1138 (GHW), 2022 WL 18027555, at *12 (S.D.N.Y. Dec. 30, 2022) (citing Loreley Fin. (Jersey) No. 3 Ltd., 797 F.3d at 190.

      Accordingly, leave to replead should be granted to the extent Defendants succeed on their motion.

      For the foregoing reasons, Defendants' letter motion for a pre-motion conference must be denied.

Dated: Jamaica, New York
     April 16, 2026          Respectfully submitted,

                        **SAGE LEGAL LLC**

                        */s/ Emanuel Kataev, Esq.*
                        Emanuel Kataev, Esq.
                        18211 Jamaica Avenue
                        Jamaica, NY 11423-2327
                        (718) 412-2421 (office)
                        (917) 807-7819 (cellular)
                        (718) 489-4155 (facsimile)
                        emanuel@sagelegal.nyc

                        *Attorneys for Plaintiffs*
                        *Teresa Goncalves and*
                        *Dina Ketcham*

**VIA ECF**
All counsel of record