# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TERESA GONCALVES and DINA KETCHAM, on behalf of themselves and all others similarly situated<br><br>　　　　　　　Plaintiffs,<br>　　*vs.*<br><br>KRISTIN SHEELER DESIGNS, LLC, KRISTIN SHEELER, and JAMES "JIM" BRINNEN,<br><br>　　　　　　　Defendants. | No. 2:25-cv-04264-GRB-ST |

**DEFENDANTS' FIRST SET OF INTERROGATORIES**

**TO DINA KETCHAM**

Pursuant to Fed. R. Civ. P. 33, Defendants Kristin Sheeler Designs, LLC, Kristin Sheeler, and James Brinnen (collectively, "Defendants"), by and through their undersigned attorneys, propound these interrogatories, to which Plaintiff Dina Ketcham ("Plaintiff" and "You") shall respond separately and fully, in writing and under oath, within thirty (30) days from the date of service hereof, in accordance with the Definitions and Instructions set forth herinafter. These Interrogatories are deemed to be continuing in nature, and pursuant to Rule 26(e), shall be timely supplemented as needed.

In answering these Interrogatories, furnish such information as is available to You, however obtained, including hearsay and information known by, or in the possession of, You or Your agents, including an attorney representing You. If any Interrogatory cannot be answered in full after exercising due diligence to secure the information, answer to the extent possible, specifying Your inability to answer the remainder, stating whatever information and knowledge You have concerning the unanswered portion and detailing what You did in attempting to secure the unknown information.

## **DEFINITIONS**

1.      The terms "Plaintiff," "Ketcham," "You," and "Your" shall mean and refer to plaintiff Dina Ketcham, and her agents, representatives, attorneys, and any and all other persons acting or purporting to act on her behalf.

2.      The term "Nibi-Mtk" shall mean and refer to defendant Kristin Sheeler Designs, LLC, and its predecessors, successors, officers, directors, managers, agents, representatives, attorneys, and any and all other persons acting or purporting to act on its behalf.

3.      The term "Sheeler" shall mean and refer to defendant Kristin Sheeler, and her agents, representatives, attorneys, and any and all other persons acting or purporting to act on her behalf.

4.      The term "Brinnen" shall mean and refer to defendant James Brinnen, and his agents, representatives, attorneys, and any and all other persons acting or purporting to act on his behalf.

5.      The term "Defendants" shall collectively mean and refer to Nibi-Mtk, Sheeler, and Brinnen.

6.      The term "person" shall mean individual, or any partnership, corporation, or other business or any government or other legal entity, and each of its directors, officers, employees, servants or representatives, and all other persons purporting to act on its behalf.

7.      The term "document" shall have the full meaning of that term as defined in the Federal Rules of Civil Procedure Rule 34 and includes, without limitation, the original and any and all drafts and non-identical copies of any electronic or non-electronic writings of any kind in Your possession, custody or control, including but not limited to correspondence, letters, telegrams, telexes, messages, emails, texts, (including, but limited to, reports of telephone conversations,

messages and conferences), studies, analyses, books, magazines, newspapers, booklets, circulars, bulleting, instructions, minutes, other communications, questionnaires, surveys, contracts, memoranda of agreement, assignments, books of account orders, records of summaries of personal interviews or conversations, diaries, schedules, printouts, drawings, blueprints, specifications, graphs, charts, studies, planning materials, statistical statements, forecasts, work papers, invoices, statements, receipts, income and other tax returns, bills, checks, bank books, bank statements, vouchers, notebooks, datasheets, photographs, microfilm, microfiche, photographic negatives, magnetic tapes, paper tapes, cassette tapes, videotapes, plotter output recordings, discs, data cards; film, data processing files; and other computer readable records or programs, breadboards, catalogues, brochures, all other written or printed material of any kind, and all other data compilation from which information can be obtained, and translated, if necessary. Any such document bearing on any page thereof, any marks such as initials, stamped indices, comments or notations of any character and not part of the signed text or photographic reproduction thereof is to be considered and produced as a separate document.

8.      The term "communication" shall mean any oral or written statement or conversation, including but not limited to a telephone conversation.

9.      The terms "reflect," "refer" or "relate" shall mean constitutes, comprises, contains, consists of, concerns, summarizes, discusses, describes, explains, sets forth, proposed, shows evidence, discloses, implies, or authorizes directly or indirectly.

10.      The term "Identify" or variations thereof shall mean to state:

a.  In the case of a person other than a natural person, its name, the address of its principal place of business (including zipcode), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person

that ultimately controls it, that other person's name, the address of that person's principal place of business (including zipcode), that other person's telephone number, and the name of that other person's chief executive officer;

b.  In the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

c.  In the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d.  In the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

e.  In the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

11.  The phrase "describe in detail" as used in these Interrogatories includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion and other information concerning the subject matter of the specific Interrogatory.

