# Exhibit D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TERESA GONCALVES and DINA KETCHAM, on behalf of themselves and all others similarly situated<br><br>　　　　　　　Plaintiffs,<br><br>　　*vs.*<br><br>KRISTIN SHEELER DESIGNS, LLC, KRISTIN SHEELER, and JAMES "JIM" BRINNEN,<br><br>　　　　　　　Defendants. | No. 2:25-cv-04264-GRB-ST |

**DEFENDANTS' FIRST REQUESTS TO TERESA GONCLAVES**
**FOR PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Fed. R. Civ. P. 34, Defendants Kristin Sheeler Designs, LLC, Kristin Sheeler, and James Brinnen (collectively, "Defendants"), by and through their undersigned attorneys, request that Plaintiff Teresa Goncalves ("Plaintiff" and "You") respond to these Requests within thirty (30) days from the date of service hereof, and produce or make available for inspection and copying at the offices of Bowles & Johnson PLLC, or at another mutually agreeable location, the following documents and things in Plaintiff's possession, custody, or control.

**INSTRUCTIONS**

1.　　　　Pursuant to Rule 34(b)(2)(B), if You object to a request, the grounds for each objection must be stated with specificity.  Also pursuant to that Rule, if You intended to produce copies of documents or of ESI instead of permitting inspection, You must so state.

2.　　　　If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding to such purportedly ambiguous

Request.

3.      Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4.      Whenever in this Request for Production You are asked to identify or produce a document which is deemed by You to be properly withheld from production for inspection or copying:

a.  If You are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5).

b.  If You are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 4.A, above, please state the reason for withholding the document.

c.  When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed.  When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

5.  It is intended that this Request for Production will not solicit any material protected either

by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

6.      These Requests are continuing in nature, and You have a duty to supplement Your Responses in a timely manner with additional documents as they are prepared and discovered, in accordance with the Rules of this court.

7.      If a document is no longer in Your possession, custody or control, state the disposition of such document and the date of such disposition. If a document has been discarded or destroyed:

    a.  State the date the document was discarded or destroyed;

    b.  Identify any and all persons who discarded or destroyed the document, and any and all persons who ordered, advised or approved such action;

    c.  Identify any and all persons who have or may have a copy of the document, or have or may have knowledge of the contents of the document;

    d.  State a detailed summary or description of the document, and identify any and all related documents.

8.      Produce and collate the requested documents so as to coincide with the requests. If a document is responsive to more than one request, state so. In such a case, duplication of the document is not required.

9.      Unless otherwise specified, all Requests seek documents and information from July 31, 2019 to the present.

## DEFINITIONS

1.      The terms "Plaintiff," "Goncalves," "You," and "Your" shall mean and refer to plaintiff Teresa Goncalves, and her agents, representatives, attorneys, and any and all other persons acting or purporting to act on her behalf.

2.      The term "Nibi-Mtk" shall mean and refer to defendant Kristin Sheeler Designs, LLC, and its predecessors, successors, officers, directors, managers, agents, representatives, attorneys, and any and all other persons acting or purporting to act on its behalf.

3.      The term "Sheeler" shall mean and refer to defendant Kristin Sheeler, and her agents, representatives, attorneys, and any and all other persons acting or purporting to act on her behalf.

4.      The term "Brinnen" shall mean and refer to defendant James Brinnen, and his agents, representatives, attorneys, and any and all other persons acting or purporting to act on his behalf.

5.      The term "Defendants" shall collectively mean and refer to Nibi-Mtk, Sheeler, and Brinnen.

6.      The term "Incident" includes the circumstances and events surrounding the alleged accident, injury, discrimination or other occurrence giving rise to this action or proceeding.

7.      The term "FLSA" shall mean and refer to the Fair Labor Standards Act.

8.      The term "NYLL" shall mean and refer to the New York Labor Law.

9.      The term "person" shall mean individual, or any partnership, corporation, or other business or any government or other legal entity, and each of its directors, officers, employees, servants or representatives, and all other persons purporting to act on its behalf.

10.     The term "document" shall have the full meaning of that term as defined in the Federal Rules of Civil Procedure Rule 34 and includes, without limitation, the original and any and all drafts and non-identical copies of any electronic or non-electronic writings of any kind in Your possession, custody or control, including but not limited to correspondence, letters, telegrams, telexes, messages, emails, texts, (including, but limited to, reports of telephone conversations, messages and conferences), studies, analyses, books, magazines, newspapers, booklets, circulars, bulleting, instructions, minutes, other communications, questionnaires, surveys, contracts, memoranda of agreement, assignments, books of account orders, records of summaries of personal interviews or conversations, diaries, schedules, printouts, drawings, blueprints, specifications, graphs, charts, studies, planning materials, statistical statements, forecasts, work papers, invoices, statements, receipts, income and other tax returns, bills, checks, bank books, bank statements, vouchers, notebooks, datasheets, photographs, microfilm, microfiche, photographic negatives, magnetic tapes, paper tapes, cassette tapes, videotapes, plotter output recordings, discs, data cards; film, data processing files; and other computer readable records or programs, breadboards, catalogues, brochures, all other written or printed material of any kind, and all other data compilation from which information can be obtained, and translated, if necessary. Any such document bearing on any page thereof, any marks such as initials, stamped indices, comments or notations of any character and not part of the signed text or photographic reproduction thereof is to be considered and produced as a separate document.

