**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TERESA GONCALVES and DINA KETCHAM, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>    v.<br><br>KRISTIN SHEELER DESIGNS, LLC, KRISTIN SHEELER, and JAMES "JIM" BRINNEN,<br><br>               Defendants. | Case No.: 2:25-cv-4264 (GRB) (ST)<br><br>**PLAINTIFFS' RESPONSES & OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |

**GENERAL OBJECTIONS**

Plaintiffs' responses are subject to the specific General Objections set forth below, each of which is incorporated by reference into the responses to each interrogatory and document demand. The production of information encompassed within Plaintiffs' General Objections shall not be deemed a waiver of these objections.

1.    The right to object as to competency, relevancy, materiality, privilege and general admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial) and in any other action.

2.    The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including trial) and in any other action.

3.    The right at any time to revise, correct, add to, or clarify any of said answers set forth herein.

4.    The right to object on any ground at any time to a request for a further or supplemental response (including a further or supplemental production of documents).

1

5.      Plaintiffs object to these uniformly overbroad discovery demands to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, the demands are overbroad to the extent that they cover time periods not relevant to the instant litigation.

6.      Plaintiffs object to Defendants' demands to the extent they are so overbroad that they impose an undue burden.

7.      Plaintiffs object to Defendants' demands to the extent they are unreasonably vague and ambiguous.

8.      Plaintiffs object to Defendants' demands to the extent they seek information that is confidential, proprietary, and/or protected from discovery by the attorney-client privilege, work product doctrine or self-critical analysis privilege.

9.      Plaintiffs object to Defendants' demands to the extent they seek personal or confidential information.

10.     The following responses are given without prejudice to Plaintiffs' right to produce subsequently discovered information or to make appropriate changes in such responses if additional documents or information is obtained. When, and if, such documents or information is obtained, these responses will be amended or supplemented.

11.     Plaintiffs object to Defendants' demands to the extent they assume facts that have not been established. Plaintiffs specifically reserves the right to object to the factual assumption made in these demands.

12.     Plaintiffs object to Defendants' demands to the extent that the demands (i) exceed the permissible scope of discovery established under the Federal Rules of Civil Procedure (the "Rules" or "Rule") and the local rules of this Court and (ii) attempt to place obligations upon

2

Plaintiffs which are inconsistent with those rules.  Plaintiffs will respond to Defendants' demands in accordance with the applicable rules.

All of Plaintiffs' answers are made subject to the above comments and qualifications.

## SPECIFIC INTERROGATORIES AND RESPONSES

## TERESA GONCALVES

**INTERROGATORY NO. 1 (2 interrogatories; 2 requests running total)**

Identify all persons who are likely to have personal knowledge of any fact alleged in the pleadings, and state the subject matter of the personal knowledge possessed by each such person.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is overly broad, unduly burdensome, requires speculation, and is not relevant and proportional to the needs of this case.**

**Subject to and without waiving the foregoing objections, Goncalves responds as follows:**

- **Goncalves refers Defendants to Plaintiffs' Rule 26 Disclosures.**

**INTERROGATORY NO. 2 (1 interrogatory; 3 requests running total)**

Describe the basis for Your FLSA claim(s).

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of this case, and seeks information already identified in Plaintiffs' Complaint.**

**Subject to and without waiving the foregoing objections, Goncalves responds as follows:**

3

- **Defendants knowingly and willfully failed to pay Plaintiffs and the Collective Action Members their wages and overtime compensation for the actual hours that they worked.**

- **Goncalves otherwise refers Defendants to the complaint.**

**INTERROGATORY NO. 3 (1 interrogatory; 4 requests running total)**

Describe the basis for Your NYLL claim(s).

