## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

TERESA GONCALVES and DINA KETCHAM, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

KRISTIN SHEELER DESIGNS, LLC, KRISTIN SHEELER, and JAMES "JIM" BRINNEN,

Defendants.

Case No.: 2:25-cv-4264 (GRB) (ST)

**PLAINTIFFS' RESPONSES & OBJECTIONS TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

## GENERAL OBJECTIONS

Plaintiffs' responses are subject to the specific General Objections set forth below, each of which is incorporated by reference into the responses to each interrogatory and document demand. The production of information encompassed within Plaintiffs' General Objections shall not be deemed a waiver of these objections.

1. The right to object as to competency, relevancy, materiality, privilege and general admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial) and in any other action.

2. The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including trial) and in any other action.

3. The right at any time to revise, correct, add to, or clarify any of said answers set forth herein.

4. The right to object on any ground at any time to a request for a further or supplemental response (including a further or supplemental production of documents).

5.      Plaintiffs object to these uniformly overbroad discovery demands to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, the demands are overbroad to the extent that they cover time periods not relevant to the instant litigation.

6.      Plaintiffs object to Defendants' demands to the extent they are so overbroad that they impose an undue burden.

7.      Plaintiffs object to Defendants' demands to the extent they are unreasonably vague and/or ambiguous.

8.      Plaintiffs object to Defendants' demands to the extent they seek information that is confidential, proprietary, and/or protected from discovery by the attorney-client privilege, work product doctrine or self-critical analysis privilege.

9.      Plaintiffs object to Defendants' demands to the extent they seek personal or confidential information.

10.     The following responses are given without prejudice to Plaintiffs' right to produce subsequently discovered information or to make appropriate changes in such responses if additional documents or information is obtained. When, and if, such documents or information is obtained, these responses will be amended or supplemented.

11.     Plaintiffs object to Defendants' demands to the extent they assume facts that have not been established. Plaintiffs specifically reserve the right to object to the factual assumption made in these demands.

12.     Plaintiffs objects to Defendants' demands to the extent that the demands (i) exceed the permissible scope of discovery established under the Federal Rules of Civil Procedure (hereinafter referred to as the "Rules" or "Rule") and the local rules of this Court and (ii) attempt to place obligations upon Plaintiffs which are inconsistent with those rules.

13.     Plaintiffs will respond to Defendants' demands in accordance with the applicable rules.

All of Plaintiffs' answers are made subject to the above comments and qualifications.

## REQUESTS FOR DOCUMENTS AND THINGS

### TERESA GONCALVES

**REQUEST FOR PRODUCTION NO. 1:**

All statements (as that term is used in Fed. R. Civ. P. 26(b)(3)(C)) which were previously made by You concerning the action or its subject matter.

**RESPONSE TO REQUEST NO. 1:**

Plaintiffs object to this demand to the extent that it is overly broad, unduly burdensome, vague, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege, work product doctrine, and/or psychotherapist-patient privilege. Notwithstanding and without waiving the foregoing general and specific objections, Goncalves is not in possession, custody, or control of any responsive documents except the pleadings in this case. Plaintiffs reserve the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 2:**

The documents concerning Your claim for damages or the methods used to calculate such alleged damages.

**RESPONSE TO REQUEST NO. 2:**

Plaintiffs object to this demand to the extent that it is overly broad, unduly burdensome, vague, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Goncalves is not in possession, custody, or control of any responsive documents other than Plaintiffs' Rule 26 disclosures. Plaintiffs reserve the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 3:**

All documents that discuss the Incident alleged in the complaint in this lawsuit, including email correspondence, text and instant messages, notes, briefings, files, reports, and memos.

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs object to this demand to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege, work product doctrine, and/or psychotherapist-patient privilege. Notwithstanding and without waiving the foregoing general and specific objections, Goncalves is not in possession, custody, or control of any responsive documents. Plaintiffs reserve the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their

objections.

**REQUEST FOR PRODUCTION NO. 4:**

Copies of any witness statements You have obtained relating to the Incident or this lawsuit.

**RESPONSE TO REQUEST NO. 4:**

Plaintiffs object to this demand to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of the case, seeks documents protected by the attorney-client privilege, work product doctrine, and/or psychotherapist-patient privilege, and is duplicative of Request No. 3. Notwithstanding and without waiving the foregoing general and specific objections, Goncalves is not in possession, custody, or control of any responsive documents. Plaintiffs reserve the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 5:**

Documents created or maintained by You recording wages or other compensation paid or unpaid by the Defendants.

