

July 17, 2026

**By EMAIL**

Emanuel Kataev, Esq.
Sage Legal LLC
18211 Jamaica Avenue
Jamaica, NY 11423-2327

**Re:** <u>**Gonclaves v. Kristin Sheeler Designs**</u>**, Case No. 2:25-cv-04264 (GRB/ST)
Deficiency in Discovery Responses**

Mr. Kataev:

We represent the Defendants in the above captioned matter.  We write to set out certain deficiencies in Plaintiffs' July 15, 2026 discovery responses, which must be remedied immediately.

**First**, Plaintiffs' discovery responses were unacceptably late.  Defendants issued discovery demands (as did Plaintiffs), on March 20, 2026.  Defendants responded timely on April 20, 2026.  Plaintiffs issued no responses until July 15, 2026, at which time Plaintiffs served a purported response to Defendants' interrogatories and demands for production of documents.  The responses were therefore three months late, with no excuse.  I will remind you that during the June 30, 2026 hearing before the Court, the Court referred to your excuses as "spurious."  I also remind you that Defendants brought a motion to compel before the Magistrate Judge on April 28, 2026, to which Plaintiffs failed to respond, and that a hearing is to be held on Monday.  All rights reserved to seek sanctions for Plaintiffs' lack of discovery compliance.

We further note that the schedule for end of fact discovery was on July 10, 2026, and Plaintiffs' deficient response did not take place until five days after that date.  Defendants were therefore deprived of their right to depose Plaintiffs.  We will take this issue up with the Magistrate Judge on Monday.

**Second**, Plaintiffs' interrogatory responses are frivolously deficient and are rejected.  Rule 33(b)(3) clearly requires that each interrogatory must "be answered separately and fully in writing under oath."  These responses are signed only by counsel, and therefore are deficient on their face.

**Third**, Plaintiffs cannot combine interrogatory responses from Goncalves and Ketchum.  Defendants issued individual interrogatories to each of them.  Each demand must be individually responded to by each individual Plaintiff, and then sworn.

**Fourth**, numerous of Plaintiffs' interrogatory responses are simply references to other documents.  *See, e.g.*, Goncalves' response to interrogatory 1, which refers to Plaintiffs' Rule 26

**T:** 212-390-8842      14 Wall Street, 20th Floor
**F:** 866-844-8305      New York, NY 10005
**David**@BoJo.law      **www.BoJo.law**

disclosures, and response to interrogatory 2, which refers to the complaint.  "Answers to interrogatories that incorporate other documents by reference are strongly disfavored. Reference to depositions, other answers to the interrogatories, other document production, the complaint itself, or any other documents are improper and thus unresponsive." Trueman v New York State Canal Corp., 2010 WL 681341, at *3 [NDNY Feb. 24, 2010].  Each response – and there are many – that relies upon reference to another document must be revised and a proper response submitted.

**Fifth**, we note that Plaintiffs interrogatory responses refer to documents to be produced, and – as discussed below – Plaintiffs are producing no documents.  For example, Ketcham's response to interrogatory 6 is that she complained in writing via email and text message to Sheeler and Brinnen.  Ketcham's response to interrogatory 8 is that she will produce a corroborating email.  She makes a similar response to interrogatory 12.  Several other responses refer to emails or texts.  *See, e.g.*, Ketchem response to interrogatory 13.  And yet there has been no production, and Plaintiffs' response to the document requests say that there will be none.  Those documents should be produced at once.

**Sixth**, a number of Plaintiffs' responses improperly invoke the attorney client privilege.  For example, Goncalves' response to interrogatory 8 invokes the privilege.  The interrogatory is to state the *facts* underlying Plaintiffs' allegation at paragraph 20 of the complaint that the work environment was a "sweatshop" with "seventeen (17) girls."  It is impossible that a response to this factual interrogatory involves the privilege.  The same is true of interrogatory 9, 10, 11, 12, 13, and 14 to Goncalves, among numerous others.

The same is true of numerous of the responses to discovery demands.  For example, request for production 5 asks for documents regarding wages and compensation, unpaid or paid.  You make a privilege objection.  It is impossible that any of these documents would be privileged.  These improper privilege objections should be withdrawn.  To the extent that they are not withdrawn, we must have a privilege log so that we can evaluate what is being withheld.

**Seventh**, Ketcham's response to interrogatory 24 is obviously cut and pasted from Goncalve's response to interrogatory 17.  The text is the same, and Ketcham's response refers to alleged failures to pay Goncalves.  We need a proper response from Ketcham.

**Eighth**, it appears that Plaintiffs intend to produce no documents at all in response to Defendants' requests for production of documents.  This is not credible, and as discussed above, is contradicted by Plaintiffs' responses to interrogatories, which expressly refer to various emails and text messages.  Further, there *must* be some responsive documents to numerous of these requests.  Request 3 is for emails discussing the incidents giving arise to the complaint.  Plaintiffs' response is that they do not have any documents.  This is not credible.  Further, each objection very oddly states that Plaintiffs "will state whether any documents are being withheld on the basis of their objections."  Where are these statements?  What is being withheld, and on what basis?  Once again, a log of documents withheld is necessary.

In sum, Plaintiffs' responses to Defendants' demands are utterly inadequate.  They are months

late, they are unsworn, they are not individually answered, and they are deficient. Defendants will provide a copy of this letter to the Magistrate Judge prior to the hearing on Monday, and will raise these issues then. Defendants will seek appropriate sanctions for Plaintiffs' utter neglect of this lawsuit.

Yours very truly,

David K. Bowles
Bowles & Johnson PLLC