# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

August 14, 2026

<u>VIA ECF</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Gary R. Brown, U.S.D.J.
100 Federal Plaza, Courtroom 940
Central Islip, NY 11722-9014

> **Re:**   **Goncalves, *et ano*. v. Kristin Sheeler Designs, LLC, *et al.***
> **Case No.: 2:25-cv-04264 (GRB) (ST)**
> <u>**Plaintiffs' Letter Motion for a Pre-Motion Conference**</u>

Dear Judge Brown:

This firm represents Plaintiffs Teresa Goncalves ("Goncalves") and Dina Ketcham ("Ketcham") (Goncalves and Ketcham collectively hereinafter the "Plaintiffs") in the above-referenced case.  Pursuant to the Court's Individual Rule II(g), Plaintiffs respectfully request a pre-motion conference regarding their anticipated motion under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") to dismiss the three (3) state-law counterclaims asserted by Defendants in their answer with counterclaims (hereinafter the "Counterclaims").  <u>See</u> ECF Docket Entry <u>24</u>.  Plaintiffs timely do so given the Hon. Steven L. Tiscione, U.S.M.J's ("Judge Tiscione") August 12, 2026 Order set August 14, 2026 as Plaintiffs' deadline to respond.

The Counterclaims must be dismissed because they fall outside the Court's exercise of supplemental jurisdiction and, independently, do not plausibly plead conversion, defamation, or tortious interference with business relations.

## I.   <u>The Court Lacks Supplemental Jurisdiction Over Defendants' Counterclaims</u>

The Counterclaims are permissive because they do not arise from the same transaction or occurrence as Plaintiffs' wage-and-hour claims.  <u>See</u> Fed. R. Civ. P. 13(a)-(b); <u>see</u> <u>also</u> <u>Jones v. Ford Motor Credit Co.</u>, 358 F.3d 205, 209-10 (2d Cir. 2004). Nor do they share the common nucleus of operative facts to the wage-and-hour claims as required by 28 U.S.C. § 1367(a).

Plaintiffs' claims concern hours worked, pay rates, payroll practices, overtime, reimbursements, wage notices, and wage statements. The Counterclaims instead concern alleged: (i) clothing and cash takings; (ii) use of an employee discount; (iii) statements allegedly made to unidentified employees, customer and staffing relationships; and (iv) Defendants' decision not to reopen a store after a fire. Those tort claims require different proof and additional discovery; the parties' employment relationship is their only meaningful connection.

The Hon. Nusrat J. Choudhury, U.S.D.J. ("Judge Choudhury") recently applied this principle to materially similar counterclaims in a wage-and-hour case.  <u>See</u> <u>Cicek v. Green Station Auto Services Inc.</u>, No. 23-CV-5448 (NJC) (ARL), Dkt. 24, at 7-9 (E.D.N.Y. May 17, 2024).

There, the employer alleged employee theft, falsified records, and interference with customers. Judge Choudhury held that the counterclaims were permissive and outside supplemental jurisdiction because the employment relationship alone did not supply a common nucleus of operative fact. Id. This Court should likewise conclude that employment alone is insufficient to sufficiently connect the Defendants' state law claims to this wage-and-hour case. See Anwar v. Stephens, No. 15-CV-4493 (JS) (GRB), 2016 WL 4468090, at *4 (E.D.N.Y. Aug. 3, 2016), report and recommendation adopted, 2016 WL 4468239 (E.D.N.Y. Aug. 24, 2016). The same result follows here, and the Counterclaims should be dismissed pursuant to Rule 12(b)(1).

## II.    Defendants' Then-Existing Claims Against Goncalves Are Barred

Defendants' claims against Goncalves are independently barred, at least in substantial part, by the prior action they commenced against her under her former married name, Teresa Sullivan. See Kristin Sheeler Designs LLC v. Sullivan, Index No. 602096/2024 (Sup. Ct., Suffolk Cty.) (the "Suffolk Action"). Defendants' amended complaint in that action placed Goncalves' employment, management of the Westhampton store, relationships with Defendants' customers, alleged workplace misconduct, and the resulting harm to Defendants' customers, reputation, and revenues directly at issue. Among other things, Defendants alleged that Goncalves deliberately instigated an altercation that cost them a valuable customer and caused reputational and revenue losses, disclosed confidential information, and used her customer relationships and training to benefit a competitor. See Suffolk Action, Am. Compl. ¶¶ 7–16, 21–23, 30, 40–43 (NYSCEF Docket Entry 10).

The Hon. Robert F. Quinlan, J.S.C. ("Justice Quinlan") granted Goncalves' motion pursuant to New York Civil Practice Law & Rules ("CPLR") § 3211(a)(7) and dismissed the action. See Id., NYSCEF Docket Entry 28. Defendants thereafter executed an unconditional stipulation discontinuing the entire action "with prejudice," without reserving any claim or right against Goncalves. See Id., NYSCEF Docket Entry 30.

