Bowles&Johnson

September 2, 2026

**VIA ECF**

Hon. Gary R. Brown
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re: Goncalves, et al. v. Kristin Sheeler Designs, LLC, et al., No. 2:25-cv-04264-GRB-ST**
**Opposition to Plaintiffs' Letter Motion for a Pre-Motion Conference**

Dear Judge Brown:

Defendants Kristin Sheeler Designs LLC ("KSD"), Kristin Sheeler ("Sheeler"), and James "Jim" Brinnen ("Brinnen," and collectively, "Defendants") respectfully submit this opposition to Plaintiffs Teresa Goncalves ("Goncalves") and Dina Ketcham's ("Ketcham," and together with Goncalves, "Plaintiffs") pre-motion letter.

On July 31, 2025, Plaintiffs filed their complaint against Defendants. ECF No. 1. The complaint was styled as a FLSA collective action for failure to pay minimum wage and overtime, with supplemental claims styled as a NYLL class action. Id. Defendants sought dismissal of the complaint, which was granted as to the FLSA minimum wage theory. To date, Plaintiffs have made no motion for FLSA collective or NYLL class certification.

Following the hearing on Defendants' pre-motion letter, KSD filed a Counter-Complaint alleging counterclaims against Plaintiffs for conversion, defamation, and tortious interference (the "Counterclaims"). ECF No. 24 at 18-29. Plaintiffs failed to timely respond to the Counterclaims due to "oversight" and sought additional time to respond. ECF Nos. 31, 32. Thereafter, Plaintiffs filed their letter request for a pre-motion conference, seeking to dismiss KSD's the Counterclaims. Defendants respectfully request that the Court deny Plaintiffs' Letter Motion *in toto*, for the reasons set forth more fully below.

## I. Failure to Follow Court Rules

As a preliminary matter, Defendants respectfully request the Court disregard Plaintiffs' Letter Motion as exceeding the clear mandate of Section II(g)(1) of the Court's Individual Rules that such letters be between two and four pages in length. As the Court knows, Plaintiffs have a history in this matter of disregarding the rules – including even the deadline for filing their Letter Motion – and their continual scoffing at the Court's requirements should not be overlooked.

David K. Bowles

T: 212-390-8842
F: 866-844-8305
David@BoJo.law

14 Wall Street, 20th Floor
New York, NY 10005
www.BoJo.law

## II. Supplemental Jurisdiction

Plaintiffs' first argument is that the Counterclaims should be dismissed because they are permissive counterclaims that do not share a common nucleus of operative facts to Plaintiffs' claims as required by 28 U.S.C. § 1367(a). ECF. No 34 at 1. This is simply not correct.

The Counterclaims are brought under State law, therefore this Court may exert supplemental jurisdiction under 28 U.S.C. § 1367(a). Supplemental jurisdiction is appropriate where counterclaims are compulsory or, if the counterclaims are permissive, where the claims share a common nucleus of operative facts with the underlying claims. 28 U.S.C. § 1367(a); Fed. R. Civ. P. 13; Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004). A counterclaim is compulsory when it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require the addition of another party over whom the Court cannot acquire jurisdiction. Fed. R. Civ. P. 13(a)(1). Permissive counterclaims are those that are not compulsory. Id. A permissible counterclaim is allowed if there is a logical relationship between the counterclaim and the main claim such that the essential facts necessitate the resolution of the issues in one lawsuit. Id. Jones v. Ford Motor Credit Co., 358 F.3d 205, 209 (2d Cir. 2004); *see also* Prosper v. BronxWorks, Inc., No. 25-CV-4956 (AS), 2026 WL 1413582, at *3 (S.D.N.Y. May 20, 2026) (permissive counterclaims allowed).

Here, Defendants' counterclaims are not compulsory, but they are permissive and should be allowed here, as they share a common nucleus of operative facts with the underlying claims. 28 U.S.C. § 1367(a). Plaintiffs use their single FLSA claim to shoehorn in a variety of NYLL claims related to Defendants' alleged failure to pay Plaintiffs for wages, overtime, and wage benefits. For example, plaintiff Ketcham alleges that she used her vehicle to transport merchandise to and from work without getting paid (ECF No. 1, ¶¶31, 41) and that when she complained about wages Defendants retailed by reducing her hours, resulting in her constructive discharge (ECF No. 1, ¶49). Plaintiffs also allege they were exemplary employees (Id. ¶45).

Defendants' counterclaims clearly share a common nucleus of fact with Plaintiffs' claims. For example, Defendants allege that Plaintiffs have defamed Defendants via various "mischaracterizations, misrepresentations, and fabrications" to employees of KSD. Defendants expressly state that these false statements are related to the fabricated claims against Defendants in this lawsuit. ECV No. 24 at ¶¶223-224. This could not be more related, and certainly constitutes a common nucleus of fact.

Further, Defendants' counterclaims raise issues of Plaintiff Ketcham's removal of merchandise from the store for her own purposes (ECF No. 24, First Counterclaim), and highlight Plaintiffs' poor performance as employees (ECF No. 24, Second Counterclaim and Third Counterclaim). The Counterclaims directly confront Plaintiff Ketcham's claims of retaliation, as her hours were clearly reduced not as a result of retaliation, but in the wake of a fire at the store in which she worked. ECF No. 24, ¶¶ 174, 176, 205, 209, 246. Again, Plaintiffs have raised the very facts that underpin the Counterclaims.

