# Exhibit B

**SHORT FORM ORDER** **INDEX NOs. 602096/2024**

**SUPREME COURT - STATE OF NEW YORK**
**IAS PART 27 - SUFFOLK COUNTY**

**MOTION DATE: 5/29/24**
**ADJ. DATE: 6/4/24**
**Mot. Seq. #01/MG 02/MD CDISPO**

**PRESENT: Hon. ROBERT F. QUINLAN**
**Supreme Court Justice**

---x

**KRISTIN SHEELER DESIGNS LLC d/b/a NIBI MTK/NIB,**

**Plaintiff,**

**-against-**

**TERESA SULLIVAN,**

**Defendant.**

---x

Bowles & Johnson PLLC
Attorneys for Plaintiff.
14 Wall Street, 20th Floor
New York, NY 10005

SAGE LEGAL LLC
Attorneys for Defendant
18211 Jamaica Avenue
Jamaica, NY 11423-2327

Upon the papers submitted (notice of motion with supporting papers, notice of cross motion with supporting papers and opposition to the cross motion) it is

ORDERED that the defendant's motion to dismiss for failure to state a cause of action is granted and the action is dismissed, and it is further

ORDERED that the cross motion is denied.

The plaintiff, Kristin Sheeler Designs LLC, doing business as NIBI-MTK or NIBI, operates three high-end fashion clothing stores on Long Island; their locations are at 88 S Euclid Ave, Montauk,, 2450 Main Street, Bridgehampton, and 126 Main Street, Westhampton Beach. In May, 2021, the plaintiff hired the defendant as a "Brand Retail Managers" which, plaintiff states, including training and confidential information in the style and aesthetic of the brand, design and manufacturing details, pricing strategy, and floor-set mixes for the locations. As part of the hiring, the defendant executed, on May 30, 2021, a "General Agreement and Release." The Agreement contained three clear restrictive covenants, a CONFIDENTIALITY, NON-DISCLOSURE, NON-RECRUIT, NON-COMPETE and NON-SOLICITATION. On May 29, 2023, the parties entered into a separation agreement. Thereafter, the defendant started to work at a J.McLaughlin store in Bridgehampton, which is two doors down from the plaintiff's location in Bridgehampton and is selling designs and styles that the plaintiff claims to have made. Plaintiff commenced this action sounding in breach of contract and seeking injunctive relief. The defendant has moved to dismiss the action pursuant to CPLR 3211(a)(7) for failure to state a cause of action. The plaintiff has cross moved for injunctive relief.

"On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint,

accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory or cause of action. "Where a party offers evidentiary proof on a motion pursuant to CPLR 3211(a)(7), and such proof is considered but the motion has not been converted to one for summary judgment, the criterion is whether the proponent of the pleading has a cause of action, not whether the proponent has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it ... dismissal should not eventuate" (Marinelli v. Sullivan Papain Block McGrath & Cannavo, P.C., 205 A.D.3d 714, 715–716, 169 N.Y.S.3d 90 [internal quotation marks omitted])." Statement Services Corp. v. Lerock Construction, LP, 222 A.D.3d 1026,1027 [2nd Dept. 2023])(cites omitted).

The focus of the motions are the enforcement of the restrict covenant, which duration is two years and geographic prohibition extends forty mile radius. " Restrictive covenants will be enforced when the intention of the parties is clear and the limitation is reasonable and not offensive to public policy." (Chambers v. Old Stone Hill Rd. Assoc., 1 N.Y.3d 424, 431 [2004]). As the Appellate Division recently noted " employment agreements, as "the element of good will, or its transfer, is not involved and since there are powerful considerations of public policy which militate against sanctioning the loss of a [person's] livelihood, the courts have generally displayed a much stricter attitude with respect to covenants of this type". In the context of employment agreements, the Court of Appeals holds that a covenant not to compete is reasonable only if it: "(1) is no greater than is required for the protection of the legitimate interest of the employer, (2) does not impose undue hardship on the employee, and (3) is not injurious to the public" (Twitchell Tech. Prods., LLC v. Mechoshade Sys., LLC, -- AD3d -, 2024 NY Slip Op 01744, *3 [2nd Dept March 27, 2024] (internal quotation marks and citation omitted)). Here, the length and area make the restrictive covenant unreasonable (see Long Island Minimally Invasive Surgery, P.C. v. St. John's Episcopal Hosp.,164 A.D.3d 575 [2nd Dept. 2018]). The area would prohibit work on Long Island which is too extensive, as there is no basis to hold that sales in Nassau County would harm the plaintiff. Moreover, the Court must note that public policy exists prohibiting any restrictive covenant, as established by a statute passed by the New York State Legislature last year ( see Senate Bill S3100A). Although the law was vetoed, the reason given by the governor was that there should be an exception for high-end earners (https://www.nytimes.com/2023/12/22/nyregion/kathy-hochul-veto-noncompete.html). The defendant would not appear to be within the ambit of high earners (id.). Consequently, the provisions of the agreement restricting the defendant from working will not be enforced. Therefore, the motion to dismiss the complaint must be granted and the action is dismissed.

The foregoing constitutes the decision and order of the Court.

Dated: June 5, 2024

Hon. ROBERT F. QUINLAN, J..S.C.

_____ **FINAL DISPOSITION** __X__ **NON-FINAL DISPOSITION**