Bowles&Johnson

October 6, 2026

**VIA ECF**

Hon. Steven L. Tiscione
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re: Goncalves, et al. v. Kristin Sheeler Designs, LLC, et al., No. 2:25-cv-04264-GRB-ST Letter Motion to Quash Third Party Subpoenas**

Dear Judge Tiscione:

Defendants Kristin Sheeler Designs LLC ("KSD"), Kristin Sheeler ("Sheeler"), and James "Jim" Brinnen ("Brinnen," and collectively, "Defendants") respectfully submit this letter motion pursuant to Section III(A) of the Court's Individual Rules to quash the subpoenas issued by Plaintiffs Teresa Goncalves ("Goncalves") and Dina Ketcham ("Ketcham," and together with Goncalves, "Plaintiffs") pursuant to Rule 45 of the Federal Rules of Civil Procedure. The subpoenas are over-broad, subject the recipients to undue burden, and fail to provide a reasonable time to comply. As per the Courts rules, we attempted to meet and confer with opposing counsel before bringing this motion, but he was unavailable to do so, thereby necessitating the motion.

Plaintiffs' complaint, filed on July 31, 2025, asserts collective and class action claims against Defendants under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). ECF No. 1 (the "Complaint"). However, no motion to certify either the FLSA collective or the NYLL class was ever filed and the March 5, 2026 deadline to join new parties or amend pleadings has long passed. ECF No. 17. The Plaintiffs allege only on their own behalf that Defendants failed to pay them overtime compensation.[1] Plaintiffs also allege certain additional violations of the NYLL: (i) failure to pay overtime, (ii) failure to pay all wages and wage supplements owed, (iii) failure to provide Notices of Pay Rate, and (iv) failure to furnish accurate wage statements. The Complaint makes clear that Goncalves was employed by KSD from May 2021 to April 2023, and Ketcham was employed from September 2022 to December 31, 2024. ECF No. 1, ¶¶12-13. Thus there are no employee records related to either Plaintiffs' employment by KSD prior to May 2021, or after 2024, and the time records of employees other

[1] The Court dismissed Plaintiffs' FLSA minimum wage claim and recognized that the Second Circuit does not recognize a FLSA claim for gap time. ECF No. 25 at 25:15-22 (citing Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 (2d Cir. 2013)).

David K. Bowles
T: 212-390-8842
F: 866-844-8305
David@BoJo.law
14 Wall Street, 20th Floor
New York, NY 10005
www.BoJo.law

than Plaintiffs are irrelevant to this matter. Plaintiffs' request for time records of outside of that period or for employees other than Goncalves or Ketcham creates an undue burden.

On September 15, 2026, Plaintiffs served copies of third-party subpoenas directed to Clover Network, LLC and Lightspeed Commerce Inc. (the "September Subpoenas") on Defendants via email, at which time Plaintiffs represented that the September Subpoenas would be sent for service the following day. True and correct copies of the September Subpoenas are annexed hereto as Exhibit A and B. The September Subpoenas demand certain records related to all of KSD's employees during the "Relevant Period" beginning July 31, 2019 and continuing through the present, and require production to be made on October 8, 2026.

On October 2, 2026, Plaintiffs served a copy of a revised third-party subpoena directed to Lightspeed Commerce Inc. (the "October Subpoena," and together with the September Subpoenas, the "Subpoenas") on Defendants via email, and indicated that the October Subpoena would be sent for service the following day. A true and correct copy of the October Subpoena is annexed hereto as Exhibit C. The October Subpoena appears to change the definition of "Subject Merchant," but otherwise conforms to the September Subpoena directed to Lightspeed Commerce Inc. The October Subpoena also requires production to be made on October 8, 2026.

Subpoenas issued under Rule 45 are limited in scope in accordance with Rule 26(b)(1). Bhatt v. Lalit Patel Physician P.C., No. 18-CV-2063-ILG-SJB, 2020 WL 13048694, at *1 (E.D.N.Y. Oct. 19, 2020). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26. It is clear that courts may quash subpoenas seeking clearly irrelevant matter. Bhatt, 2020 WL 13048694, at *1. Here, Plaintiffs seek documents related to *all* of KSD's employees, notwithstanding the fact that only two such persons are parties to this litigation. Exs. A, B, and C at Request Nos. 2-29. Plaintiffs also seek information related to the period of time from July 31, 2019 through the present, even though neither Plaintiff was employed by KSD prior to May 2021, or after 2024. Exs. A, B, and C at Schedule A, #3; ECF No. 1, ¶¶12-13. The Subpoenas seek matter that is not relevant to either Plaintiff's claims, any of Defendants' defenses, and is disproportionate to the needs of this case. Defendants therefore respectfully request the Subpoenas be quashed as outside of the scope of Rule 26(b)(1).

Rule 45 subpoenas directed at nonparties are also subject to limits that require a court quash or modify any such subpoena that fails to allow a reasonable time to comply, or subjects the recipient to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i) and (iv). With regard to what constitutes a reasonable time to reply, federal courts have held compliance periods of nine days or less to be unreasonable. Bouchard Transp. Co. v. Associated Elec. & Gas Ins. Servs. Ltd., No. 15 CIV. 6586 PAC, 2015 WL 6741852, at *2 (S.D.N.Y. Nov. 4, 2015)(A five day compliance period is unreasonable); Brown v. Hendler, No. 09 CIV. 4486 RLE, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011)(Finding nine days to be unreasonable, and noting that federal courts have found compliance times of seven and eight days to be unreasonable). Here, the October Subpoena was allegedly sent for service on October 3, 2026, and requires compliance on October

8, 2026. This is unreasonable and warrants the quashing of the October Subpoena. Bouchard Transp. Co., 2015 WL 6741852, at *2.

As to Rule 45(d)(3)(A)(iv), "courts assess whether a subpoena presents an undue burden by weigh[ing] the burden to the subpoenaed party against the value of the information to the serving party and by evaluating that information's relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Bhatt, 2020 WL 13048694, at *2 (internal citations omitted). As discussed above, this case was originally styled as a collective/class action, but Plaintiffs have done nothing in the last fifteen months to certify the collective or class. Information requested as to employees who are not parties to this case is unnecessary and irrelevant, and the depth of the information requested, including audit logs and identification of data not held by the recipient of the Subpoena(s), is grossly burdensome. Moreover, the time period covered is far beyond the time period relevant to Plaintiffs' employment by KSD. The Subpoenas therefore create an undue burden on the recipients and are properly quashed for this additional reason.

As detailed above, the Subpoenas improperly seek irrelevant information outside the scope of Rule 26(b)(1), and are properly quashed under Rule 45 as imposing an undue burden, and in the case of the October Subpoena, for failing to allow a reasonable compliance period. Defendants therefore respectfully ask the Court for an order quashing the Subpoenas.

Yours very truly,

David K. Bowles