# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

October 22, 2026

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Steven L. Tiscione, U.S.M.J.
100 Federal Plaza, Courtroom 910
Central Islip, NY 11722-4438

Re: **Goncalves, *et ano.* v. Kristin Sheeler Designs, LLC, *et al.***
**Case No.: 2:25-cv-4264 (GRB) (ST)**
**Letter Response in Opposition to Defendants' Motion to Quash**

Dear Judge Tiscione:

This firm represents the Plaintiffs in the above-referenced case. Pursuant to Rule III(A) of the Court's Individual Practice Rules, Plaintiffs respectfully oppose Defendants' letter motion to quash Plaintiffs' nonparty subpoenas to Clover Network, LLC ("Clover") and Lightspeed Commerce Inc. ("Lightspeed"). See ECF Docket Entry ("ECF") 38. To the extent this response is outside the five-business-day period, Plaintiffs respectfully request that the Court consider it pursuant to Rule 6 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), because the undersigned was out of the country through October 13, 2026, as Defendants knew when they filed, and the hearing on the motion was adjourned on consent to October 23, 2026. See ECF 38 at 1; ECF 39; see also Fed. R. Civ. P. 6(b)(1)(B).

Defendants lack standing. "In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." See Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975). "A party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden." See Universitas Educ., LLC v. Nova Grp., Inc., No. 11-CV-1590 (LTS) (HBP), 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013). Any claimed right "must be personal to the movant, not to the non-party witness on whom the subpoena was served." See United States ex rel. Ortiz v. Mount Sinai Hosp., 169 F. Supp. 3d 538, 545 (S.D.N.Y. 2016) (citation omitted). Defendants assert no privilege and no personal right. They argue only relevance, proportionality, and the burden on the recipients. See ECF 38 at 2-3. Lightspeed, represented by its own in-house counsel, has not moved to quash. The motion should be denied on this basis alone.

The records sought are relevant and proportional. Defendants themselves put the integrity of their electronic time records at issue. They plead that "KSD maintained automated systems that recorded each clock in and clock out," that Plaintiff Teresa Goncalves ("Goncalves") "used her special access to the timekeeping systems to manipulate and inflate her time records," that her clock errors were corrected by Defendant Brinnen, and that Defendants "complied with all recordkeeping requirements of the FLSA." ECF 24 ¶¶ 161, 178, 181-83. Their witnesses then confirmed that Lightspeed (and its predecessor, ShopKeep) was the exclusive system used to track employee time for payroll, and that Clover integrates with Lightspeed. See Declaration of Emanuel Kataev, Esq. ("Kataev Decl.") ¶ 3, Exhibit ("Ex.") A at 75:8-17.

Defendant Kristin Sheeler ("Sheeler") testified that she was unaware of any ability to edit time entries, yet conceded that Defendant James "Jim" Brinnen ("Brinnen") would "clock her out and change the hours," and that she was not aware of "any audit trail or any other documents showing the hours clocked in versus the hours edited." Kataev Decl. ¶ 4, Ex. B at 53:22-54:23.

Brinnen admitted that he had the ability to, and did, edit employees' time entries, "especially with the two plaintiffs." Kataev Decl. ¶ 3, Ex. A at 81:5-22. Defendants' own production consists of a clock-in/clock-out report and a spreadsheet titled "Payroll Hours/Corrected from Lightspeed clock." Kataev Decl. ¶ 4, Ex. B at 180:14-182:10. Only the native data and audit logs held by Lightspeed and Clover can show what was originally recorded, what was changed, by whom, and when. That is the core dispute in an overtime case, because the employer bears the statutory duty to keep accurate records, and where its records are "inaccurate or inadequate," the burden shifts to the employer. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946); see also 29 U.S.C. § 211(c); N.Y. Lab. Law § 195(4).

Defendants' scope objections fare no better. The Complaint is pled on behalf of Plaintiffs and all others similarly situated, ECF 1, and those allegations remain in the case; Defendants have never moved to strike them. Apart from class issues, how Defendants edited other employees' time is probative of whether the edits to Plaintiffs' time reflected a policy or practice, of willfulness for purposes of liquidated damages and the FLSA's three-year limitations period, and of the credibility of Brinnen's testimony that he gave employees "the benefit of the doubt." Kataev Decl. ¶ 3, Ex. A at 83:7-18. The Relevant Period, which begins July 31, 2019, tracks the six-year limitations period of N.Y. Lab. Law § 198(3), measured from the July 31, 2025 filing of the Complaint. Even under the factors in Defendants' own authority, *Bhatt* v. Lalit Patel Physician P.C., No. 18-CV-2063, 2020 WL 13048694 (E.D.N.Y. Oct. 19, 2020), the need for the source data is acute, the requests are described with particularity, and the information is available from no other source.

There is also no undue burden. Defendants cannot assert a nonparty's burden. See Universitas, 2013 WL 57892, at *5. In any event, the subpoenas reach only records within each recipient's possession, custody, or control, do not require the creation of new information, and permit redaction of sensitive identifiers. See ECF 38-3, Sched. A ¶ 1; Sched. B ¶¶ 8, 10. Exporting existing data from a commercial database is an ordinary task. If the Court has any concern about scope, the remedy is to modify the subpoenas, not to quash them. See Fed. R. Civ. P. 45(d)(3)(A).

Accordingly, Plaintiffs respectfully request that the Court deny Defendants' motion in its entirety, direct that Clover and Lightspeed comply with the October 14, 2026 subpoenas, and, because the nonparties' compliance date falls one day before the October 31, 2026 close of fact discovery, extend fact discovery solely for the purpose of completing nonparty production.

Plaintiffs thank the Court for its continued time and attention to this case.

Dated: Jamaica, New York
October 22, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
By: _/s/ Emanuel Kataev, Esq._
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Teresa Goncalves and Dina Ketcham*

**VIA ECF**
All counsel of record