**Sage Legal LLC**

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

November 4, 2026

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Gary R. Brown, U.S.D.J.
100 Federal Plaza, Courtroom 940
Central Islip, NY 11722-9014

***Re:*** **Goncalves, *et ano.* v. Kristin Sheeler Designs, LLC, *et al.***
**Case No.: 2:25-cv-4264 (GRB) (ST)**
**Plaintiffs' Letter Motion for Relief Under Fed. R. Civ. P. 41**

Dear Judge Brown:

This office represents Plaintiffs Teresa Goncalves ("Goncalves") and Dina Ketcham ("Ketcham") (collectively, the "Plaintiffs") in the above-referenced action. Plaintiffs write concerning Defendant and Counterclaim-Plaintiff Kristin Sheeler Designs, LLC's ("KSD") October 5, 2026 Notice of Voluntary Dismissal Without Prejudice of its three counterclaims (ECF Docket Entry 37), and the Court's resultant October 6, 2026 Order Dismissing Parties.

As required under Rule 41 of the Federal Rules of Civil Procedure (hereinafter referred to as the "Rules" or "Rule"), KSD should be put to a choice: either stipulate to dismiss the counterclaims *with* prejudice and reimburse Plaintiffs for the reasonable attorneys' fees and costs unnecessarily incurred in opposing them, or insist on a dismissal without prejudice and face Plaintiffs' application for fees and sanctions. See Fed. R. Civ. P. 41(a)(2), 41(c), and 41(d); see also Colombrito v. Kelly, 764 F.2d 122, 133–34 (2d Cir. 1985); Horowitz v. 148 S. Emerson Assocs. LLC, 888 F.3d 13, 25 (2d Cir. 2018). Absent agreement, Plaintiffs respectfully request leave to proceed with that application.

**Relevant Procedural History**

On July 14, 2026, Defendants filed their Answer and Counter-Complaint (ECF Docket Entry 24), in which KSD asserted state-law counterclaims for conversion, defamation, and tortious interference with business relations. On August 14, 2026, after securing an extension of time to do so, Plaintiffs filed a letter motion for a pre-motion conference seeking dismissal under Rules 12(b)(1) and 12(b)(6) (ECF Docket Entry 34), explaining the absence of supplemental jurisdiction and the facial defects in each claim. Counsel also served Rule 11 safe-harbor notice.

Rather than withdraw, KSD defended the counterclaims in its September 2, 2026 opposition (ECF Docket Entry 36). Only after Plaintiffs had devoted substantial time and expense – and after their Rule 11 safe harbor notice – did KSD, on October 5, 2026, file its notice of voluntary dismissal, purporting to dismiss all counterclaims without prejudice under Rules 41(a)(1)(A)(i) and 41(c). On October 6, 2026, the Court dismissed the counterclaim without addressing fees or KSD's ability to reassert the same claims.

**Legal Standard**

Rule 41(c) makes Rules 41(a)(1) and (a)(2) applicable to counterclaims; a unilateral notice is available only before a responsive pleading is served or evidence is introduced. See Fed. R. Civ. P. 41(c). Thereafter, dismissal requires a court order "on terms that the court considers proper." See Fed. R. Civ. P. 41(a)(2); see also Paysys Int'l, Inc. v. Atos IT Servs. Ltd., 901 F.3d 105, 108 (2d Cir. 2018). "Fee awards are often made when a plaintiff dismisses a suit without prejudice under Rule 41(a)(2)." See Colombrito, 764 F.2d at 133 (emphasis in original).

Their purpose is to reimburse litigation costs in view of the risk the same suit will be refiled. Id. When dismissal is with prejudice, fees are "almost never" awarded absent independent statutory authority. Id. at 133–34. Separately, Rule 41(d) authorizes an award of all or part of the costs of a previously dismissed action—and, in this Circuit, those "costs" may include attorneys' fees, without a finding of bad faith—when the same claim is later refiled. See Fed. R. Civ. P. 41(d); see also Horowitz, 888 F.3d at 23, 25. Critically, voluntary dismissal does not strip the Court of jurisdiction over collateral sanctions. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395–98 (1990); see also Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 333–34, 336–37 (2d Cir. 1999) (§ 1927 and inherent-power sanctions require clear evidence of bad faith).

**Argument**

**I. The Court's Authority Under Rule 41**

Although this Court has already acted on Defendants' notice of voluntary dismissal, it may clarify or modify the terms of dismissal to avoid prejudice, including by converting the dismissal to one with prejudice or by imposing Rule 41(a)(2) conditions via Rule 41(c). See Fed. R. Civ. P. 41(a)(2), 41(c); see also Paysys, 901 F.3d at 108. Plaintiffs submit that Defendants were required to voluntarily dismiss the claims by stipulation rather than notice. But even a procedurally effective without-prejudice dismissal notice leaves intact Colombrito's fee rationale, Rule 41(d)'s protection against duplicative expense, and collateral sanctions jurisdiction. See Cooter & Gell, 496 U.S. at 395–98.

