# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

November 4, 2026

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Steven L. Tiscione, U.S.M.J.
100 Federal Plaza, Courtroom 910
Central Islip, NY 11722-4438

***Re:*** **Goncalves, *et ano.* v. Kristin Sheeler Designs, LLC, *et al.***
**Case No.: 2:25-cv-4264 (GRB) (ST)**
**Letter Response in Opposition to Defendants' Motion to Compel**

Dear Judge Tiscione:

This firm represents the Plaintiffs in the above-referenced case. Pursuant to Rule III(A) of the Court's Individual Practice Rules (hereinafter the "Individual Rules"), Plaintiffs Teresa Goncalves (hereinafter "Goncalves") and Dina Ketcham (hereinafter "Ketcham") respectfully oppose the October 28, 2026 letter motion of Defendants Kristin Sheeler Designs, LLC, Kristin Sheeler, and James "Jim" Brinnen (collectively, "Defendants") to compel compliance with this Court's October 23, 2026 Order (hereinafter the "Order") and for fees. See ECF Docket Entry ("ECF") 42; ECF 41. The motion should be denied in its entirety.

First, Defendants once again failed to meet-and-confer. The Individual Rules require a good faith effort to resolve disputes, "including discussion either by telephone or in person, **before** making a motion," and provide that the failure to do so, "or to include a certification of such efforts consistent with [Rule] 37(a)(1), will result in the denial of the motion." See Individual Rule III(A); see also Local Civil Rule 26.4(a); Fed. R. Civ. P. 37(a)(1). "'Confer' means to meet, in person or by telephone, and make a genuine effort to resolve the dispute," and a "mere conclusory statement" that the movant has done so is insufficient. See U.S. Bancorp Equip. Fin., Inc. v. Babylon Transit, Inc., 270 F.R.D. 136, 140 (E.D.N.Y. 2010) (quoting Big Apple Pyrotechnics v. Sparktacular Inc., No. 05 Civ. 9994, 2006 WL 587331, at *1 (S.D.N.Y. Mar. 8, 2006), and citing Prescient Partners, L.P. v. Fieldcrest Cannon, Inc., No. 96 Civ. 7590, 1998 WL 67672, at *2 (S.D.N.Y. Feb. 18, 1998)). Defendants' letter contains no certification at all, conclusory or otherwise. See ECF 42. Their entire effort consists of three emails, sent on a Sunday, a Tuesday, and a Wednesday morning, without a single telephone call. See ECF 42-3. The last email was sent at 11:05 a.m. on October 28, 2026, and Defendants filed this motion roughly two hours later. See id.; ECF 42. Under the Individual Rules, the motion must be denied on this basis alone.

Second, there is nothing to compel, and Rule 37(a) is the wrong vehicle. Rule 37(a) authorizes a motion to compel disclosure or a discovery response, not an order directing a party to "comply" with a prior order that modified third-party subpoenas. See Fed. R. Civ. P. 37(a)(3). Sanctions for disobeying a discovery order lie under Rule 37(b), which requires "a clearly articulated order of the court requiring specified discovery." See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir. 1991); see also id. at 1366; Fed. R. Civ. P. 37(b)(2).

This Court's October 23, 2026 Order provides, in its entirety, that "Defendants' Motion to Quash [38] is granted in part and denied in part. Plaintiffs' subpoenas shall be limited to the records of only the named Plaintiffs, not other employees." ECF 41. It modified the subpoenas by its own force. See Fed. R. Civ. P. 45(d)(3)(A). It does not direct Plaintiffs to send any letter, to copy Defendants on anything, or to act by any date—and Defendants identify no such directive in the Order. Defendants' request for "compliance" therefore seeks relief the Order does not support. Plaintiffs have never disputed that the subpoenas reach only their own records.

Third, and in any event, the harm Defendants feared never occurred, and the motion is therefore moot. Defendants worried that the nonparties "may well comply before being informed of the Court's limitation." ECF 42 at 1. Neither has. Clover Network, LLC ("Clover"), through its parent Fiserv, acknowledged the subpoena on October 23, 2026 and advised that a response "may take up to 60 days (or more)." Lightspeed Commerce Inc. ("Lightspeed"), which refused to accept service of a new subpoena by email, has also not yet responded. No nonparty has produced any records to Plaintiffs—so there is nothing to produce or turn over. Notwithstanding, Plaintiffs emailed written notice of the Order to Fiserv (legalpapers@fiserv.com) and to Lightspeed (legal@lightspeedhq.com), with Defendants copied, expressly limiting every request to the records of Goncalves and Ketcham only, attaching the Order and the Complaint, and copying Defendants' counsel. Any subpoena response from Lightspeed and/or Clover will be so limited. Defendants therefore have everything they asked for, and they have suffered no prejudice.

Finally, no expenses should be awarded. Expenses are unavailable where "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," where "the opposing party's nondisclosure, response, or objection was substantially justified," or where "other circumstances make an award of expenses unjust." See Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii); see also Fed. R. Civ. P. 37(b)(2)(C). All three exceptions apply. Defendants never picked up the phone, filed roughly two (2) hours after their last email, cite no rule or authority for fees, nor suffered no prejudice because no nonparty produced a single record beyond the scope of the Order, and because Plaintiffs' position that the Order itself required no further letter was substantially justified. See ECF 42; ECF 42-3; ECF 41. A single telephone call, or a text message (which counsel between the parties had previously exchanged) may very well have resolved this dispute without motion practice, especially as your undersigned was preparing for trial in an unrelated action pending before the Supreme Court of the State of New York, Nassau County, in which jury selection was scheduled to proceed on October 27, 2026.

Accordingly, Plaintiffs respectfully request that the Court deny Defendants' motion in its entirety, including the request for fees, together with such other and further relief as this Court deems just, equitable, and proper.

Plaintiffs thank the Court for its time and attention to this case.

Dated: Jamaica, New York
November 4, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
By: *<u>/s/ Emanuel Kataev, Esq.</u>*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Teresa Goncalves and*
*Dina Ketcham*

**<u>VIA ECF</u>**
All counsel of record