Bowles&Johnson

November 9, 2026

**VIA ECF**

Hon. Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re: <u>Goncalves, et al. v. Kristin Sheeler Designs, LLC, et al.</u>, No. 2:25-cv-04264-GRB-ST Plaintiffs' Procedurally Improper Letter Motion (Dkt. 43)**

Dear Judge Brown:

Defendants Kristin Sheeler Designs LLC, Kristin Sheeler, and James "Jim" Brinnen (collectively, "Defendants") write with regard to Plaintiffs' Letter Motion for Relief Under Fed. R. Civ. P. 41 (Dkt. 43), filed in contravention of the Court's Individual Practice Rules and the Individual Practice Rules of Magistrate Judge Steven L. Tiscione. Specifically, Plaintiffs' letter motion is procedurally improper because it is a non-dispositive motion made to Your Honor rather than Magistrate Judge Tiscione, Plaintiffs made no effort to meet and confer prior to filing the letter motion, and the letter motion contains no certification of compliance consistent with FRCP 37(a)(1).

Pursuant to Rule II(f)(1) of the Court's Individual Practices, all non-dispositive motions and applications are to be made to the Magistrate Judge in accordance with that Magistrate Judge's individual rules. Further, Rule II(f)(1) of the Court's Practice Rules and Rule III.A. of Magistrate Judge Tiscione's Practice Rules require the parties to make a good faith effort to meet and confer prior to the filing of any non-dispositive motion. The failure to meet and confer, or to include certification of compliance with the meet and confer requirement consistent with FRCP 37(1)(1), may (under Rule II(f)(1)) or will (under Rule III.A. of Magistrate Judge Tiscione's Practice Rules) result in denial of the motion. Here, Plaintiffs made no effort to meet and confer with Defendants prior to filing the letter motion, and failed to include the requisite certification. Plaintiffs also failed to make the motion to Magistrate Judge Tiscione.

Upon receipt of the letter motion, Defendants' counsel notified Plaintiffs' counsel of these defects by email, demanding that Plaintiffs withdraw the motion, satisfy the meet and confer requirement, and in the event the motion is refiled, properly file it to the attention of the Magistrate Judge. Plaintiffs declined to withdraw the motion, stating that they would meet and confer and then supplement the letter motion. Defendants' counsel offered 3:00 p.m. on November 6, 2026, and requested additional availability from Plaintiffs' counsel if that day and time was not acceptable. A true and correct copy of the email exchange between counsels is

David K. Bowles

T: 212-390-8842
F: 866-844-8305
David@BoJo.law

14 Wall Street, 20th Floor
New York, NY 10005
www.BoJo.law

annexed hereto as Exhibit A. As of the filing of this letter, Plaintiffs' counsel has not responded to the email, and the parties have not met and conferred.

Defendants therefore request the Court reject the improper letter motion with leave to refile to the attention of the Magistrate after first satisfying the meet and confer requirement.

Thank you for your attention to these matters.

Yours very truly,

David K. Bowles