**Sage Legal LLC**

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

November 9, 2026

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Steven L. Tiscione, U.S.M.J.
100 Federal Plaza, Courtroom 910
Central Islip, NY 11722-4438

***Re:*** **Goncalves, *et ano.* v. Kristin Sheeler Designs, LLC, *et al.***
**Case No.: 2:25-cv-4264 (GRB) (ST)**
**Plaintiffs' Letter Motion for Leave to Amend the Complaint**

Dear Judge Tiscione:

This office represents Plaintiffs Teresa Goncalves ("Goncalves") and Dina Ketcham ("Ketcham") (collectively, the "Plaintiffs") in the above-referenced case. Pursuant to Rules 15(a)(2) and 16(b)(4) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), Local Civil Rules ("LCR") 7.1(e) and 15.1, Rule II(f)(1)(b) of Judge Brown's Individual Practice Rules (referring motions to amend pleadings to the Magistrate Judge), and Rule III.A of this Court's Individual Practice Rules, Plaintiffs respectfully move for leave to file the proposed First Amended Complaint ("FAC"). The proposed FAC is attached as Exhibit A (clean) and Exhibit B (redline comparison to the operative Complaint, ECF Docket Entry 1), as required by LCR 15.1(a).

Meet and Confer. Consistent with Judge Brown's Individual Rule II(f)(1) and LCR 37.3(a), Plaintiffs' counsel will confer with Defendants' counsel regarding this application before filing. Plaintiffs requested Defendants' availability to meet-and-confer on November 4, 2026. The parties met-and-conferred for approximately ten (10) minutes on November 9, 2026 at 3:30 PM. Defendants object and oppose for a number of reasons, including without limitation, untimeliness, prejudice because they intend to seek summary judgment on the claims in the operative complaint, and futility. Plaintiffs responded that they meet the good cause standard under Rule 16 since the additional claims arise from evidence adduced in discovery and that no further discovery is necessary from Plaintiffs on the additional claims, offered an appropriate extension of time for Defendants to move for summary judgment as to all the claims (including the new ones), and submitted that the allegations give rise to a claim for relief.

## I. Leave Should Be Freely Given Under Rule 15(a)(2) and Foman.

Rule 15(a)(2) directs that leave to amend be "freely give[n] when justice so requires." See Foman v. Davis, 371 U.S. 178, 182 (1962); see also United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 28 (2d Cir. 2016). Absent undue delay, bad faith, undue prejudice, or futility, leave should be granted. See Foman, 371 U.S. at 182. Mere delay, without bad faith or prejudice, is not enough. See Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

No undue prejudice. The FAC does not add parties (so Rules 20 and 21 are not implicated) and arises from the same payroll, hours, commission, tax-withholding, and wage-reporting practices already at issue.

Defendants have long possessed the payroll, timekeeping, W-2/1099, and related records; depositions of both Plaintiffs and of Sheeler and Brinnen have proceeded, which was the impetus behind the instant application.

Not futile. The FAC states all original claims pled in addition to a cause of action under 26 U.S.C. § 7434 for willful filing of fraudulent information returns. Relation back under Rule 15(c)(1)(B) is appropriate because the new claims arise out of the same conduct set out in the original pleading.

**II. Good Cause Exists Under Rule 16(b)(4) and Parker.**

The scheduling Order set March 5, 2026 as the deadline to amend pleadings (ECF Docket Entry 17). Because that deadline has passed, Plaintiffs must show "good cause," which turns primarily on diligence. See Parker v. Columbia Pictures Indus., 204 F.3d 326, 339-40 (2d Cir. 2000). Good cause exists. The original Complaint already alleged unpaid overtime, off-the-clock work, failure to remit deducted payroll taxes, and retaliation against Ketcham. After the amendment deadline—through document discovery, Plaintiffs' depositions (August 18 and 27, 2026), Defendants' depositions (September 2026), review of SSA/IRS/employment-reporting records, and damages analyses of employer time and payroll data—Plaintiffs particularized the tax-reporting fraud theory. A § 7434 claim depends on the filing of a fraudulent information return, not merely a failure to remit taxes, Katzman v. Essex Waterfront Owners LLC, 660 F.3d 565, 568-69 (2d Cir. 2011), and could not reasonably have been pled with the required specificity before that investigation. Plaintiffs seek amendment now that discovery has shown concrete evidence of the existence of this cause of action.

Accordingly, Plaintiffs respectfully request that the Court grant leave to file the proposed FAC (Exhibits A and B), and that Plaintiffs be directed to file the FAC within seven (7) days of the Order, per Local Civil Rule 15.1(b).

Plaintiffs thank the Court for its time and attention to this case.

Dated: Jamaica, New York
November 9, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
By: */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Teresa Goncalves and Dina Ketcham*

**VIA ECF**
All counsel of record

Word Count Certification: Exclusive of caption, signature block, and this certification, this letter-motion contains fewer than 698 words and does not exceed three (3) pages, exclusive of attachments, in compliance with Magistrate Judge Tiscione's Individual Practice Rule III.A.

/s/ Emanuel Kataev, Esq.