Bowles&Johnson

November 11, 2026

**VIA ECF**

Hon. Steven L. Tiscione
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re: Goncalves, et al. v. Kristin Sheeler Designs, LLC, et al., No. 2:25-cv-04264-GRB-ST**
**Opposition to Motion for Attorneys' Fees Sanction**

Dear Judge Tiscione:

Plaintiffs Teresa Goncalves ("Goncalves") and Dina Ketcham ("Ketcham") (together "Plaintiffs") have filed a letter motion for attorneys' fees against Defendant Kristin Sheeler Designs LLC ("KSD"). The demand is unprecedented and meritless, and the Court should summarily reject it.

**Background**

Plaintiffs have sued KSD, Kristin Sheeler, and James "Jim" Brinnen (collectively, "Defendants") on a purported class and collective action, asserting Federal Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims that are, themselves, baseless – a fact that will soon be demonstrated by Defendants' summary judgment motion. Plaintiffs have litigated the matter in the most obstreperous manner possible, causing the need for multiple motions by Defendants even to compel compliance with the Court's orders. S*ee, e.g.*, Dkt. 42, 45. It has been an expensive process.

KSD asserted counterclaims against Plaintiffs on July 14, 2026. Dkt. 24. The counterclaims included conversion (by abuse of an employee discount policy), defamation (by making false representations to employees and customers, supported by a decrease in revenue and trouble in hiring), and tortious interference with business relations with the same employees. Dkt. 24 at ¶¶227-247. The counterclaims are reasonable, and even obvious.

On September 15, 2026, KSD received a Rule 11 safe harbor letter, attached as Exhibit A. The letter demanded withdrawal of KSD's counterclaims. Id. As per Rule 11, Plaintiffs provided KSD twenty-one days to withdraw the pleading. The deadline was therefore October 6, 2026.

On October 5, 2026, Plaintiffs withdrew the counterclaims. Dkt. 37. Plaintiffs did so for purely economic reasons, given doubts about collectability from these Plaintiffs and the overall expense of the case. Further, given the upcoming motion for summary judgment by Defendants,


T: 212-390-8842
F: 866-844-8305
David@BoJo.law
14 Wall Street, 20th Floor
New York, NY 10005
www.BoJo.law

Defendants wished to simplify the case in hopes of a full dismissal of all claims. Critically, Plaintiffs withdrew the counterclaims before the expiration of the safe harbor period.

KSD's withdrawal was also pursuant to Rule 41(a)(1)(A)(i), which allows a party to withdraw claims as of right by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41. Here, the docket shows that Plaintiffs have served neither an answer nor a motion for summary judgment. Accordingly, KSD withdrew the counterclaims as of right. The Court so ordered the withdrawal without conditions on October 6, 2026. A copy of the order is attached hereto as Exhibit B.

**Legal Standard**

Plaintiffs cite to no cases or authority whatsoever that supports sanctions when a party has voluntarily withdrawn a pleading under Rule 4(a)(1)(A)(i), or when a pleading is withdrawn with a Rule 11 safe harbor period, much less both. Plaintiffs cite to Colombrito v. Kelly, 764 F.2d 122, 127 (2d Cir. 1985), which involves a party that tried to dismiss a pleading *during trial* under Rule 41(a)(2). Subsection (a)(2) applies to pleadings dismissed later, after evidentiary hearings or motions for summary judgment have been filed. Id. Plaintiffs also cite to Horowitz v. 148 S. Emerson Assocs. LLC, 888 F.3d 13, 23 (2d Cir. 2018), which involved a second complaint on the same facts, and thus was under Rule 41(d). Neither situation is implicated here, where KSD withdrew the pleading as of right under Rule 4(a)(1)(A)(i).

Plaintiffs' other cases provide no better support for their extraordinary request. Paysys Int'l, Inc. v. Atos IT Servs. Ltd., 901 F.3d 105, 108 (2d Cir. 2018) involves another Rule 41(a)(2) motion, this one filed after three years of litigation. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 389, 110 S. Ct. 2447, 2452, 110 L. Ed. 2d 359 (1990) involved a case where a Rule 11 motion was made and heard prior to the attempt to withdraw the pleading.

Finally, Plaintiffs cite to Schlaifer Nance & Co. v. Est. of Warhol, 194 F.3d 323, 336 (2d Cir. 1999), which discusses the application of 28 U.S.C. § 1927, and allows the imposition of attorneys' fees against a counsel when "there is a clear showing of bad faith on the part of an attorney . . . ," noting that "bad faith may be inferred 'only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" Schlaifer Nance & Co., 194 F.3d at 336.

Plaintiffs' authorities provide no guidance here, but other precedent does. The Second Circuit has recognized that withdrawal of an offending pleading within the 21-day Rule 11 safe harbor precludes sanctions, even if otherwise warranted. Thompson v. Steinberg, No. 21-2444-CV, 2023 WL 353359, at *3 (2d Cir. Jan. 23, 2023). That opinion specifies that "a formal sanctions motion should not be filed with the court if the 'alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention.'" Thompson v. Steinberg, No. 21-2444-CV, 2023 WL 353359, at *3 (2d Cir. Jan. 23, 2023). *See also* Pittman v. Pandora Media, LLC, No. 25-CV-5006 (ALC), 2026 WL 686006, at *2 (S.D.N.Y. Mar. 11, 2026) (no sanctions where pleading withdrawn within safe harbor).

The Second Circuit has also held that "[w]ith regard to the Rule 41 dismissal, a plaintiff who has not been served with an answer or motion for summary judgment has an 'unfettered right voluntarily and unilaterally to dismiss an action.'" Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F.3d 110, 114 (2d Cir. 2009).

Argument

Here, Plaintiffs' application for sanctions fails in every particular, and is itself frivolous. KSD voluntarily withdrew the counterclaims within the limits of Rule 41(a)(1)(A)(i) – which is to say before any answer or motion for summary judgment. KSD had an "unfettered right to do so." Wolters Kluwer Fin. Servs., 564 F.3d at 114. KSD also withdraw the pleading within the 21-day Rule 11 safe harbor provision. This precludes sanctions. Thompson, 2023 WL 353359, at *3.

Nor have Plaintiffs made anything like the clear showing of bad faith on the part of KSD's counsel that would allow § 1927 sanctions. Schlaifer Nance, 194 F.3d at 336. In fact, Plaintiffs make no showing at all of bad faith. At best, they argue that the Court lacked supplemental jurisdiction over the claims, and they would have been dismissed on their motion. Letter at Section III. KSD disagrees, but even if true, this falls far short of a clear showing that the pleading was brought by counsel in bad faith.

Plaintiffs asked KSD to withdraw the counterclaims; KSD has done so. The fact that KSD did so to simplify the case, and therefore to reduce costs, and for economic reasons such as collectability, does not change the fact that KSD withdrew the claims as requested, within the safe harbor period, and in accordance with the applicable rules. Respectfully, Plaintiffs' application for sanctions should be denied.

Yours very truly,

David K. Bowles