# Exhibit A

**Sage Legal LLC**

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

September 15, 2026

**VIA CERTIFIED MAIL & EMAIL**
Bowles & Johnson PLLC
Attn: David Kay Bowles, Esq.
14 Wall Street, 20th Floor
New York, NY 10005
david@bojo.law

***Re:*** **Goncalves, *et ano*. v. Kristin Sheeler Designs, LLC, *et al.***
**Case No.: 2:25-cv-04264 (GRB) (ST)**

Mr. Bowles:

This letter shall serve as notice, under Rule 11 of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule") of Plaintiffs' anticipated motion for sanctions in order to provide you with twenty-one (21) days to withdraw the Defendants' counterclaims on the grounds that they are frivolous and without any basis in law on pain of being sanctioned for filing a frivolous counterclaim.

**RULE 11 SAFE HARBOR INFORMATION**

"Pursuant to Rule 11, and in accordance with well-established Second Circuit precedent, attorneys have an affirmative obligation to conduct 'a reasonable inquiry into the viability of a pleading' before it is filed with the court. […]. A 'reasonable inquiry' requires an attorney to ensure that the pleading or filing: (1) was not presented for an 'improper purpose;' (2) is premised upon current law or a 'good faith argument for the extension, modification or reversal of existing law,' […]; *and* (3) contains factual allegations that are not 'utterly lacking in [evidentiary] support.'" See Kingvision Pay-Per-View Ltd. v. Ramierez, 2005 U.S. Dist. LEXIS 15015, at *3-4 (S.D.N.Y. July 28, 2005) (emphasis in original) (internal citations omitted).

In the Defendants' answer to the Plaintiffs' complaint, they assert counterclaims for conversion, defamation, and tortious interference. See Docket Entry 24 ¶¶ 227-247.

**A. Defendants Do Not Plausibly Plead Conversion**

A conversion claimant must plausibly allege a possessory right in identified property and the defendant's unauthorized dominion over that property to the exclusion of the claimant's rights. See Colavito v. New York Organ Donor Network, Inc., 8 N.Y.3d 43, 49-50 (2006). Access or control, without exclusion of the owner, is insufficient. See Superb Motors Inc. v. Deo, 776 F. Supp. 3d 21, 84-85 (E.D.N.Y. 2025) (Wicks, J.). Money is convertible only when it is specifically identifiable, rather than a generalized category of corporate funds. Id.

As to Ketcham, Defendants alleges that she "removed clothing" and "abused the employee discount policy," but identifies no item, date, transaction, quantity, or circumstances of any alleged taking. See ECF Docket Entry 24 ¶¶ 207-12, 228-30. The assertion that inventory deficiencies were a convenient excuse for taking clothing is expressly made on information and belief, without supporting facts. Id. ¶ 210.[1] The discount theory fails for the additional reason that, on Defendants' own pleading, the merchandise was purchased. Id. ¶¶ 208, 228. Defendants do not allege that they retained title or an immediate superior possessory right after any sale. An alleged violation of an internal discount policy does not itself plead conversion of Defendants' property.

The allegations against Goncalves are equally conclusory. Defendants acknowledge that Goncalves was authorized to take register cash for store incidentals, then alleges that unidentified cash envelopes were sometimes short by up to $100.00 and, on information and belief, that she took more than $5,000.00. Id. ¶¶ 185-87. The claim identifies no transaction, date, register, amount, account, batch of receipts, or segregated fund, and pleads no facts connecting any reconciliation discrepancy to Goncalves. The ensuing allegation that she "removed money" simply restates the element of unauthorized dominion in a conclusory manner. Id. ¶¶ 231-35. Finally, Defendants' assertion that each Plaintiff converted property worth more than $5,000.00 is unsupported by any calculation or identified property. Id. ¶¶ 236-37. A damages label cannot supply the missing facts establishing Defendants' possessory right, each Plaintiff's distinct act of dominion, or identifiable property. The conversion counterclaim should therefore be dismissed.

### B. Defendants Do Not Plausibly Plead Defamation

A defamation claim requires a false statement of fact, publication to a third party without privilege, fault, and either special harm or defamation per se. See Restis v. American Coalition Against Nuclear Iran, Inc., 53 F. Supp. 3d 705, 716 (S.D.N.Y. 2014). Even under Rule 8, the claimant must identify the challenged statements and their context. Id. at n.6. Defendants instead alleges only that, "[o]n information and belief," Plaintiffs published unidentified "mischaracterizations, misrepresentations, and fabrications" to unidentified current and former employees. See ECF Docket Entry 24 ¶ 239.

Defendants do not allege the words used, whether they were oral or written, when or where they were made, who spoke, who heard them, or how any particular statement was false. It also improperly groups both Plaintiffs together, without attributing any publication to either plaintiff. Without the words and context, the Court cannot determine falsity, defamatory meaning, fact versus opinion, fault, or privilege. Labels such as "fabrications" do not cure those omissions.

---

[1] In the Second Circuit, "conclusory pleadings 'on information and belief' are inadequate as a matter of law" to survive a motion to dismiss under Rule 12(b)(6). See Lesavoy v. Lane, 304 F. Supp. 2d 520, 527 (S.D.N.Y. 2004); see also Singa v. Corizon Health, Inc., No. 17-CV-4482 (BMC), 2018 WL 324884, at *4 (E.D.N.Y. Jan. 8, 2018) (alleging something "'upon information and belief'" does not suffice to allege a fact under Iqbal and Twombly unless the pleading party can point to some facts that make the allegations more than pure speculation") (internal citation omitted).

