Bowles&Johnson

November 14, 2026

**VIA ECF**

Hon. Steven L. Tiscione
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re: Goncalves, et al. v. Kristin Sheeler Designs, LLC, et al., No. 2:25-cv-04264-GRB-ST**
**Opposition to Late Motion to Amend Complaint**

Dear Judge Tiscione:

Plaintiffs Teresa Goncalves and Dina Ketcham (collectively, "Plaintiffs") have filed a very belated letter motion to amend the complaint. Dkt. 47. Defendants Kristin Sheeler Designs LLC ("KSD"), Kristin Sheeler, and James Brinnen (collectively, "Defendants") oppose Plaintiffs' application. Plaintiffs are attempting to *double* the number of claims now before the Court, after discovery has closed, on the eve of summary judgment, and far beyond the deadline for amendment of claims. Plaintiffs fail to show good cause.

## Background

Plaintiffs filed the complaint in this matter on July 31, 2025. Dkt. 1. The complaint had five claims: one Fair Labor Standards Act ("FLSA") claim and four New York Labor Law ("NYLL") claims, all of which alleged failure to pay compensation due and failure to issue required notices to KSD's employees. Dkt. 1 ¶¶99-139. These claims required only limited discovery on hours logged, payments made, notices conveyed, and similar evidence.

On December 10, 2025, the Court issued the scheduling order in this matter. Dkt. 17. It set March 5, 2026 as the deadline to move to amend pleadings. Id. That deadline has never been extended.

On January 23, 2026, counsel for Plaintiffs informed counsel for Defendants by email that he intended to amend to add a 26 U.S.C. § 7434 claim; he had made the same assertion prior to that date by telephone. I attach a copy of the January 23, 2026 email as Exhibit A hereto (captioned "cause of action under 26 U.S.C. § 7434(a)"). Five months later, on June 30, 2026, the Court (Brown, J.) held a hearing on Defendants' pre-motion letter request to dismiss the complaint. Dkt. 25.

> I think it also is worth mentioning, Your Honor, that these plaintiffs here, they don't have their W- 2s. Their taxes were not properly reported to the federal and state government, so their Social Security earnings are not accurately reflected, even though they worked. There is a cause of action for that under the law, which

David K. Bowles
T: 212-390-8842
F: 866-844-8305
David@BoJo.law
14 Wall Street, 20th Floor
New York, NY 10005
www.BoJo.law

> I shared with the defendants, and to the extent the Court finds that the allegations are insufficient, I want to advise the Court that we will be including this new cause of action …
> THE COURT: This is a claim you're intending to amend with? Is that what you're suggesting?
> MR. KATAEV: Yes, Your Honor.
> THE COURT: Counsel said to me two minutes ago that you are two weeks away from the close of discovery. He's right. Time is of the essence.

Dkt. 25 at 14:15-15:17. Despite the Court's admonition, Plaintiffs did not move to amend the complaint at that time.

On August 31, 2026, Plaintiffs sought an extension of time to complete discovery and to engage in dispositive motions, due to other pressing concerns. Dkt. 35. The Court granted the motion, and extended the deadline to end discovery to October 31, 2026, and the deadline to move for summary judgment to November 15, 2026. *See* Exhibit B.

Defendants have briefed their pre-motion letter request for summary judgment on all claims, and that filing is due *tomorrow*, November 15, 2026. The Court has set a hearing on this motion to amend for December 4, 2026, and Defendants' summary judgment motion will have been filed for nearly three weeks by the time this motion to amend has been heard.

