# Exhibit A

**Subject: FW: Goncalves & Ketcham - cause of action under 26 U.S.C. § 7434(a)**

From: Emanuel Kataev - To: david@bojo.law - Cc: maggie@bojo.law - Date: January 23, 2026 at 9:46 AM

FYI

**From:** Emanuel Kataev
**Sent:** Thursday, January 22, 2026 3:21 PM
**To:** Elena Paraskevas-Thadani <ept@eptlegal.com>
**Cc:** David Bowles <david@bojo.law> <david@bojo.law>
**Subject:** Re: Goncalves & Ketcham - cause of action under 26 U.S.C. § 7434(a)

**II. Fraudulent Filing of Information Returns**

Section 7434 provides a private cause of action for individuals harmed by the filing of a fraudulent information return. 26 U.S.C. § 7434(a). It provides: "If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." *Id.* Defendants contend that Section 7434 was not intended to impose liability for submitting an amount less than an individual's wages, rather the statute was intended to impose liability for over-reporting of wages that results in *additional* tax liability. Mot. 26–27. Plaintiff argues that regardless of whether the amount paid to plaintiff is under-reported or over-reported, the central issue in deciding whether plaintiff has stated a claim under Section 7434 is whether defendants intentionally submitted a fraudulent information return that listed an inaccurate amount of wage payments made to plaintiff. Opp'n 21–23. The Court agrees.

To state a claim under Section 7434, plaintiff must allege that "(1) the defendant issued an information return; (2) the information return was fraudulent; and (3) the defendant willfully issued the fraudulent information return." *Sarr v. VEP Assocs. LLC*, No. 22-cv-04386, 2024 WL 1251600, at *5 (E.D.N.Y. Mar. 25, 2024).

A Section 7434 claim can only be brought "where there is a falsehood made to the IRS with respect to payments made to the plaintiff bringing the action." *Pacheco v. Chickpea at 14th St. Inc.*, No. 18-cv-06907, 2019 WL 2292641, at *4 (S.D.N.Y. May 30, 2019), *report and recommendation adopted*, 2019 WL 3749318, at *2 (Aug. 8, 2019). "Information return" means any statement described in section 26 U.S.C. § 6724(d)(1)(A), which includes "any statement of the amount of payments to another person" with respect to income tax withheld. *Id.* at *3. This includes a Form 1099 which is used to report payments to non-employee independent contractors. *See, e.g.*, *Browning v. Ceva Freight, LLC*, 885 F. Supp. 2d 590, 594 (E.D.N.Y. 2012).

In *Katzman v. Essex Waterfront Owners*, LLC, the Second Circuit assessed what is required to state a claim for relief under Section 7434. 660 F.3d 565 (2d Cir. 2011). The Court focused on the plain text of the statute while acknowledging its legislative history. The Court held the private right of action created by Section 7434 applies only if a person *willfully files* a fraudulent information return. *Id.* at 568 ("[A]n allegation that a person intentionally failed to file a required information return does not state a claim under [Section] 7434"). Further, the Court reasoned that this conclusion is consistent with the "overall statutory scheme," in that 26 U.S.C. § 6721(a)(2)(A) of the Internal Revenue Code ("IRC") establishes penalties for failure to file an information return and 26 U.S.C. § 6722 of the IRC establishes penalties for failure to furnish payee statements. *Id.* at 569 ("These provisions, however, do not create a private right of action. It is therefore apparent that Congress knows how to distinguish between the failure to file an information return and the willful filing of a fraudulent information return."). Therefore, the central question is whether an information return was actually

submitted, and if so, was it fraudulent.

By the plain text of the statute, plaintiff has plausibly alleged a claim. Specifically, plaintiff alleges that (1) defendant issued an information return, a Form 1099; SAC ¶ 54, (2) the information contained in the 1099 was fraudulent, in that it inaccurately stated the wages earned, and (3) defendant intentionally issued the fraudulent information return; SAC ¶ 54. Nevertheless, defendants argue that this is inadequate to state a claim for relief because the fraudulent information submitted to the IRS reported that plaintiff was paid less, rather than more, income.

Defendants rely on *Pacheco v. Chickpea 14th St. Inc.* to support the proposition that Section 7434 is applicable only in scenarios involving alleged over-reporting of plaintiff's wages that result in additional tax liability. 2019 WL 3749318, at *1 (S.D.N.Y. Aug. 8, 2019). However, defendants' reliance on *Pacheco* is misplaced and conflates under-reporting of payments with the failure to report payments altogether. *Pacheco* concerned an outright failure to submit an information return, rather than submitting fraudulent, inaccurate information regarding a particular plaintiff's wages. *Id.* at *2. There, defendants reported the wages of some, but not all, of their employees. One of the employees for which they omitted income was plaintiff. The Court found that omitting the full amount of one employee from a Form 941 was equivalent to failure to submit a tax form, which is not actionable under the IRC. *Id.*; *see also Francisco v. NYTex Care, Inc.*, No. 19-cv-04606, 2019 WL 6716634, at *2, *4 (E.D.N.Y. Dec. 10, 2019).

Here, defendants are alleged to have affirmatively submitted an information return as to plaintiff, and that information return contained inaccurate, fraudulent information. Specifically, plaintiff alleges Prime defendants and Marathon submitted a Form 1099 in 2021 that only reflected the $721 that plaintiff was paid by check, and defendants intentionally omitted the payments made in cash. *See Cano v. Tremson Recycling LLC*, No. 24-cv-01612, 2025 WL 964552, at *12 (S.D.N.Y. Mar. 14, 2025) (finding allegations that defendants knowingly submitted information returns reflecting only the wages paid to plaintiff by check and omitting those paid to him in cash were sufficient to establish a violation of Section 7434); *see also Rosario v. Fresh Smoothies LLC*, No. 20-cv-05831, 2021 WL 5847633, at *6 (S.D.N.Y., Dec. 9, 2021) (same).
Moreover, the complaint alleges that defendants intentionally misclassified plaintiff as an independent contractor to reduce their FICA tax liability. SAC ¶ 57; *see also Czerw v. Lafayette Storage & Moving Corp.,* No. 16-cv-06701, 2018 WL 5859525, at *3 (W.D.N.Y., Nov. 9, 2018) (finding that the plausibility of plaintiff's Section 7434 claim of willful fraud was bolstered by the fact that defendants misclassified plaintiff as an independent contractor instead of an employee for the entirety of his employment). Accordingly, plaintiff has plausibly alleged a violation under Section 7434 and defendants' Motion is denied.

<u>Hernandez v. Prime Structure, Inc.</u>, No. 23-CV-09487 (NCM) (LKE), 2025 WL 1786909, at *9–10 (E.D.N.Y. June 27, 2025)