Bowles&Johnson

November 15, 2026

**VIA ECF**

Hon. Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re: <u>Goncalves, et al. v. Kristin Sheeler Designs, LLC, et al.</u>, No. 2:25-cv-04264-GRB-ST**
**Request for Pre-Motion Conference re Motion for Summary Judgment**

Dear Judge Brown:

Defendants Kristin Sheeler Designs LLC ("KSD"), Kristin Sheeler ("Sheeler"), and James "Jim" Brinnen ("Brinnen") (collectively, "Defendants") respectfully submit this pre-motion letter pursuant to Section II(g) of the Court's Individual Rules to request a pre-motion conference seeking leave to file a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Plaintiffs Teresa Goncalves ("Goncalves") and Dina Ketcham ("Ketcham") (together, "Plaintiffs") filed the complaint in this matter on July 31, 2025 (the "Complaint"). Defendants' Local Rule 56.1 Statement of Undisputed Facts ("SOF") ¶1. The Complaint asserts collective and class action claims against Defendants under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). SOF ¶2. However, Plaintiffs never filed a motion to certify either the FLSA collective or the NYLL class, and the deadline to join new parties or amend pleadings has passed. SOF ¶2. Thus, the landscape of this matter is simply that Plaintiffs seek damages from Defendants based on allegations that Defendants failed to pay Plaintiffs overtime compensation in violation of the FLSA and NYLL.[1] Plaintiffs also allege certain additional violations of the NYLL: (i) failure to pay all wages and wage supplements owed, (ii) failure to provide Notices of Pay Rate, and (iii) failure to furnish accurate wage statements. SOF ¶3.

Plaintiffs' claims should all be dismissed on summary judgment. First, Goncalves' purported claim under FLSA is time barred, and the Court's exercise of supplemental jurisdiction over Goncalves' state law claims would be improper where it never had original jurisdiction over her FLSA claim. Second, Plaintiffs' claims under NYLL §195 related to notices of pay rate (Count Four) and wage statements (Count Five) must be dismissed because Defendants did provide the necessary notices and wage statements, and because in any case Plaintiffs seek only statutory

[1] The Court dismissed Plaintiffs' FLSA minimum wage claim and recognized that the Second Circuit does not recognize a FLSA claim for gap time. SOF ¶4.

David K. Bowles
T: 212-390-8842
F: 866-844-8305
David@BoJo.law
14 Wall Street, 20th Floor
New York, NY 10005
www.BoJo.law

damages, and therefore cannot satisfy Article III of the United States Constitution because Plaintiffs have no injury-in-fact. Finally, Plaintiffs' claims for failure to pay overtime wages under FLSA and NYLL (Counts 1 and 2), and for failure to pay all wages and wage supplements under NYLL (Count 3) should be dismissed for the further reason that Plaintiffs were paid for the overtime and other hours that they worked, and there is no genuine dispute of fact over this issue.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper where the movant shows that there is not a genuine dispute as to any fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. In making its determination, the Court must construe the facts in the light most favorable to the non-moving party, and resolve ambiguities and draw reasonable inferences against the movant. Riccio v. New York, 859 F. Supp. 2d 480, 484 (E.D.N.Y. 2012). A fact is material for purposes of summary judgment analysis if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A dispute about a material fact is "genuine" if its resolution could result in the return of a verdict for the non-moving party. Id. Thus, there is no genuine issue of material fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (internal quote and citation omitted).

## I. THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER GONCALVES' CLAIMS

As a preliminary matter, Goncalves' FLSA claim is time barred. Claims arising under FLSA are subject to a two-year statute of limitations, unless arising out of a willful violation, in which case the statute of limitations is three years. 29 U.S.C. §255. The applicable standard for willfulness is "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S. Ct. 1677, 1681, 100 L. Ed. 2d 115 (1988). Mere negligence or "a completely good-faith but incorrect assumption that a pay plan complied with the FLSA in all respects" is insufficient. Id. at 135. Here, as described below, Defendants have not violated the FLSA, but even assuming, *arguendo*, that they had, such actions would be the result of mere negligence or constitute an incorrect assumption that Defendants were in compliance with FLSA in all respects, and therefore a two-year statute of limitations applies to Plaintiffs' FLSA claim. 29 U.S.C. §255; McLaughlin, 486 U.S. at 135. Here, Defendants are not in violation of FLSA and any error in compliance amounts to a completely good-faith but incorrect assumption that a pay plan complied with the FLSA in all respects. SOF ¶¶7-43. The two-year statute of limitations applies to Plaintiffs' claim.

Goncalves ceased to be KSD's employee in April of 2023. SOF ¶34. Plaintiffs' complaint was filed on July 31, 2025. SOF ¶1. Thus, Goncalves' purported claim under FLSA is time barred. 29 U.S.C. §255. Further, in the absence of a federal question, Goncalves' remaining NYLL claims

should be dismissed for want of subject matter jurisdiction. While a District Court has discretion to exercise supplemental jurisdiction over state law claims following dismissal of the claim over which the Court had original jurisdiction, exercise of that discretion requires that there was a proper basis for original jurisdiction. Nowak v. Ironworkers Loc. 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996). Here, the Court never had original jurisdiction over Goncalves' FLSA claim and therefore must dismiss Goncalves' NYLL claims as well.

