**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TERESA GONCALVES and DINA KETCHAM, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br>*vs.*<br><br>KRISTIN SHEELER DESIGNS, LLC, KRISTIN SHEELER, and JAMES "JIM" BRINNEN,<br><br>Defendants. | No. 2:25-cv-04264-GRB-ST<br><br>**DECLARATION OF JAMES BRINNEN IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| KRISTIN SHEELER DESIGNS, LLC,<br><br>Counterclaim-Plaintiff,<br>vs.<br><br>TERESA GONCALVES and DINA KETCHAM,<br><br>Counterclaim-Defendants. | |

I, JAMES BRINNEN, declare as follows:

1. I am the spouse of Defendant Kristin Sheeler ("Sheeler"), and I regularly provide services, including managing the payroll, to Defendant Kristin Sheeler Designs, LLC ("KSD"), and did so during the times relevant to this proceeding.

2. I am primarily responsible for paying employees of KSD. In that role I review the hours worked by each employee and arrange to make payments to each employee as necessary.

**KSD's Pay Practices**

3. KSD uses a point of sale ("POS") system called Lightspeed Commerce Inc. ("Lightspeed") to track employee hours worked.

4. Using the Lightspeed system, KSD employees regularly clock in and clock out when they start and finish work.

5. The Lightspeed system then generates a weekly report, which I review and use to calculate each employee's weekly pay.

6. I do not modify the numbers Lightspeed generates per employee, except in the instances where the Lightspeed report reflects unusual time entries, such as where the employee has obviously clocked in or clocked out incorrectly, including by failing to clock out of the system, resulting in an obviously incorrect time entry, such as in excess of ten hours, or where the portion of the report applicable to an employee who regularly works five days per week reflects a lower amount of time than expected.

7. In the event of an unusual time entry, I would first check against KSD's scheduling tool to see if it shows an exception to the normal scheduling practice. If no exception is shown I would conform the time entry to the schedule and send a message to the employee with the unusual time entry to give them the opportunity to respond with additional comments or corrections.

8. As per KSD's policy, I also routinely remove one half-hour for a lunch break, unless that employee informs me that they worked during that lunch break.

9. KSD's stated policy is that employees should not be scheduled for overtime without prior approval and should not work unauthorized overtime unless unavoidable. However, when a KSD employee does work overtime hours, I calculate their extra pay for overtime at time and a half rates, and add that amount to the straight time pay. As an example, I attach a true and correct copy of an email to Plaintiff Dina Ketcham ("Ketcham") documenting a

pay period in which she worked overtime, and KSD paid her time and a half for such overtime, as Exhibit P.

10. Each week, I send a summary email to each employee showing the hours worked, along with other information. I did so during all times during which both Plaintiffs were employed. The statements accurately stated the wages, commissions (if any), and hours to the best of my knowledge and ability.

11. In the event an employee forgets to log hours into the Lightspeed system, or performs work and is unable to log those hours for some reason, that employee may email me to add the hours to the payroll. Such communication is expected from each employee and has been communicated as a responsibility for each employee if they miss logging time in Lightspeed.

**KSD's Payments to Goncalves**

12. KSD hired Plaintiff Teresa Goncalves ("Goncalves") on or about May 31, 2021. At that time I sent a new hire packet to Goncalves, setting her wages at $23 per hour plus commissions. I attach a true and correct copy of the new hire packet as Exhibit A hereto. At all times we paid Goncalves at her established rate of pay.

13. I have used the Lightspeed system to generate a report for all hours worked by Goncalves during her employment with KSD. I attach a true and correct copy of this report hereto as Exhibit B.

14. Goncalves' name when she worked at KSD was "Teresa Sullivan," and her name so appears on the report. *See* Ex. B.

15. I have also generated a spreadsheet applying Goncalves' hourly pay to her hours worked, removing half an hour daily of work to account for a lunch break, calculating her daily

gross pay, showing any withholdings, and calculating her weekly pay, including any overtime. I attach a true and correct copy of this report hereto as Exhibit C.

16. During the relevant time period, KSD used JPMorgan Chase Bank, N.A. ("Chase Bank") for purposes of paying employees.

17. I have accessed Chase Bank's website and caused it to generate reports of payments to Goncalves during her term of employment with KSD. I attach true and correct copies of these reports as Exhibits D through F.

18. For the purposes of this litigation, I have reviewed the payments made to Goncalves and compared them to KSD's calculations of the appropriate amount for each pay period. Based on my regular practice and based on that review, I conclude that KSD paid Goncalves all amounts due to her.

19. For each week of pay, I sent Goncalves a weekly wage statement, as I did with all employees. *See* Paragraph 10, *supra*. I attach a true and correct copy of an example weekly wage statement to Goncalves as Exhibit G hereto. The wage statements were accurate to the best of my knowledge and ability. Goncalves had the ability to write me back and ask that any errors be corrected.

**KSD's Payments to Ketcham**

20. KSD hired Ketcham in September 2022. At that time, I sent a new hire packet to Ketcham, setting her wages at $20 per hour. Ketcham's wages did not initially include a commission component based on expected responsibilities and assignments. I attach a true and correct copy of the new hire packet as Exhibit H hereto. At all times KSD paid Ketcham at her established rate of pay.

21. I have also used the Lightspeed system to generate a report for all hours worked by Ketcham during her employment with KSD. I attach a true and correct copy of this report hereto as Exhibit I.

22. I have also generated a spreadsheet applying Ketcham's hourly pay to her hours worked, removing half an hour daily of work to account for a lunch break, calculating her daily gross pay, showing any withholdings, and calculating her weekly pay, including any overtime. I attach a true and correct copy of this report hereto as Exhibit J.

23. I have accessed Chase Bank's website and caused it to generate reports of payments to Ketcham during her term of employment with KSD. I attach true and correct copies of these reports as Exhibits K through N.

24. For the purposes of this litigation, I have reviewed the payments made to Ketcham and compared them to KSD's calculations of the appropriate amount for each pay period. Based on my regular practice and based on that review, I conclude that KSD paid Ketcham all amounts due to her.

25. For each week of pay, I sent Ketcham a weekly wage statement, as I did with all employees. *See* Paragraph 10, *supra*. I attach a true and correct copy of an example weekly wage statement to Ketcham as Exhibit O hereto. The wage statements were accurate to the best of my knowledge and ability. Ketcham had the ability to write back to me and ask that any errors be corrected.

26. I declare under penalty of perjury that the foregoing is true and correct.

Executed on Friday, November 13, 2026.

Signed by:
James Brinnen
5D39535D0A774FB...
James Brinnen