**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TERESA GONCALVES and DINA KETCHAM, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br>*vs.*<br><br>KRISTIN SHEELER DESIGNS, LLC, KRISTIN SHEELER, and JAMES "JIM" BRINNEN,<br><br>Defendants. | No. 2:25-cv-04264-GRB-ST<br><br>**DECLARATION OF KRISTIN SHEELER IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| KRISTIN SHEELER DESIGNS, LLC,<br><br>Counterclaim-Plaintiff,<br>vs.<br><br>TERESA GONCALVES and DINA KETCHAM,<br><br>Counterclaim-Defendants. | |

I, KRISTIN SHEELER, declare as follows:

1. I am the owner and sole member of Kristin Sheeler Designs, LLC ("KSD").

2. I am primarily responsible for all designs and creative aspects of KSD's brand and lead retail store operations of KSD. In that role I provide guidance and management to retail location managers and oversee employee schedules as set by each location's retail managers as necessary.

**<u>KSD's Scheduling Practices</u>**

3. KSD uses a scheduling application called WhenIWork.com ("WhenIWork") for retail store employee scheduling.

4. Using WhenIWork, KSD retail managers set employees' weekly schedules.

5. Finalized schedules are distributed to each employee via the WhenIWork application on a weekly basis.

6. Each employee is expected to review their assigned schedule and accept it or communicate any changes to their manager as needed to ensure each schedule is aligned to employee availability and to retail location needs.

7. As part of that scheduling process, I establish scheduling guidelines for retail location managers and review their schedules with them before finalizing. Retail location managers are requested to commit to a set weekly schedule but are allowed to request occasional minor adjustments to accommodate unique needs on an every two week basis as needed. Such requests are reviewed and jointly agreed with the overarching goal being to best match retail location needs with a predictable retail manager schedule and personal needs of each retail manager.

8. As per KSD's stated scheduling policy, each manager is informed that overtime is not generally expected nor supported and to be sure that no employee, including the manager herself, is scheduled for more than forty hours in a given week. If an exceptional need arises where an employee or manager will need to work overtime, the manager is expected to communicate that need and seek approval prior to scheduling or working overtime.

9. If a manager communicates a need for overtime for herself or an employee, that need is reviewed along with scheduling alternatives prior to scheduling overtime. If overtime is approved, that approval is communicated and confirmed.

10. Plaintiff Teresa Goncalves ("Goncalves") never communicated a need for overtime, nor requested such.

11. Plaintiff Dina Ketcham ("Ketcham") requested approval to work overtime occasionally in 2023 and 2024, after receiving approval to do so from the person responsible for paying KSD employees, Defendant James Brinnen ("Brinnen").

12. Ketcham communicated the dates and hours on which she worked overtime to Brinnen, who calculated and paid Ketcham at the agreed rate of pay for the straight hours, plus time-and-a-half for overtime hours.

13. As stated above, overtime work was discouraged, but KSD paid overtime at time-and-a-half when an employee worked overtime.

**KSD's Inventory Transfer Practices**

14. KSD occasionally needs to transfer inventory between retail locations to balance inventory or shift retail goods to locations where they are more needed.

15. KSD has designated and utilizes a non-retail location employee who is considered KSD's inventory manager with various responsibilities related to inventory, including executing needed inventory item transfers.

16. KSD's inventory manager executes nearly all inter-store inventory transfers on a set schedule.

17. In the exceptionally rare case where items need to be transferred outside the set transfer schedule, a retail manager already assigned to work in the receiving location could execute the transfer.

18. To the best of my knowledge and awareness, Goncalves never executed an inventory transfer.

19. To the best of my knowledge and awareness, Ketcham executed an inventory transfer very rarely, approximately five times or fewer.

20. In these rare cases when Ketcham handled a transfer, she was instructed to report time spent executing the transfer so that time could be included in her weekly pay.

21. Ketcham had the ability to report transfer time to ensure it was known and included in weekly pay. She was to do so via email or text message to Brinnen.

22. To the best of my knowledge and awareness, Ketcham reported all time transferring items if and when such activity occurred and reported time was included in Ketcham's weekly pay.

23. KSD paid Ketcham for all time she reported worked.

24. I declare under penalty of perjury that the foregoing is true and correct.

Executed on Friday, November 13, 2026.

DocuSigned by:
Kristin Sheeler
48D5CF336EBD48B...

Kristin Sheeler