**Sage Legal LLC**

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

November 23, 2026

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Steven L. Tiscione, U.S.M.J.
100 Federal Plaza, Courtroom 910
Central Islip, NY 11722-4438

***Re:*** **Goncalves, *et ano.* v. Kristin Sheeler Designs, LLC, *et al.***
**Case No.: 2:25-cv-4264 (GRB) (ST)**
**Plaintiffs' Reply Letter in Further Support of Their Motion for Leave to Amend**

Dear Judge Tiscione:

This office represents Plaintiffs Teresa Goncalves ("Goncalves") and Dina Ketcham ("Ketcham") (collectively, the "Plaintiffs") in the above-referenced case. Pursuant to this Court's November 19, 2026 Order, Plaintiffs respectfully submit the instant reply letter in further support of their letter motion for leave to file the proposed First Amended Complaint ("FAC") (ECF Docket Entry ("ECF") 47), and in reply to Defendants' opposition (ECF 49).

Plaintiffs agree that Rule 16(b)(4) of the Federal Rules of Civil Procedure governs and that good cause turns primarily on diligence. See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007). But the question is not when counsel first articulated a 26 U.S.C. § 7434 theory; rather, it is when Plaintiffs first learned the facts that make the claim viable. See Enzymotec Ltd. v. NBTY, Inc., 754 F. Supp. 2d 527, 536-37 (E.D.N.Y. 2010) (motion within two months of facts learned in discovery). Defendants' January 2026 email and the June 30, 2026 transcript (ECF 49-1; ECF 25 at 14:15-15:17) show only that Plaintiffs' own records reflected unreported earnings that constitutes a failure to file which consequently does not state a § 7434 claim. See Katzman v. Essex Waterfront Owners LLC, 660 F.3d 565, 568-69 (2d Cir. 2011). Only Defendants could show that they affirmatively filed false information returns, and they did not do so before the March 5, 2026 deadline: written discovery was not due until March 20, 2026 (ECF 17), and their April 20, 2026 interrogatory answer said only that "remittance was noncompliant." Discovery then elicited the validity of the claim. Defendant James Brinnen (hereinafter "Brinnen"), who ran payroll, admitted that Defendants paid Plaintiffs net of withholdings and never filed quarterly Forms 941 or NYS-45 for those years, yet had their accountant prepare and file Plaintiffs' Forms W-2, while the withheld taxes went unpaid. See ECF 50-20 at 162:12-25, 163:23-164:10, 167:23-168:8, 169:24-170:8, 174:5-10. Defendant Kristin Sheeler (hereinafter "Sheeler") agreed the returns were never filed until recently. See ECF 40-3 at 117:10-118:6, 194:19-196:22. Plaintiffs moved on November 9, 2026, seven (7) weeks after the September 18 and 22, 2026 depositions, which is diligence, not delay. The other new counts rest on the same facts pled in ECF 1 ¶¶ 2-3, 49-50.

ECF 49 does not argue futility, abandoning the point. See Jackson v. Fed. Express, 766 F.3d 189, 197-98 (2d Cir. 2014). It would survive Rule 12(b)(6) anyway. See Lucente v. IBM, 310 F.3d 243, 258 (2d Cir. 2002).

Plaintiffs must allege that "(1) the defendant issued an information return; (2) the information return was fraudulent; and (3) the defendant willfully issued the fraudulent information return." See Hernandez v. Monteiro, No. 2:25-cv-6340 (OEM) (AYS), ECF 19 at 4-5 (E.D.N.Y. Oct. 16, 2026) (quoting Sarr v. VEP Assocs. LLC, 2024 WL 1251600, at *5 (E.D.N.Y. Mar. 25, 2024)). A Form W-2 is an information return, and Copy A is filed with the Social Security Administration, which shares it with the IRS. See 26 U.S.C. §§ 6724(d)(1)(A)(vii), 7434(f); see also 26 C.F.R. § 31.6051-2(a). Each W-2 reported to the government taxes withheld from Plaintiffs' wages that Defendants never reported on any Form 941 or NYS-45 and never paid over. Issuing W-2s while never filing the quarterly returns they must reconcile with establishes that Defendants filed false information returns, and doing so for years while controlling payroll makes it willful. See ECF 47-1 ¶¶ 45, 52, 59-64, 153-58.

Prejudice turns on whether the amendment would require significant additional discovery or significantly delay resolution of the dispute. See Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). The FAC adds no parties, and the new claim rests on Defendants' own testimony and records, so no further discovery is needed. Nor is summary judgment "fully briefed:" Defendants filed a pre-motion letter, with Plaintiffs' response is due December 16, 2026, and the conference is set for February 18, 2027, so all claims can be briefed together. "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." See State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981). Defendants' reliance on Presbyterian Church of Sudan is misguided as it is inapposite because it involved an attempt, on the eve of summary judgment, to reconfigure the theory of liability to cover gaps in the proof. See 453 F. Supp. 2d 633, 639, 680 (S.D.N.Y. 2006), aff'd, 582 F.3d 244, 267 (2d Cir. 2009). Defendants have only known of this claim since January 2026.

Accordingly, Plaintiffs respectfully request that the Court grant the motion for leave to amend and direct Plaintiffs to file the FAC within seven (7) days of the Court's Order. Plaintiffs thank the Court for its time and attention to this matter.

Dated: Jamaica, New York
November 23, 2026

Respectfully submitted,
**SAGE LEGAL LLC**
By: *<u>/s/ Emanuel Kataev, Esq.</u>*

Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Teresa Goncalves and Dina Ketcham*

**VIA ECF**
All counsel of record