Bowles&Johnson

November 25, 2026

**VIA ECF**

Hon. Steven L. Tiscione
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re: Goncalves, et al. v. Kristin Sheeler Designs, LLC, et al., No. 2:25-cv-04264-GRB-ST**
**Letter Motion to Strike Reply / Notification of Discovery Issues**

Dear Judge Tiscione:

We represent the Defendants in the above-captioned matter. We write the Court to respectfully request that the Court strike or disregard Plaintiffs' unauthorized reply in support of their motion for fees. We also write to notify the Court of certain apparent discovery abuses upon which Plaintiffs' counsel has been unresponsive, and which Defendants would request leave to raise during the December 4, 2026 hearing.

**Motion to Strike**

Plaintiffs have filed an unauthorized reply on their motion for fees, and Defendants respectfully request that the Court strike or disregard the reply. On November 4, 2026, Plaintiffs made a motion for attorneys' fees. Dkt. 43. On November 11, 2026, Defendants opposed Plaintiffs' motion for fees. Dkt. 48.

On November 9, 2026, Plaintiff also made a separate motion to amend the complaint. Dkt. 47. Defendants also opposed this motion. Dkt. 48.

The Court's rules do not allow for replies. *See* Individual Practices, Rule III.A. ("Replies are not permitted on letter motions"). On November 18, 2026, Plaintiffs wrote the Court and asked permission to file reply letters in support of both the motion for fees and the motion to amend. Dkt. 51. On November 19, 2026, the Court granted leave to file a reply "in further support of their motion to amend." The Court did not grant leave to file a reply in support of the separate motion for fees.

Ignoring the Court's order, Plaintiffs filed a reply in support of the motion for fees on November 23, 2026. Dkt. 52. This reply is unauthorized, and Defendants request that the Court strike or disregard the reply.

David K. Bowles
T: 212-390-8842
F: 866-844-8305
David@BoJo.law
14 Wall Street, 20th Floor
New York, NY 10005
www.BoJo.law

**Discovery Issues**

Defendants also respectfully wish to notify the Court of an issue with third-party discovery, which Defendants would suggest we should discuss with the Court during the December 4, 2026 hearing.

As the Court will recall, Defendants moved the Court to quash, at least in part, third party subpoenas to Clover Network, LLC ("Clover") and Lightspeed Commerce, Inc. ("Lightspeed") on October 6, 2026. Dkt. 38. After briefing and hearing, the Court limited the subpoenas on October 23, 2026. Dkt. 41. The limitation was to just records regarding the two individual Plaintiffs. Id.

On November 2, 2026, over a week after the Court's order, Plaintiffs apparently issued another subpoena to Lightspeed, ignoring the Court's limiting order, and demanding records on all of Defendants' employees. Exhibit A at Definition 4 (all employees information demanded); Request 3 (all employees information demanded). This subpoena was in blatant disregard of the Court's October 23, 2026 order and sent without prior notice to Defendants as required by FRCP Rule 45. Lightspeed has apparently objected, and Defendants are unaware of whether Lightspeed has produced any documents.

On November 18, 2026, Defendants were copied on an email from "Fiserv" in which the legal department of that company purported to be providing documents to Plaintiffs in response to a subpoena. Exhibit B. Defendants are unaware of any subpoena sent to a company known as Fiserv, and have no idea what documents are being provided, if any. Plaintiffs' counsel has declined to respond to multiple requests for information on what subpoenas they have issued without our knowledge and without complying with FRCP Rule 45, or what documents have been produced.

Discovery closed on October 31, 2026. Dkt. 49-2. Defendants moved for summary judgment on all claims on November 15, 2026. Dkt. 50. Defendants would be prejudiced by any use of documents late obtained, or documents obtained in violation of the Court's orders. If Plaintiffs have indeed obtained documents in violation of the applicable rules or Court orders, Defendants will seek to exclude them from use in this proceeding.

We would respectfully suggest that this issue be added to the list of issues to be discussed during the hearing on December 4, 2026, at noon.

Yours very truly,

David K. Bowles