12.  Unless otherwise specified, when construing the scope of these Interrogatories, the terms shall be given their most expansive and inclusive interpretations, including but not limited to:

a.  construing the words "and" and "or" in the conjunctive or disjunctive as

necessary to make the Request more inclusive;

b.  construing the words "any" and "all" to mean "any and all" as necessary to make the Request more inclusive;

c.  construing the past or present tenses of a verb to mean the present or past tenses of the verb, respectively, as necessary to make the Request more inclusive;

d.  construing the singular forms of the word as necessary to make the Request more inclusive; and

e.  construing masculine or feminine pronouns to mean feminine or masculine pronouns, respectively, as necessary to make the Request more inclusive.

## **INSTRUCTIONS**

1.  These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys.  It is intended that the following discovery requests will not solicit any information protected either by the attorney/client privilege or work product doctrine which was created or developed by, counsel for the responding party after the date on which this litigation was commenced.  If any inquiry is susceptible of a construction which calls for the production of such information, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such information.

2.  If You assert as an objection to any of these Interrogatories that the information sought is privileged (other than such privilege as is described in Instruction #1), please state the privilege that You contend is involved, identifying each such privilege with the specific Interrogatory number that seeks such privileged information. In those cases where an objection is made to an Interrogatory, all information covered by that Interrogatory but not subject to the

objection should be provided.

3.      These Interrogatories are continuing in nature, and You have a duty to supplement Your Responses in a timely manner with additional documents as they are prepared and discovered, in accordance with the Rules of this court.

4.      Unless otherwise specified, all Interrogatories seek information from July 31, 2019 to the present.

5.      If, in answering these Interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering any allegedly ambiguous Interrogatory.

## **INTERROGATORIES**

1.      Identify all persons who are likely to have personal knowledge of any fact alleged in the pleadings, and state the subject matter of the personal knowledge possessed by each such person.

**RESPONSE:**


2.      Describe the basis for Your FLSA claim(s).

**RESPONSE:**


3.      Describe the basis for Your NYLL claim(s).

**RESPONSE:**


4.      Describe in detail all damages sought by You against each Defendant.

**RESPONSE:**

5.      For each witness identified by You in connection with the disclosures required by Fed. R. Civ. P. 26(a)(2)(A), provide a complete statement of the opinions to be expressed and basis and reasons therefore.

**RESPONSE:**

6.      If You reported or complained internally to any Defendant about the FLSA claim(s) or NYLL claim(s), including but not limited to supervisors or administrative departments, such as human resources or payroll) about the claims stated in the complaint, state whether each report of complaint was written or oral, when it was made, to whom and report(s) or complaint(s) were made, and any response provided by any Defendant.

**RESPONSE:**

7.      If You reported or complained about the FLSA claim(s) or NYLL claim(s) to any government agency, Identify each such agency, the date(s) of such report(s) or complaint(s), and the outcome or status of each report or complaint.

**RESPONSE:**

8.      State the facts concerning the matters alleged in paragraph 30 of Your complaint.

**RESPONSE:**

9.      State the facts concerning the matters alleged in paragraph 31 of Your complaint.

**RESPONSE:**

10. State the facts concerning the matters alleged in paragraph 32 of Your complaint.

**RESPONSE:**

11. State the facts concerning the matters alleged in paragraph 33 of Your complaint.

**RESPONSE:**

12. State the facts concerning the matters alleged in paragraph 34 of Your complaint.

**RESPONSE:**

13. State the facts concerning the matters alleged in paragraph 35 of Your complaint.

**RESPONSE:**

14. State the facts concerning the matters alleged in paragraph 36 of Your complaint.

**RESPONSE:**

15. State the facts concerning the matters alleged in paragraph 37 of Your complaint.

**RESPONSE:**

16. State the facts concerning the matters alleged in paragraph 38 of Your complaint.

**RESPONSE:**

17.     State the facts concerning the matters alleged in paragraph 39 of Your complaint.

**RESPONSE:**

18.     State the facts concerning the matters alleged in paragraph 40 of Your complaint.

**RESPONSE:**

19.     State the facts concerning the matters alleged in paragraph 41 of Your complaint.

**RESPONSE:**

20.     State the facts concerning the matters alleged in paragraph 49 of Your complaint.

**RESPONSE:**

21.     State the facts concerning the matters alleged in paragraph 50 of Your complaint.

**RESPONSE:**

22.     If You contend that defendant Sheeler is an employer under FLSA, state the facts concerning such contention.

**RESPONSE:**

23.     If You contend that defendant Brinnen is an employer under FLSA, state the facts concerning such contention.

**RESPONSE:**

24.     If You contend that Defendants' alleged violation(s) of FLSA were willful, state the facts concerning such contention.

**RESPONSE:**

Respectfully submitted on March 20, 2026.

_____

David K. Bowles, Esq.
email: David@BoJo.Law
For the firm of
BOWLES & JOHNSON PLLC
14 Wall Street, 20th Floor
New York, NY 10005
Telephone: (212) 390-8842
Facsimile: 866-844-8305
*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 20, 2026, I e-mailed a true and correct copy of the forgoing Discovery Requests to all counsel of record for Plaintiff, pursuant to an agreement for electronic service between the Parties.

Dated:  March 20, 2026

BOWLES & JOHNSON PLLC


By: _____/s/_____
David K. Bowles, Esq.
14 Wall Street, 20th Floor
New York, NY 10005
(212) 390-8842
David@BoJo.Law
*Attorneys for Defendants*