11.     The term "communication" shall mean any oral or written statement or conversation, including but not limited to a telephone conversation.

12.     The terms "reflect," "refer" or "relate" shall mean constitutes, comprises, contains, consists of, concerns, summarizes, discusses, describes, explains, sets forth, proposed, shows

evidence, discloses, implies, or authorizes directly or indirectly.

13.    The term "Identify" or variations thereof shall mean to state:

a.    In the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

b.    In the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

c.    In the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d.    In the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

e.    In the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

14.    The phrase "describe in detail" as used in these Requests includes a request for

a complete description and explanation of the facts, circumstances, analysis, opinion and other information concerning the subject matter of the specific Request.

15.    Unless otherwise specified, when construing the scope of these Requests, the terms shall be given their most expansive and inclusive interpretations, including but not limited to:

a. construing the words "and" and "or" in the conjunctive or disjunctive as necessary to make the Request more inclusive;

b. construing the words "any" and "all" to mean "any and all" as necessary to make the Request more inclusive;

c. construing the past or present tenses of a verb to mean the present or past tenses of the verb, respectively, as necessary to make the Request more inclusive;

d. construing the singular forms of the word as necessary to make the Request more inclusive; and

e. construing masculine or feminine pronouns to mean feminine or masculine pronouns, respectively, as necessary to make the Request more inclusive.

## REQUESTS FOR DOCUMENTS AND THINGS

1.    All statements (as that term is used in Fed. R. Civ. P. 26(b)(3)(C)) which were previously made by You concerning the action or its subject matter.

**RESPONSE:**

2.    The documents concerning Your claim for damages or the methods used to calculate such alleged damages.

**RESPONSE:**

3.      All documents that discuss the Incident alleged in the complaint in this lawsuit, including email correspondence, text and instant messages, notes, briefings, files, reports, and memos.

**RESPONSE:**

4.      Copies of any witness statements You have obtained relating to the Incident or this lawsuit.

**RESPONSE:**

5.      Documents created or maintained by You recording wages or other compensation paid or unpaid by the Defendants.

**RESPONSE:**

6.      If You reported or complained internally to any Defendant about the FLSA claim(s) or NYLL claim(s), including but not limited to supervisors or administrative departments, such as human resources or payroll) about the claims stated in the complaint, the report(s) or complaint(s) and any response that was provided.

**RESPONSE:**

7.      Documents that You rely on to support Your claim of a willful violation of FLSA.

**RESPONSE:**

8.      If You reported or complained about Your FLSA claim(s) or NYLL claim(s) to

any government agency, the report(s) or complaint(s), and any response that You received.

**RESPONSE:**

9.      All summaries and demonstratives that You will use during this litigation.

**RESPONSE:**

10.     Produce all documents identified, referenced, reviewed, relied upon or used in any way as part of Your obligations under Fed. R. Civ. P. 26 or 33, including documents identified in Your initial disclosures and documents identified, referenced, reviewed, or relied upon to respond to Defendants' interrogatories in this lawsuit.

**RESPONSE:**

11.     All documents and communications that You intend to offer as evidence in this lawsuit.

**RESPONSE:**

12.     All communications with Teresa Gonclaves concerning this lawsuit and the facts underlying this lawsuit.

**RESPONSE:**

13.     All communications with any third party, excluding your counsel, concerning this lawsuit and the facts underlying this lawsuit.

**RESPONSE:**


Respectfully submitted on March 20, 2026.

_____

David K. Bowles, Esq.
email: David@BoJo.Law
For the firm of
BOWLES & JOHNSON PLLC
14 Wall Street, 20th Floor
New York, NY 10005
Telephone: (212) 390-8842
Facsimile: 866-844-8305
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on March 20, 2026, I e-mailed a true and correct copy of the forgoing Discovery Requests to all counsel of record for Plaintiff, pursuant to an agreement for electronic service between the Parties.

Dated:  March 20, 2026

BOWLES & JOHNSON PLLC

By: _____/s/_____
David K. Bowles, Esq.
14 Wall Street, 20th Floor
New York, NY 10005
(212) 390-8842
David@BoJo.Law
*Attorneys for Defendant Fabrique Innovations, Inc.*