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is premature, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, requires speculation, and seeks information protected by the attorney-client privilege and/or work product doctrine.**

**Subject to and without waiving the foregoing objections, Goncalves responds as follows:**

- **Plaintiffs and the Class were not exempt from the requirement that Defendants pay them overtime under the NYLL, and they are entitled to be paid overtime by Defendants for all hours worked in excess of forty (40) hours in a workweek during the full statute of limitations period;**

- **Plaintiffs and the Class were not exempt from the requirement that Defendants pay them all wages and wage supplements, and are entitled to be paid by Defendants at their established regular rates of pay for all hours worked in a workweek plus any wage supplements as set forth in Defendants' policies, during the full statute of limitations period;**

- **Plaintiffs and the Class were not exempt from the requirement that Defendants provide them with Notices of Pay Rate, and Defendants engaged in a policy and**

4

**practice of unlawfully failing to provide Notices of Pay Rate to Plaintiffs and the Class;**

- **Plaintiffs and the Class were not exempt from the requirement that Defendants provide them with accurate wage statements, and Defendants engaged in a policy and practice of unlawfully failing to furnish accurate wage statements to Plaintiffs and the Class.**

- **Goncalves otherwise refers Defendants to the complaint.**

**INTERROGATORY NO. 4 (3 interrogatories; 7 requests running total)**

Describe in detail all damages sought by You against each Defendant.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of this case.**

**Subject to and without waiving the foregoing objections, Goncalves responds as follows:**

- **Goncalves refers Defendants to Plaintiffs' Rule 26 Disclosures.**

**INTERROGATORY NO. 5 (3 interrogatories; 10 requests running total)**

For each witness identified by You in connection with the disclosures required by Fed. R. Civ. P. 26(a)(2)(A), provide a complete statement of the opinions to be expressed and basis and reasons therefore.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of this case.**

**Subject to and without waiving the foregoing objections, Goncalves responds as follows:**

5

- **Goncalves lacks knowledge or information sufficient to provide a response to this Interrogatory at this time.**

**INTERROGATORY NO. 6 (4 interrogatories; 14 requests running total)**

If You reported or complained internally to any Defendant about the FLSA claim(s) or NYLL claim(s), including but not limited to supervisors or administrative departments, such as human resources or payroll) about the claims stated in the complaint, state whether each report of complaint was written or oral, when it was made, to whom and [*sic*] report(s) or complaint(s) were made, and any response provided by any Defendant.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of this case.**

**Subject to and without waiving the foregoing objections, Goncalves responds as follows:**

- **Goncalves complained verbally to the Social Security Administration on April 23, 2025.**

**INTERROGATORY NO. 7 (3 interrogatories; 17 requests running total)**

If You reported or complained about the FLSA claim(s) or NYLL claim(s) to any government agency, Identify each such agency, the date(s) of such report(s) or complaint(s), and the outcome or status of each report or complaint.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of this case.**

**Subject to and without waiving the foregoing objections, Goncalves responds as follows:**

- **Goncalves refers Defendants to her response to Interrogatory No. 6.**

6

**INTERROGATORY NO. 8 (1 interrogatory; 18 requests running total)**

State the facts concerning the matters alleged in Paragraph 20 of Your complaint.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.**

**Subject to and without waiving the foregoing objections, Goncalves responds as follows:**

- **Goncalves refers Defendants to ¶ 20 of the Complaint and that this is what she personally observed.**

**INTERROGATORY NO. 9 (1 interrogatory; 19 requests running total)**

State the facts concerning the matters alleged in Paragraph 21 of Your complaint.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.**

**Subject to and without waiving the foregoing objections, Goncalves responds as follows:**

- **Goncalves refers Defendants to ¶ 21 of the Complaint and that this is what she personally observed and felt.**

**INTERROGATORY NO. 10 (3 interrogatories; 22 requests running total)**

State the facts concerning the matters alleged in Paragraph 22 of Your complaint, including specifically how and when You "later learned that Defendants did not pay their bills, which is the reason no heater was operating during the winter season."