**RESPONSE TO REQUEST NO. 5:**

Plaintiffs object to this demand to the extent that it is unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Goncalves is not in possession, custody, or control of any responsive documents. Plaintiffs reserve the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 6:**

If You reported or complained internally to any Defendant about the FLSA claim(s) or NYLL claim(s), including but not limited to supervisors or administrative departments, such as human resources or payroll) about the claims stated in the complaint, the report(s) or complaint(s) and any response that was provided.

**RESPONSE TO REQUEST NO. 6:**

Plaintiffs object to this demand to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Goncalves is not in possession, custody, or control of any responsive documents. Plaintiffs reserve the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 7:**

Documents that You rely on to support Your claim of a willful violation of FLSA.

**RESPONSE TO REQUEST NO. 7:**

Plaintiffs object to this demand to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Goncalves is not in possession, custody, or control of any responsive documents. Plaintiffs reserve the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 8:**

If You reported or complained about Your FLSA claim(s) or NYLL claim(s) to any government agency, the report(s) or complaint(s), and any response that You received.

**RESPONSE TO REQUEST NO. 8:**

Plaintiffs objects to this demand to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Goncalves is not in possession, custody, or control of any responsive documents. Plaintiffs reserve the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 9:**

All summaries and demonstratives that You will use during this litigation.

**RESPONSE TO REQUEST NO. 9:**

Plaintiffs object to this demand to the extent that it is premature, vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Goncalves is not in possession, custody, or control of any responsive documents. Plaintiffs reserve the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents identified, referenced, reviewed, relied upon or used in any way as part of Your obligations under Fed. R. Civ. P. 26 or 33, including documents identified in Your initial disclosures and documents identified, referenced, reviewed, or relied upon to respond to Defendants' interrogatories in this lawsuit.

**RESPONSE TO REQUEST NO. 10:**

Plaintiffs object to this demand to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Plaintiffs further object to the extent the Request seeks private, sensitive, or confidential information, including personal financial information, and states that any such production would be subject to appropriate confidentiality protections under Rule 26(c). Notwithstanding and without waiving the foregoing general and specific objections, Plaintiffs refer Defendants to their first production of documents Bates stamped P1-P1011. Plaintiffs reserve the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications that You intend to offer as evidence in this lawsuit.

**RESPONSE TO REQUEST NO. 11:**

Plaintiffs object to this demand to the extent that it is premature, vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiffs refer Defendants to their first

8

production of documents Bates stamped P1-P1011. Plaintiffs reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 12:**

All communications with Teresa Gonclaves [*sic*] concerning this lawsuit and the facts underlying this lawsuit.

**RESPONSE TO REQUEST NO. 12:**

Plaintiffs object to this demand to the extent that it is premature, vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, seeks documents protected by the common interest privilege, attorney-client privilege and/or work product doctrine, and confusing, given that Goncalves cannot communicate with herself.

**REQUEST FOR PRODUCTION NO. 13:**

All communications with any third party, excluding your counsel, concerning this lawsuit and the facts underlying this lawsuit.

**RESPONSE TO REQUEST NO. 13:**

Plaintiffs object to this demand to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege, work product doctrine, and/or psychotherapist-patient privilege. Notwithstanding and without waiving the foregoing general and specific objections, Goncalves is not in possession, custody, or control of any responsive documents. Plaintiffs reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffss's continuing obligations, and will state whether any documents are being withheld on

9

the basis of their objections.

## DINA KETCHAM

### REQUEST FOR PRODUCTION NO. 1:

All statements (as that term is used in Fed. R. Civ. P. 26(b)(3)(C)) which were previously made by You concerning the action or its subject matter.

### RESPONSE TO REQUEST NO. 1:

Plaintiffs object to this demand to the extent that it is overly broad, unduly burdensome, vague, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege, work product doctrine, and/or psychotherapist-patient privilege. Notwithstanding and without waiving the foregoing general and specific objections, Ketcham refers Defendants to Plaintiffs' first production of documents Bates stamped P849-P858, P1010. Plaintiffs reserve the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

### REQUEST FOR PRODUCTION NO. 2:

The documents concerning Your claim for damages or the methods used to calculate such alleged damages.

### RESPONSE TO REQUEST NO. 2:

Plaintiffs object to this demand to the extent that it is overly broad, unduly burdensome, vague, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Ketcham refers Defendants to Plaintiffs' first production of documents Bates stamped P1-P1011 and Plaintiffs' initial disclosures. Plaintiffs reserve the

10

right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 3:**

All documents that discuss the Incident alleged in the complaint in this lawsuit, including email correspondence, text and instant messages, notes, briefings, files, reports, and memos.