This Court must afford that disposition the same preclusive effect it would receive in New York courts. See 28 U.S.C. § 1738; see also Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Under New York's transactional approach, "once a claim is brought to a final conclusion, *all other claims arising out of the same transaction or series of transactions are barred*," even when presented under a different legal theory or seeking a different remedy. See Simmons v. Trans Express Inc., 37 N.Y.3d 107, 111 (2021) (emphasis in original). Moreover, " '[a] stipulation of discontinuance with prejudice without reservation of right or limitation of the claims disposed of is entitled to preclusive effect.'" See Beneficial Homeowner Serv. Corp. v. Francis, 231 A.D.3d 788, 789 (2d Dept. 2024) (internal citations omitted).

Much as it wishes to, Defendants therefore cannot litigate selected claims arising from Goncalves' employment and alleged injury to their business while withholding other then-existing claims for use in a later federal action. The conversion claim against Goncalves rests entirely on alleged cash removals during her employment, which ended in May 2023, well before Defendants commenced the Suffolk Action and amended their complaint. See ECF Docket Entry 24 ¶¶ 185-87, 231-37. Defendants allege no subsequent discovery or other reason why that claim could not have been included in its amended state-court pleading.

2

Indeed, the claims here arise from the same course of employment, the same managerial access to Defendants' Westhampton operations, and the same alleged pattern of intentional injury to Defendants that they placed at issue in the Suffolk Action. It is therefore barred.

The tortious-interference claim is even more directly duplicative insofar as it alleges that Goncalves's conduct during [her] employment drove away Defendants' customers and employees and damaged its revenues. Id. ¶¶ 243–47. Those allegations merely repackage Defendants' prior allegations that Goncalves intentionally caused the loss of a customer and harmed their reputation and revenues. Changing the label from breach of contract to tortious interference, or demanding a different measure of damages, does not avoid claim preclusion.

Accordingly, the conversion counterclaim should be dismissed against Goncalves, and the tortious interference counterclaim should be dismissed to the extent it rests on conduct occurring before the Suffolk Action was discontinued with prejudice.

## III. Defendants' Counterclaims Must be Dismissed for Failure to State a Claim in Any Event

Even were this Court to exercise supplemental jurisdiction over the Counterclaims (which it should not), each of the Counterclaims fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  The standard for each claim and Plaintiffs' arguments in support of dismissal follow *seriatim*.

### A.  Defendants Do Not Plausibly Plead Conversion

A conversion claimant must plausibly allege a possessory right in identified property and the defendant's unauthorized dominion over that property to the exclusion of the claimant's rights. See Colavito v. New York Organ Donor Network, Inc., 8 N.Y.3d 43, 49-50 (2006). Access or control, without exclusion of the owner, is insufficient. See Superb Motors Inc. v. Deo, 776 F. Supp. 3d 21, 84-85 (E.D.N.Y. 2025) (Wicks, J.). Money is convertible only when it is specifically identifiable, rather than a generalized category of corporate funds. Id.

As to Ketcham, Defendants alleges that she "removed clothing" and "abused the employee discount policy," but identifies no item, date, transaction, quantity, or circumstances of any alleged taking. See ECF Docket Entry 24 ¶¶ 207-12, 228-30. The assertion that inventory deficiencies were a convenient excuse for taking clothing is expressly made on information and belief, without supporting facts. Id. ¶ 210.[1] The discount theory fails for the additional reason that, on Defendants' own pleading, the merchandise was purchased. Id. ¶¶ 208, 228. Defendants do not allege that they

---

[1] In the Second Circuit, "conclusory pleadings 'on information and belief' are inadequate as a matter of law" to survive a motion to dismiss under Rule 12(b)(6).  See Lesavoy v. Lane, 304 F. Supp. 2d 520, 527 (S.D.N.Y. 2004); see also Singa v. Corizon Health, Inc., No. 17-CV-4482 (BMC), 2018 WL 324884, at *4 (E.D.N.Y. Jan. 8, 2018) (alleging something "'upon information and belief'" does not suffice to allege a fact under Iqbal and Twombly unless the pleading party can point to some facts that make the allegations more than pure speculation") (internal citation omitted).

3

retained title or an immediate superior possessory right after any sale. An alleged violation of an internal discount policy does not itself plead conversion of Defendants' property.

The allegations against Goncalves are equally conclusory. Defendants acknowledge that Goncalves was authorized to take register cash for store incidentals, then alleges that unidentified cash envelopes were sometimes short by up to $100.00 and, on information and belief, that she took more than $5,000.00. Id. ¶¶ 185-87. The claim identifies no transaction, date, register, amount, account, batch of receipts, or segregated fund, and pleads no facts connecting any reconciliation discrepancy to Goncalves. The ensuing allegation that she "removed money" simply restates the element of unauthorized dominion in a conclusory manner. Id. ¶¶ 231-35. Finally, Defendants' assertion that each Plaintiff converted property worth more than $5,000.00 is unsupported by any calculation or identified property. Id. ¶¶ 236-37. A damages label cannot supply the missing facts establishing Defendants' possessory right, each Plaintiff's distinct act of dominion, or identifiable property. The conversion counterclaim should therefore be dismissed.