## III. Claims Against Goncalves

Plaintiffs also argue that the Counterclaims should be dismissed as against Goncalves as barred by the prior action between KSD and Goncalves. ECF. 34 at 2. This argument is without merit, and as presented by Plaintiffs is dramatically misleading to the Court.

In 2024, KSD sued Goncalves (then "Teresa Sullivan") for breach of her noncompete agreement. This was the sole basis of the lawsuit. Ex. A (complaint in state action). On June 5, 2024, the state court dismissed the action solely on the grounds that the noncompete agreement was unenforceable. Ex. B. In the interim, KSD had added a second defendant (Georgica Pine Clothiers, LLC ("Georgica"), and given the state court's decision, the parties agreed to dismiss the lawsuit against that new defendant. Ex. C. To state that this earlier stipulation of dismissal against Georgica somehow bars all other claims against Goncalves is specious.

Defendants' claims against Goncalves now have nothing to do with her noncompete agreement with KSD. Especially Defendants' defamation claim – which has to do with allegations relating to the current lawsuit – *necessarily* occurred after her employment with KSD, and during the course of this lawsuit. ECF no. 24 at ¶¶238-241. Naturally they would not be barred by the dismissal of Georgica, or by the earlier lawsuit.

## IV. Failure to State a Claim

### a. KSD States a Claim for Conversion

Plaintiffs argue that Defendants fail to plausibly state a claim for conversion. Letter Motion at 3-4. They clearly do.

In order to state a claim for conversion, "a plaintiff must show (1) legal ownership or an immediate right of possession to a specific identifiable thing and (2) that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's right." Giardini v. Settanni, 159 A.D.3d 874, 875, 70 N.Y.S.3d 57, 58 (2018). Defendants have clearly alleged that Ketcham removed KSD's clothing – which KSD had legal ownership of – and purchased clothing at a discount for others when not authorized to do so. ECF No. 24 at ¶¶228-230. Likewise, Defendants have alleged that Goncalves took money from the cash register. Id. at ¶¶231-234.

Plaintiffs essentially argue that Defendants have not pled conversion with particularity. Letter motion at 3-4. But there is no particularity requirement for pleading conversion. Exec. Photo, Inc. v. Norrell, 756 F. Supp. 798, 800 (S.D.N.Y. 1991). To the extent the Court concludes that more details are required, Defendants would seek leave to amend.

### b. KSD States a Plausible Claim for Defamation

Plaintiffs next argue that Defendants have not pled a claim for defamation. Letter Motion at 4-5. While they at least admit that there is no particularity requirement for this, they nonetheless argue that the counterclaim is insufficiently particular. Id.

Defamation requires "a false statement; published without privilege or authorization to a third party; constituting fault as judged by, at a minimum, a negligence standard; which causes special harm or constitutes defamation per se." Sachs v. Matano, 50 Misc. 3d 420, 421–22, 22 N.Y.S.3d 310, 312 (N.Y. Sup. Ct. 2015). The term "'special harm' means 'the loss of something having economic or pecuniary value.'" Albert v. Loksen, 239 F.3d 256, 271 (2d Cir. 2001).

Here, Defendants allege that Plaintiffs, *inter alia*, have filed a sham complaint filled with unsupportable claims, which "are actively damaging KSD's reputation." ECF No. 24 at ¶¶223-224. Defendants further argue that this has made "it difficult for KSD to re-hire former employees, resulting in a decrease in revenues . . . ." Id. at ¶226. Thus, Defendants have pled both that Plaintiffs uttered false statements that caused special harm.

As to Plaintiffs' claim of litigation privilege, they go too far. Letter Motion at 3-4. There is no doubt that Plaintiffs' complaint itself is privileged, as are attorney statements regarding that complaint. Front, Inc. v. Khalil, 24 N.Y.3d 713, 719, 28 N.E.3d 15, 19 (2015). However, this absolute privilege stretches only to "communications among the parties, witnesses, counsel, and the court . . . ." S & P Pharmacy Corp. v. Syed, 238 A.D.3d 1188, 1190, 235 N.Y.S.3d 628, 631 (2025). Statements made outside that context are not privileged. Id.

Here, Defendants allege that Plaintiffs made the false statements to KSD employees, either past or present. ECF No. 24 at ¶226. These statements are not "among the parties, witnesses, counsel, and the court" by any stretch of the imagination, and are therefore not privileged. S & P Pharmacy, 238 A.D.3d at 1190. Defendants have therefore stated a plausible claim.

**c. KSD States a Claim for Tortious Interference**

Finally, Plaintiffs argue that Defendants do not plausibly plead tortious interference. Letter Motion at 5. A claim for tortious interference requires allegations that "(a) the plaintiff had business relations with a third party; (b) the defendant interfered with those business relations; (c) the defendant acted with the sole purpose of harming the plaintiff or by using unlawful means; and (d) there was resulting injury to the business relationship." Zetes v. Stephens, 108 A.D.3d 1014, 1020, 969 N.Y.S.2d 298, 304 (2013). Here, Defendants assert that it had an "ongoing business relationship with its customers . . . as well as the current and former employees." ECF No. 24 at ¶243. Defendants further allege that Plaintiffs interfered with these relations, leading so far as to prevent Defendants from reopening one of its stores after a fire. Defendants have plausibly pled this claim as well.

Plaintiffs' motion to dismiss counterclaims should therefore be denied in its entirety.

Yours very truly,

David K. Bowles