**II. Dismissal Without Prejudice Is Inadequate; Fees Should Condition Any Refiling.**

Dismissal without prejudice creates precisely the relitigation risk Colombrito identified. Plaintiffs already incurred substantial fees preparing the pre-motion letter, Rule 11 correspondence, and analysis of their letter response in opposition to Plaintiffs' letter motion for a pre-motion conference in anticipation of their motion to dismiss, including preparation for a hearing, only to have KSD abandon the claims on the eve of the conference while preserving the option to refile. A with-prejudice stipulation would eliminate that risk and, under Colombrito, ordinarily foreclose a fee award for the dismissal itself. See 764 F.2d at 133–34. If KSD refuses, Plaintiffs request that any without-prejudice disposition expressly condition refiling on payment of Plaintiffs' reasonable fees and costs attributable to the counterclaims, consistent with Rule 41(a)(2) and Rule 41(d). See Horowitz, 888 F.3d at 25.

## III. The Counterclaims Were Baseless—and Retaliatory—on the Merits.

Plaintiffs' letter motion for a pre-motion conference contains a showing that remains unrebutted in substance. The counterclaims are permissive state-law claims that do not share a common nucleus with Plaintiffs' wage-and-hour claims such that supplemental jurisdiction should have been declined. See Jones v. Ford Motor Credit Co., 358 F.3d 205, 213–14 (2d Cir. 2004). Each claim independently failed Rule 8: conversion without identified property or unauthorized dominion; defamation without the words, audience, or Rule 9(g) special damages, and with absolute privilege for statements in the Complaint; and tortious interference without any specific third-party relationship, wrongful means, or causation, capped by an unsupported $840,000.00 demand tied to a store fire. Continued prosecution after Docket Entries 34 and 36, and after Rule 11 notice, was particularly unjustified.

Further, baseless counterclaims against FLSA plaintiffs are a recognized form of retaliation because of their in terrorem effect. See 29 U.S.C. § 215(a)(3); N.Y. Lab. Law § 215; see also Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 472–73 (S.D.N.Y. 2008); Kim v. Lee, No. 22-61, 2023 WL 2317248, at *2–3 (2d Cir. Mar. 2, 2023) (summary order) (frivolous counterclaims can dissuade a reasonable worker from pursuing FLSA rights). Plaintiffs' proposed amended pleading alleges retaliation consistent with that authority. The without-prejudice dismissal should not erase either the fee consequences of forcing Plaintiffs to litigate those claims or the retaliatory character of having filed them.

## IV. Section 1927, and Inherent Power.

Plaintiffs served Rule 11 safe-harbor letters on August 18 and September 15, 2026. Rule 11(c)(2) requires that a sanctions motion be served under Rule 5 and not filed if the challenged paper is withdrawn or appropriately corrected within twenty-one (21) days after service of the motion. A warning letter is not itself the motion. Because the counterclaims were withdrawn by what Plaintiffs submit is a defective notice of voluntary dismissal before any Rule 11 motion was filed, Plaintiffs recognize that a formal Rule 11 application is constrained by the safe-harbor mechanism. Plaintiffs instead proceed in under Rule 41's fee and conditioning authorities, 28 U.S.C. § 1927, and the Court's inherent power upon a showing of bad faith. See Schlaifer Nance, 194 F.3d at 336–37. Defendants should not be permitted to use a last-minute without-prejudice dismissal to avoid scrutiny of their conduct.

## Relief Requested

Accordingly, Plaintiffs respectfully request that the Court: (1) direct the parties to meet and confer within seven (7) days regarding a stipulation dismissing KSD's counterclaims with prejudice and providing for reimbursement of Plaintiffs' reasonable attorneys' fees and costs incurred in opposing those counterclaims; (2) if no agreement is reached, either (a) convert the dismissal effectuated after notice of voluntary dismissal to a dismissal with prejudice, or (b) condition any without-prejudice dismissal / any later refiling on payment of those fees and costs under Rules 41(a)(2), 41(c), and 41(d); and (3) set a short schedule for Plaintiffs' fee application and any application under § 1927 or the Court's inherent power. Plaintiffs thank the Court for its time and attention to this matter.

Dated: Jamaica, New York
November 4, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

By: */s/ Emanuel Kataev, Esq.*

Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Teresa Goncalves and Dina Ketcham*

**VIA ECF**
All counsel of record