Moreover, to the extent the claim rests on allegations made in the Complaint – as Defendants expressly alleges elsewhere – those statements are absolutely privileged because they were made in the course of a judicial proceeding and are pertinent to Plaintiffs' wage claims. Id. ¶¶ 223-25; see also Front, Inc. v. Khalil, 24 N.Y.3d 713, 718-20 (2015). Defendants' vague allegation that unspecified matters were later "repeated" outside the litigation does not identify an actionable, unprivileged republication by either Plaintiff. Critically, this case was filed as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), which permits the Plaintiffs to join collectively to challenge their employers' failure to pay wages. Given the congressional intent behind the FLSA's broad remedial purposes, any statements made by the Plaintiffs to other employees are further protected by the absolute litigation privilege on that ground.

Defendants also plead no special damages with the specificity required by Rule 9(g). They identify no lost hire, customer, transaction, or revenue amount caused by a particular publication, alleging only "difficulty" rehiring and a "decrease in revenue." See ECF Docket Entry 24 ¶¶ 240-41. And without the alleged words used, Defendants cannot show that any statement fits a *per se* defamation category. See Coleman v. Grand, 158 F.4th 132, 138-40 (2d Cir. 2025). The defamation counterclaim should therefore be dismissed.

### C. Defendants Do Not Plausibly Plead Tortious Interference

Tortious interference with business relations requires a specific business relationship with a third party, intentional interference, wrongful means or a sole purpose to harm, and injury caused by the interference. See Katz v. Travelers, 241 F. Supp. 3d 397, 404 (E.D.N.Y. 2017). The alleged wrongful conduct must be directed at the third party, not merely at the claimant. See Carvel Corp. v. Noonan, 3 N.Y.3d 182, 190-92 (2004).

Defendants identify no particular customer, employee, prospective hire, transaction, or concrete business expectancy. They refer generically to relationships with store customers and "current and former employees" and assert, in formulaic terms, that Plaintiffs knew of and interfered with those relationships. See ECF Docket Entry 24 ¶¶ 243-45. They do not identify what either Plaintiff said or did to any third party, when either of them did it, which relationship was affected, or facts supporting intent, wrongful means, or a sole purpose to injure Defendants.

The allegation that unspecified conduct during employment created a "toxic environment" that drove away unidentified customers and employees is a conclusion, not a factual account of independently wrongful conduct directed at a third party. Id. ¶ 245. Defendants also fail to allege that any identified third party would have entered or continued a relationship with Defendants but for either Plaintiff's conduct. Nor does the unexplained $840,000.00 demand establish causation. Defendants alleges that the Westhampton store did not reopen after an October 25, 2024 fire, but plead no facts showing that either Plaintiff caused the reopening decision or that the claimed revenue flowed from interference with any identified relationship. Id. ¶¶ 216, 246-47. The intervening fire underscores the missing causal allegations. The tortious interference counterclaim should therefore be dismissed.

As such, dismissal of the counterclaims for failure to state a claim upon which relief can be granted is warranted. Moreover, the pursuit of palpably retaliatory counterclaims serve no purpose other than to engage in vexatious litigation. Accordingly, they must be withdrawn; absent same, Plaintiffs will move for dismissal and shall seek attorneys' fees and costs for the Defendants' frivolous conduct.

Courts have imposed monetary sanctions on litigants who take **inconsistent legal and factual** positions to **delay** the proceedings. See, e.g., Universitas Educ., LLC v. Nova Grp., Inc., 2016 U.S. Dist. LEXIS 72268, at *8-18 (S.D.N.Y. Mar. 31, 2016). Here, the Defendants have taken inconsistent factual and legal positions which are unnecessarily delaying these proceedings. There is no factual or legal basis for your counterclaims based on the absolute litigation privilege and because there is no evidence that they stole anything. As to your claims of tortious interference, there is no basis for them because the conduct you attribute to them is based on their protected activity under both the FLSA and the National Labor Relations Act.

As a result, the Defendants will be appropriately sanctioned for forcing Plaintiffs to incur substantial fees and costs in requiring them to defend against baseless counterclaims which have no basis in fact or law.

## CONCLUSION

If Plaintiffs are forced to file a Rule 11 motion, the sanctions they intend to seek dismissal of the counterclaims and an Order directing the Defendants to pay Plaintiffs' attorneys' fees for defending themselves in this case which includes all time expended by Plaintiffs' counsel. Accordingly, Plaintiffs demand that the Defendants withdraw their meritless counterclaims, within twenty-one (21) days, i.e., by Wednesday, October 7, 2026, to avoid the necessity of filing a Rule 12 and/or Rule 11 motion seeking dismissal of the counterclaims together with sanctions and attorneys' fees. If the Defendants' counterclaims are not withdrawn within twenty-one (21) days, Plaintiffs will file a motion seeking dismissal and for sanctions pursuant to Rules 12 and 11.

Dated: Jamaica, New York
September 15, 2026

Guide yourselves accordingly,

**SAGE LEGAL LLC**
By: */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Teresa Goncalves,*
*Dina Ketcham,*
*and all others similarly situated*