**Standard of Law**

Plaintiffs suggest that the liberal standard of Rule 15 applies to this motion, but that is incorrect: since Plaintiffs waited until after the deadline to amend the complaint had passed, Rule 16 applies. "The period of 'liberal' amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted. It is still possible for the plaintiff to amend the complaint after such a deadline, but the plaintiff may do so only upon a showing of the 'good cause' that is required to modify a scheduling order under Rule 16(b)(4)." Sacerdote v. New York Univ., 9 F.4th 95, 115 (2d Cir. 2021). *See also* Lee v. Delta Airlines, Inc., 2023 WL 9184679, at *4 (E.D.N.Y. Mar. 14, 2023), report and recommendation adopted sub nom., 2024 WL 1230263 (E.D.N.Y. Mar. 22, 2024), aff'd, 2025 WL 1375326 (2d Cir. May 13, 2025) (applying Rule 16 after scheduling order deadline passed). Here, the deadline to move to amend passed on March 5, 2026. Dkt. 17. Therefore Rule 16, not Rule 15, applies, and Plaintiffs must show good cause.

A party "fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." Lee, 2023 WL 9184679, at *6. "Simply put, good cause and diligence under Rule 16 do not turn on when a plaintiff first becomes *motivated* to amend and/or add a party, but rather when that plaintiff learns of facts that form the basis for her new claims." Ahmed v. Astoria Bank, 2015 WL 4394072, at *3 (E.D.N.Y. July 16, 2015) (emphasis in original) (since party was aware of the facts prior to the amendment deadline, they did not show good cause); Essani v. Earley, 2018 WL 3785109, at *7 (E.D.N.Y.

Aug. 9, 2018), report and recommendation adopted, 2018 WL 4100483 (E.D.N.Y. Aug. 28, 2018) (no good cause where aware of facts before deadline passed).

Courts also consider prejudice to the parties under the Rule 16 analysis. Where a motion is made after close of discovery, and discovery would have to be reopened, it is considered prejudice. Ahmed, 2015 WL 4394072, at *3. Courts have found that "[w]aiting until the eve of summary judgment practice to file the motion to amend" constitutes bad faith. Presbyterian Church Of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 267 (2d Cir. 2009).

**Argument**

Here, the record shows that Plaintiffs' counsel was aware of his 26 U.S.C. § 7434 claim by no later than January 23, 2026. Ex. A. This was well before the March 5, 2026 deadline to amend. Dkt. 17. Plaintiffs' counsel expounded on this § 7434 theory before the Court on June 30, 2026, at which time the Court informed him that as to amendment, "time is of the essence." Dkt. 25 at 14:15-15:17. Nonetheless, Plaintiffs did not move to amend until more than eight months after the deadline, and nearly four months after the admonition. Since Plaintiffs knew of the facts prior to the deadline, they cannot show good cause. Lee, 2023 WL 9184679, at *6.

An examination of the proposed amendment confirms that Plaintiffs knew of all the necessary facts well in advance of the motion to amend, and in advance of the March 5, 2026 deadline as well. The new facts alleged were within the knowledge of the Plaintiffs before the original complaint was filed, such as purportedly requiring Ketcham to perform managerial duties, or events surrounding her alleged discharge from KSD's employ. Dkt. 47-2 at ¶¶44-47. Other allegations relate to the § 7434 claim (id. at ¶¶52, 53, 56, 59-64), again facts within the knowledge of Plaintiffs at the time of the original complaint, much less the amendment deadline. And once more, Plaintiffs' counsel was certainly aware of these facts by the date of his January 23, 2026 email. Ex. A. Plaintiffs could have met the deadline on the motion to amend because they knew the facts at the time; there is no excuse for waiting until eight months later to move to amend. Plaintiffs do not show good cause. Lee, 2023 WL 9184679, at *6.

Further, Defendants would be prejudiced by allowing this amendment. As noted above, discovery closed on October 31, 2026. Ex. B. Summary judgment will be fully briefed by tomorrow, November 15, 2026. Amendment of the pleadings after the end of discovery is prejudice. Ahmed, 2015 WL 4394072, at *3. Waiting until summary judgment is briefed is bad faith. Presbyterian Church Of Sudan, 582 F.3d at 267. The five new claims would require a reopening of discovery, new written demands, and new depositions, not to mention a new summary judgment motion. Plaintiffs have not shown good cause, Defendants would be prejudiced, and Defendants respectfully request that the Court deny their motion.

Yours very truly,

David K. Bowles