## II. PLAINTIFFS DO NOT HAVE ARTICLE III STANDING AS TO COUNTS 4 & 5 – NOTICES OF PAY RATE AND WAGE STATEMENTS

Plaintiffs seek statutory damages under NYLL §195 for failure to provide notices of pay rate and wage statements. Plaintiffs claim that the Court has supplemental jurisdiction over these claims. That is incorrect. The NYLL §195 claims must be dismissed because the statutory damages sought with respect to them is insufficient to meet the case-or-controversy requirement of Article III of the United States Constitution. Plaintiffs allege no injury-in-fact.

While federal courts are empowered to exercise supplemental jurisdiction over state law claims, a plaintiff must demonstrate standing for each claim she brings, and for each form of relief she seeks. Guthrie v. Rainbow Fencing Inc., 113 F.4th 300, 304 (2d Cir. 2024). Plaintiffs must therefore prove that they have Article III standing for the claims arising under NYLL §195 (Counts Four and Five). NYLL §195 requires employers to provide pay rate and wage statements, and NYLL §198 provides for statutory damages of up to an aggregate of $10,000 for violation of NYLL §195. N.Y. Lab. Law § 198. Plaintiffs seek statutory damages for Defendants' alleged violations of NYLL §195. SOF ¶3. Here, because Plaintiffs seek monetary damages following a statutory violation, they must "show a current or past harm *beyond the statutory violation itself*." Harty v. W. Point Realty, Inc., 28 F.4th 435, 443 (2d Cir. 2022) (emphasis added).

Plaintiffs allege that Defendants failed to provide any notice of pay rate upon hire, as required by the NYLL. SOF ¶3. The evidence shows that Defendants did provide such notices. SOF ¶¶44-46, Exs. A and H. Here, the evidence is undisputed that Plaintiffs were paid according to their pay rate notices. SOF ¶¶22-33, Exs. A-F; ¶¶35-43, Exs. H-N. Plaintiffs therefore cannot allege damages, and have no standing under this claim.

Plaintiffs also allege that the weekly wage statements provided by Defendants were inaccurate. SOF ¶3. The evidence shows that Defendants provided weekly, accurate pay statements to Plaintiffs. SOF ¶¶20, 47-54. Plaintiffs therefore cannot allege damages, and have no standing under this claim either.

Plaintiffs do not show or even allege a downstream harm arising from the purported violation of NYLL §195; they lack Article III standing for the claims arising thereunder. Harty, 28 F.4th at 443. The Court must necessarily dismiss Counts Four and Five because Plaintiffs have no Article III standing and the Court does not have subject matter jurisdiction over these claims.

**III. PLAINTIFFS WERE PAID FOR ALL OVERTIME AND WAGES (Claims 1, 2, and 3)**

The sole federal claim in this matter is for failure to pay overtime as required by the FLSA (Count 1). Plaintiffs also allege failure to pay overtime and wages under the NYLL (Counts 2 and 3). Both statutes require an employer to pay hours worked in excess of forty hours per week at the rate of one and one-half times the regular rate of pay. Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013). Plaintiffs' claims under both the FLSA and NYLL must be dismissed because the unrefuted evidence shows Defendants paid them for all overtime worked.

In evaluating Defendants' motion for summary judgment on claims for unpaid overtime, the Courts in the Second Circuit employ the burden-shifting framework set forth in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946), *superseded by statute on other grounds*, 29 U.S.C. § 254(a). Kuebel v. Black & Decker Inc., 643 F.3d 352, 361 (2d Cir. 2011). A plaintiff must prove that she performed overtime for which she was not properly compensated, and whether the employer has actual or constructive knowledge of the work. Id. As to the amount of uncompensated work, if the employer's records are inaccurate or inadequate, the plaintiff must only "produce[] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Kuebel, 643 F.3d at 362, *citing* Anderson, 328 U.S. at 687. It is possible for the plaintiff to meet this burden through estimates based on her own recollection. Kuebel, 643 F.3d at 362.

Defendants have produced evidence of how the timekeeping system at KSD operated, and have produced records of time kept for each Plaintiff, calculations of applicable weekly pay, and of actual payment of such pay. SOF ¶¶7-43. Defendant Brinnen, the person primarily responsible for paying KSD employees, testifies that the records were accurate and review of the records indicates that Plaintiffs were properly paid for all hours worked. SOF ¶¶22, 27, 31, 35, 40. During depositions, neither Plaintiff could identify any time or date for which they were not paid overtime, and testified that they were paid for all the time they worked and reported to KSD. SOF ¶¶29-32; 41-43. Plaintiffs can raise no genuine issue of fact supporting their claims, and they should be dismissed.

For the foregoing reasons, Defendants invoke this Court's procedure for filing a pre-motion conference letter so that they may formally move the Court for summary judgment against Plaintiffs. We look forward to discussing the issues with Your Honor at a pre-motion conference, and thoroughly briefing these issues in a Rule 56 motion.

Yours very truly,

David K. Bowles