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.**

**Subject to and without waiving the foregoing objections, Goncalves responds as follows:**

- **Goncalves complained to Kristin Sheeler, who referred to her to Jim Brinnen, who told her to contact the landlord, who stated that Defendants have not paid their bills.**

**INTERROGATORY NO. 11 (1 interrogatory; 23 requests running total)**

State the facts concerning the matters alleged in Paragraph 23 of Your complaint.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.**

**Subject to and without waiving the foregoing objections, Goncalves responds as follows:**

- **Goncalves paid money for the table at Defendants' request and Defendants failed to reimburse her for a period of approximately two months.**

8

**INTERROGATORY NO. 12 (1 interrogatory; 24 requests running total)**

State the facts concerning the matters alleged in Paragraph 24 of Your complaint.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.**

**Subject to and without waiving the foregoing objections, Goncalves responds as follows:**

- **Goncalves refers Defendants to her response to Interrogatory No. 11.**

**INTERROGATORY NO. 13 (4 interrogatories; 28 requests running total)**

State the facts concerning the matters alleged in paragraph 25 of Your complaint, including how You were directed and controlled by each Defendant.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Goncalves responds as follows:**

- **Defendant Kristin Sheeler hired Goncalves.**

9

- **Defendant Kristin Sheeler stated during Goncalves' interview words to the effect of "if I don't like you, I'm gonna FIRE you; I don't have any problem firing someone."**

- **Defendants Kristin Sheeler and Jim Brinnen both discussed firing Goncalves together on the phone following an incident with a customer.**

- **Defendants Kristin Sheeler and Jim Brinnen set Goncalves' schedule.**

- **Defendants Kristin Sheeler and Jim Brinnen set the terms and conditions of Goncalves' employment.**

- **Defendant Jim Brinnen paid Goncalves.**

- **Defendant Jim Brinnen sent work related emails to Goncalves, including onboarding documentation.**

**INTERROGATORY NO. 14 (3 interrogatories; 31 requests running total)**

State the facts concerning the matters alleged in paragraph 27 of Your complaint, including the schedule You worked during the relevant period and the specific hours for which You were not paid.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Goncalves responds as follows:**

10

- **Goncalves worked seven days a week, on a schedule of approximately 10:00 AM to 6:00 PM, except during extended summer hours, when she would sometimes work until 8:00 PM or 9:00 PM.**

- **Goncalves would usually begin her workday around 9:30 AM or 9:45 AM.**

- **Goncalves would end the work day no earlier than 6:00 PM, frequently staying as late as 8:00 PM.**

- **Goncalves would frequently perform off-the-clock work before and after her shift to pick things up or drop things off for various work-related errands she had been sent on by Defendants, amounting to at least one to two (1-2) hours per week.**

- **Additionally, Goncalves would sometimes perform work-related errands (including purchasing flowers, decorations, or other items) on her days off.**

**INTERROGATORY NO. 15 (1 interrogatory; 32 requests running total)**

If You contend that defendant Sheeler is an employer under FLSA, state the facts concerning such contention.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it seeks information already identified in Plaintiffs' Complaint.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Goncalves responds as follows:**

- **Goncalves refers Defendants to her response to Interrogatory No. 13.**

**INTERROGATORY NO. 16 (1 interrogatory; 33 requests running total)**

11

If You contend that defendant Brinnen is an employer under FLSA, state the facts concerning such contention.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it seeks information already identified in Plaintiffs' Complaint.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Goncalves responds as follows:**

- **Goncalves refers Defendants to her response to Interrogatory No. 13.**

**INTERROGATORY NO. 17 (1 interrogatory; 34 requests running total)**

If You contend that Defendants' alleged violation(s) of FLSA were willful, state the facts concerning such contention.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Goncalves responds as follows:**

- **Defendants did not pay their taxes nor file the appropriate employment returns.**

12

- **Defendants paid Goncalves and other employees by Zelle without taking withholdings.**

- **Defendants failed to provide Goncalves with pay stubs or commission sheets unless requested and, when requested, only sometimes.**

- **Defendants' pay stubs failed to itemize any withholdings, and they appeared to be created by the Defendants themselves.**

- **Goncalves otherwise refers Defendants to her complaint.**

## DINA KETCHAM

**INTERROGATORY NO. 1 (2 interrogatories; 2 requests running total)**

Identify all persons who are likely to have personal knowledge of any fact alleged in the pleadings, and state the subject matter of the personal knowledge possessed by each such person.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is overly broad, unduly burdensome, requires speculation, and is not relevant and proportional to the needs of this case.**

**Subject to and without waiving the foregoing objections, Ketcham responds as follows:**

- **Ketcham refers Defendants to Plaintiffs' Rule 26 Disclosures.**

- **In addition, Ketcham identifies Hanna Mancuso and Kate Quimby.**

**INTERROGATORY NO. 2 (1 interrogatory; 3 requests running total)**

Describe the basis for Your FLSA claim(s).