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs object to this demand to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege, work product doctrine, and/or psychotherapist-patient privilege. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiffs refer Defendants to their first production of documents Bates stamped P1-P1011. Plaintiffs reserve the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 4:**

Copies of any witness statements You have obtained relating to the Incident or this lawsuit.

**RESPONSE TO REQUEST NO. 4:**

Plaintiffs object to this demand to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of the case, seeks documents protected by the attorney-client privilege, work product doctrine, and/or psychotherapist-patient privilege, and is duplicative of Request No. 3. Notwithstanding and without waiving the foregoing general and specific objections, Ketcham is not in possession, custody, or control of any responsive documents.

Plaintiffs reserve the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 5:**

Documents created or maintained by You recording wages or other compensation paid or unpaid by the Defendants.

**RESPONSE TO REQUEST NO. 5:**

Plaintiffs object to this demand to the extent that it is unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiffs refer Defendants to their first production of documents Bates stamped P1-P1011. Plaintiffs reserve the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 6:**

If You reported or complained internally to any Defendant about the FLSA claim(s) or NYLL claim(s), including but not limited to supervisors or administrative departments, such as human resources or payroll) about the claims stated in the complaint, the report(s) or complaint(s) and any response that was provided.

**RESPONSE TO REQUEST NO. 6:**

Plaintiffs object to this demand to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing

general and specific objections, Plaintiffs refer Defendants to their first production of documents Bates stamped P1-P1011. Plaintiffs reserve the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 7:**

Documents that You rely on to support Your claim of a willful violation of FLSA.

**RESPONSE TO REQUEST NO. 7:**

Plaintiffs object to this demand to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiffs refer Defendants to their first production of documents Bates stamped P1-P1011. Plaintiffs reserve the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 8:**

If You reported or complained about Your FLSA claim(s) or NYLL claim(s) to any government agency, the report(s) or complaint(s), and any response that You received.

**RESPONSE TO REQUEST NO. 8:**

Plaintiffs objects to this demand to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Ketcham is not in possession, custody, or control of any responsive documents other than P1010. Plaintiffs reserve the right to supplement these responses as

13

additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 9:**

All summaries and demonstratives that You will use during this litigation.

**RESPONSE TO REQUEST NO. 9:**

Plaintiffs object to this demand to the extent that it is premature, vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Ketcham is not in possession, custody, or control of any responsive documents. Plaintiffs reserve the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents identified, referenced, reviewed, relied upon or used in any way as part of Your obligations under Fed. R. Civ. P. 26 or 33, including documents identified in Your initial disclosures and documents identified, referenced, reviewed, or relied upon to respond to Defendants' interrogatories in this lawsuit.

**RESPONSE TO REQUEST NO. 10:**

Plaintiffs object to this demand to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Plaintiffs further object to the extent the Request seeks private, sensitive, or confidential information, including personal financial information, and states that any such production would be subject to appropriate confidentiality

14

protections under Rule 26(c). Notwithstanding and without waiving the foregoing general and specific objections, Plaintiffs refer Defendants to their first production of documents Bates stamped P1-P1011. Plaintiffs reserve the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications that You intend to offer as evidence in this lawsuit.

**RESPONSE TO REQUEST NO. 11:**

Plaintiffs object to this demand to the extent that it is premature, vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiffs refer Defendants to their first production of documents Bates stamped P1-P1011. Plaintiffs reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 12:**

All communications with Teresa Gonclaves [*sic*] concerning this lawsuit and the facts underlying this lawsuit.

**RESPONSE TO REQUEST NO. 12:**

Plaintiffs object to this demand to the extent that it is premature, vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the common interest privilege, attorney-client privilege and/or work product doctrine.

Notwithstanding and without waiving the foregoing general and specific objections, Plaintiffs are not in custody, control, or possession of any responsive documents. Plaintiffs reserve the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiffs' continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 13:**

All communications with any third party, excluding your counsel, concerning this lawsuit and the facts underlying this lawsuit.

**RESPONSE TO REQUEST NO. 13:**

Plaintiffs object to this demand to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege, work product doctrine, and/or psychotherapist-patient privilege.

Dated:    Jamaica, New York
   July 14, 2026

Respectfully submitted,

**CONSUMER ATTORNEYS, PLLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiffs*
*Teresa Goncalves,*
*Dina Ketcham, and*
*all others similarly situated*

16

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/ Emanuel Kataev, Esq.*