### B. <u>Defendants Do Not Plausibly Plead Defamation</u>

A defamation claim requires a false statement of fact, publication to a third party without privilege, fault, and either special harm or defamation per se. See Restis v. American Coalition Against Nuclear Iran, Inc., 53 F. Supp. 3d 705, 716 (S.D.N.Y. 2014). Even under Rule 8, the claimant must identify the challenged statements and their context. Id. at n.6. Defendants instead alleges only that, "[o]n information and belief," Plaintiffs published unidentified "mischaracterizations, misrepresentations, and fabrications" to unidentified current and former employees. See ECF Docket Entry 24 ¶ 239.

Defendants do not allege the words used, whether they were oral or written, when or where they were made, who spoke, who heard them, or how any particular statement was false. It also improperly groups both Plaintiffs together, without attributing any publication to either plaintiff. Without the words and context, the Court cannot determine falsity, defamatory meaning, fact versus opinion, fault, or privilege. Labels such as "fabrications" do not cure those omissions.

Moreover, to the extent the claim rests on allegations made in the Complaint – as Defendants expressly alleges elsewhere – those statements are absolutely privileged because they were made in the course of a judicial proceeding and are pertinent to Plaintiffs' wage claims. Id. ¶¶ 223-25; see also Front, Inc. v. Khalil, 24 N.Y.3d 713, 718-20 (2015). Defendants' vague allegation that unspecified matters were later "repeated" outside the litigation does not identify an actionable, unprivileged republication by either Plaintiff. Critically, this case was filed as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), which permits the Plaintiffs to join collectively to challenge their employers' failure to pay wages. Given the congressional intent behind the FLSA's broad remedial purposes, any statements made by the Plaintiffs to other employees are further protected by the absolute litigation privilege on that ground.

Defendants also plead no special damages with the specificity required by Rule 9(g). They identify no lost hire, customer, transaction, or revenue amount caused by a particular publication, alleging only "difficulty" rehiring and a "decrease in revenue." See ECF Docket Entry 24 ¶¶ 240-

41. And without the alleged words used, Defendants cannot show that any statement fits a *per se* defamation category. <u>See</u> <u>Coleman v. Grand</u>, 158 F.4th 132, 138-40 (2d Cir. 2025). The defamation counterclaim should therefore be dismissed.

### C. <u>Defendants Do Not Plausibly Plead Tortious Interference</u>

Tortious interference with business relations requires a specific business relationship with a third party, intentional interference, wrongful means or a sole purpose to harm, and injury caused by the interference. <u>See</u> <u>Katz v. Travelers</u>, 241 F. Supp. 3d 397, 404 (E.D.N.Y. 2017). The alleged wrongful conduct must be directed at the third party, not merely at the claimant. <u>See</u> <u>Carvel Corp. v. Noonan</u>, 3 N.Y.3d 182, 190-92 (2004).

Defendants identify no particular customer, employee, prospective hire, transaction, or concrete business expectancy. They refer generically to relationships with store customers and "current and former employees" and assert, in formulaic terms, that Plaintiffs knew of and interfered with those relationships. <u>See</u> ECF Docket Entry 24 ¶¶ 243-45. They do not identify what either Plaintiff said or did to any third party, when either of them did it, which relationship was affected, or facts supporting intent, wrongful means, or a sole purpose to injure Defendants.

The allegation that unspecified conduct during employment created a "toxic environment" that drove away unidentified customers and employees is a conclusion, not a factual account of independently wrongful conduct directed at a third party. <u>Id.</u> ¶ 245. Defendants also fail to allege that any identified third party would have entered or continued a relationship with Defendants but for either Plaintiff's conduct. Nor does the unexplained $840,000.00 demand establish causation. Defendants alleges that the Westhampton store did not reopen after an October 25, 2024 fire, but plead no facts showing that either Plaintiff caused the reopening decision or that the claimed revenue flowed from interference with any identified relationship. <u>Id.</u> ¶¶ 216, 246-47. The intervening fire underscores the missing causal allegations. The tortious interference counterclaim should therefore be dismissed.

For these reasons, Plaintiffs respectfully request a pre-motion conference and permission to move to dismiss the Counterclaims under Rules 12(b)(1) and 12(b)(6).

Dated: Jamaica, New York  
      August 14, 2026

Respectfully submitted,

**SAGE LEGAL LLC**  
*/s/ Emanuel Kataev, Esq.*  
Emanuel Kataev, Esq.  
18211 Jamaica Avenue  
Jamaica, NY 11423-2327  
(718) 412-2421 (office)  
(718) 489-4155 (facsimile)  
(917) 807-7819 (cellular)  
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*  
*Teresa Goncalves,*

*and Dina Ketcham*

**VIA ECF**
All counsel of record