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of this case, and seeks information already identified in Plaintiffs' Complaint.**

13

Subject to and without waiving the foregoing objections, Ketcham responds as follows:

- **Defendants knowingly and willfully failed to pay Plaintiffs and the Collective Action Members their wages and overtime compensation for the actual hours that they worked.**

- **Ketcham otherwise refers Defendants to the complaint.**

**INTERROGATORY NO. 3 (1 interrogatory; 4 requests running total)**

Describe the basis for Your NYLL claim(s).

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is premature, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, requires speculation, and seeks information protected by the attorney-client privilege and/or work product doctrine.**

Subject to and without waiving the foregoing objections, Ketcham responds as follows:

- **Plaintiffs and the Class were not exempt from the requirement that Defendants pay them overtime under the NYLL, and they are entitled to be paid overtime by Defendants for all hours worked in excess of forty (40) hours in a workweek during the full statute of limitations period;**

- **Plaintiffs and the Class were not exempt from the requirement that Defendants pay them all wages and wage supplements, and are entitled to be paid by Defendants at their established regular rates of pay for all hours worked in a workweek plus any wage supplements as set forth in Defendants' policies, during the full statute of limitations period;**

- **Plaintiffs and the Class were not exempt from the requirement that Defendants provide them with Notices of Pay Rate, and Defendants engaged in a policy and practice of unlawfully failing to provide Notices of Pay Rate to Plaintiffs and the Class;**

- **Plaintiffs and the Class were not exempt from the requirement that Defendants provide them with accurate wage statements, and Defendants engaged in a policy and practice of unlawfully failing to furnish accurate wage statements to Plaintiffs and the Class.**

- **Ketcham otherwise refers Defendants to the complaint.**

**INTERROGATORY NO. 4 (3 interrogatories; 7 requests running total)**

Describe in detail all damages sought by You against each Defendant.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of this case.**

**Subject to and without waiving the foregoing objections, Ketcham responds as follows:**

- **Ketcham refers Defendants to Plaintiffs' Rule 26 Disclosures.**

- **Ketcham also wishes to add that she was forced to work in biohazard conditions in order to be paid for that day's work. For example, this happened after the fire when Defendants wanted Ketcham to transport moldy clothes into the storage pod that was placed behind the store.**

**INTERROGATORY NO. 5 (3 interrogatories; 10 requests running total)**

For each witness identified by You in connection with the disclosures required by Fed. R. Civ. P. 26(a)(2)(A), provide a complete statement of the opinions to be expressed and basis and reasons therefore.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of this case.**

**Subject to and without waiving the foregoing objections, Ketcham responds as follows:**

- **Ketcham lacks knowledge or information sufficient to provide a response to this Interrogatory at this time.**

**INTERROGATORY NO. 6 (4 interrogatories; 14 requests running total)**

If You reported or complained internally to any Defendant about the FLSA claim(s) or NYLL claim(s), including but not limited to supervisors or administrative departments, such as human resources or payroll) about the claims stated in the complaint, state whether each report of complaint was written or oral, when it was made, to whom and [*sic*] report(s) or complaint(s) were made, and any response provided by any Defendant.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of this case.**

**Subject to and without waiving the foregoing objections, Ketcham responds as follows:**

- **Ketcham complained verbally and in writing to Defendants Kristin Sheeler and Jim Brinnen orally and via email. Ketcham made these complaints routinely throughout her employment.**

16

- **Ketcham also complained to Natalie, Cathy, and Hanna both verbally and in writing via text message.  Ketcham made these complaints routinely throughout her employment.**

**INTERROGATORY NO. 7 (3 interrogatories; 17 requests running total)**

If You reported or complained about the FLSA claim(s) or NYLL claim(s) to any government agency, Identify each such agency, the date(s) of such report(s) or complaint(s), and the outcome or status of each report or complaint.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of this case.**

**Subject to and without waiving the foregoing objections, Ketcham responds as follows:**

- **Ketcham complained to the Internal Revenue Service ("IRS") and the New York State Department of Labor ("NYSDOL").  Ketcham does not recall the dates of either complaint.  Ketcham was told by the IRS to submit a complaint.  Ketcham was told by the NYSDOL that she was not listed as an employee of Defendants and had to fill out a special form to establish her employment status with Defendants.**

**INTERROGATORY NO. 8 (1 interrogatory; 18 requests running total)**

State the facts concerning the matters alleged in paragraph 30 of Your complaint.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.**

**Subject to and without waiving the foregoing objections, Ketcham responds as follows:**

- **Ketcham will produce an email corroborating this statement.**

**INTERROGATORY NO. 9 (1 interrogatory; 19 requests running total)**

State the facts concerning the matters alleged in paragraph 31 of Your complaint.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.**

**Subject to and without waiving the foregoing objections, Ketcham responds as follows:**

- **Ketcham refers Defendants to text messages she produced and states that she was routinely required to work before-hours and after-hours to run work-related errands. Defendant Kristin Sheeler called Ketcham a "pack mule" because of the size of her sport utility vehicle, and was offered – but never paid – gas money given the extent of her time spent running errands for Defendants.**

**INTERROGATORY NO. 10 (1 interrogatory; 20 requests running total)**

State the facts concerning the matters alleged in paragraph 32 of Your complaint.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.**

18

Subject to and without waiving the foregoing objections, Ketcham responds as follows:

- **Ketcham refers Defendants to the complaint and her first production of documents.**

**INTERROGATORY NO. 11 (1 interrogatory; 21 requests running total)**

State the facts concerning the matters alleged in paragraph 33 of Your complaint.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.**

Subject to and without waiving the foregoing objections, Ketcham responds as follows:

- **Ketcham refers Defendants to her first production of documents.**

**INTERROGATORY NO. 12 (1 interrogatory; 22 requests running total)**

State the facts concerning the matters alleged in paragraph 34 of Your complaint.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.**

Subject to and without waiving the foregoing objections, Ketcham responds as follows:

- **Ketcham will produce an email corroborating this statement.**

**INTERROGATORY NO. 13 (1 interrogatory; 23 requests running total)**

State the facts concerning the matters alleged in paragraph 35 of Your complaint.

**ANSWER**: **Plaintiffs object to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.**

**Subject to and without waiving the foregoing objections, Ketcham responds as follows:**

- **Ketcham spoke verbally and, at times, by text message with the individual identified in ¶ 35 of the Complaint about the matters discussed therein. Ketcham did so throughout her employment with Defendants.**

**INTERROGATORY NO. 14 (1 interrogatory; 24 requests running total)**

State the facts concerning the matters alleged in paragraph 36 of Your complaint.

**ANSWER**: **Plaintiffs object to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.**

**Subject to and without waiving the foregoing objections, Ketcham responds as follows:**

- **Ketcham conducted the interviews outside of the workplace and was not clocked in during the time she conducted the interviews.**

**INTERROGATORY NO. 15 (1 interrogatory; 25 requests running total)**

State the facts concerning the matters alleged in paragraph 37 of Your complaint.

**ANSWER**: **Plaintiffs object to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks**

20

information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.

Subject to and without waiving the foregoing objections, Ketcham responds as follows:

- **Ketcham discussed this with Defendant Kristin Sheeler verbally.**

**INTERROGATORY NO. 16 (1 interrogatory; 26 requests running total)**

State the facts concerning the matters alleged in paragraph 38 of Your complaint.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Ketcham responds as follows:**

- **Ketcham discussed this with Defendant Kristin Sheeler verbally.**

**INTERROGATORY NO. 17 (1 interrogatory; 27 requests running total)**

State the facts concerning the matters alleged in paragraph 39 of Your complaint.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.**

21

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Ketcham responds as follows:**

- **Ketcham incorporates her responses to Interrogatory Nos. 9 and 14.**

**INTERROGATORY NO. 18 (1 interrogatory; 28 requests running total)**

State the facts concerning the matters alleged in paragraph 40 of Your complaint.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Ketcham responds as follows:**

- **Ketcham went to perform this errand before going to work and was not clocked in.**

**INTERROGATORY NO. 19 (1 interrogatory; 29 requests running total)**

State the facts concerning the matters alleged in paragraph 41 of Your complaint.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks**

22

information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.

Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.

Subject to and without waiving the foregoing objections, Ketcham responds as follows:

- Ketcham went to perform this errand before going to work and was not clocked in.

**INTERROGATORY NO. 20 (1 interrogatory; 30 requests running total)**

State the facts concerning the matters alleged in paragraph 49 of Your complaint.

**ANSWER**: Plaintiffs object to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.

Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.

Subject to and without waiving the foregoing objections, Ketcham responds as follows:

- Ketcham would routinely have her hours reduced whenever she brought up her pay.
- Ketcham was supposed to go on unemployment while Defendants renovated their Westhampton location, but never did so and never notified Ketcham of their intention to do so.

23

- **Defendants refused to place Ketcham back to work as a result of her complaints.**

**INTERROGATORY NO. 21 (1 interrogatory; 31 requests running total)**

State the facts concerning the matters alleged in paragraph 50 of Your complaint.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Ketcham responds as follows:**

- **Ketcham was informed about the Defendants' response by the New York State Department of Labor.**

**INTERROGATORY NO. 22 (1 interrogatory; 32 requests running total)**

If You contend that defendant Sheeler is an employer under FLSA, state the facts concerning such contention.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it seeks information already identified in Plaintiffs' Complaint.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Ketcham responds as follows:**

- **Defendant Kristin Sheeler hired Ketcham.**

- **Defendant Kristin Sheeler interviewed Ketcham.**

- **Defendants Kristin Sheeler and Jim Brinnen both discussed keeping Ketcham employed while renovations were underway at the Defendants' Westhampton location.**

- **Defendants Kristin Sheeler and Jim Brinnen set Ketcham's schedule.**

- **Defendants Kristin Sheeler set the terms and conditions of Ketcham's employment.**

- **Defendant Jim Brinnen paid Ketcham.**

- **Defendant Jim Brinnen sent work related emails to Ketcham, including onboarding documentation.**

## INTERROGATORY NO. 23 (1 interrogatory; 33 requests running total)

If You contend that defendant Brinnen is an employer under FLSA, state the facts concerning such contention.

**ANSWER: Plaintiffs object to this interrogatory to the extent that it seeks information already identified in Plaintiffs' Complaint.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Ketcham refers Defendants to her response to Interrogatory No. 22.**

## INTERROGATORY NO. 24 (1 interrogatory; 34 requests running total)

25

If You contend that Defendants' alleged violation(s) of FLSA were willful, state the facts concerning such contention.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seeks information protected by the attorney-client privilege and/or work product doctrine, and seeks information already identified in Plaintiffs' Complaint.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Ketcham responds as follows:**

- **Defendants did not pay their taxes nor file the appropriate employment returns.**

- **Defendants paid Goncalves and other employees by Zelle without taking withholdings.**

- **Defendants failed to provide Goncalves with pay stubs or commission sheets unless requested and, when requested, only sometimes.**

- **Defendants' pay stubs failed to itemize any withholdings, and they appeared to be created by the Defendants themselves.**

- **Goncalves otherwise refers Defendants to her complaint.**

Dated:    Jamaica, New York
          July 14, 2026

Respectfully submitted,

**CONSUMER ATTORNEYS, PLLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
6829 Main Street

26

Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiffs*
*Teresa Goncalves,*
*Dina Ketcham, and*
*all others similarly situated*

27

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/ Emanuel Kataev, Esq.*

28